UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

HICHAM AZKOUR,

*Plaintiff,*

v.

BOWERY RESIDENTS COMMITTEE, INC., LAWRENCE a/k/a MUZZY ROSENBLATT, JANET FORTE, KEVIN MARTIN, TEREEN LLEWELYN-MILLER, ANGELA KEDZIOR, JOHN DOE 1-5, AND JANE DOE 1-5,

*Defendants.*

<u>Civil Action No. 13-CV-5878 -TPG</u>

<u>Filed and Served pursuant to Local Civil Rule 5.2</u>

---

PLAINTIFF'S OBJECTION TO DEFENDANTS' REQUEST TO DISMISS COMPLAINT AND IMPOSE SANCTIONS

---

HICHAM AZKOUR, pro se
93 Pitt Street, Apt. 3B
New York, New York 10002

Email: hicham.azkour@gmail.com

1

On or about December 11, 2013, the defendants ("Defendants"), through and by their counsel, submitted an Answer to Plaintiff's Complaint. *See* Docket Entry No. 14. In this Answer, except in five (5) instances, Defendants deny the allegations or deny knowledge or information sufficient to form a belief as to the truth thereof. *Id.* at ¶¶ 24-26, 99-100. Morover, Defendants move the Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* at ¶ 258. Defendants contend that Plaintiff failed to state a claim upon which relief may be granted by this Court. Furthermore, in their Answer, they articulate seven (7) Affirmative Defenses. *Id.* at ¶¶ 258-264.

Before addressing Defendants' Affirmative Defenses and their "Motion to Dismiss", the Court should note that Defendants, notwithstanding the fact that they were served with this Court's Order dated November 8, 2013 and that such Order is *clear and unambiguous*, *see* Docket Entry No. 8, and requires them to *first* provide Plaintiff with the identities of John Does 1-5 and Jane Does 1-5, Defendants rather chose to answer and moved the Court for the unwarranted dismissal of his Complaint, which they already knew it should be amended. Therefore, Plaintiff respectfully requests that the Court strike Defendants pleading, as prescribed by Rule 12(f) of the

Federal Rules of Civil Procedure, and Order counsel for Defendants to timely and fully cooperate with Plaintiff as to the unnamed defendants' identities, before the expiration of the sixty (60) days, so that he may amend his Complaint.

In addition to this evidence of non-compliance, Defendants' pleading, even though it appears to be drafted by a licensed attorney, does not serve *judicial economy* or *efficiency*. It indubitably, purposefully tends, in light of the aformentioned Court Order, to be immaterial, impertinent, redundant, and, above all, articulates *imminently insufficient* defenses. These affirmative defenses constitute an express manifestation of Defendants' ominous acts of a continuing pattern of retaliation. To wit, although Defendants deny retaliatory acts against Plaintiff for his past engagement in protected activities, *See, e.g.,* Docket Entry No. 14 at ¶¶ 82-83, 88, 102, 124-137, 199, 220, 226-227, the Second and Third Affirmative Defenses assert otherwise. *Id.* at ¶¶ 259-260.

Ironically, this Court may note that Defendants, who, *ad nauseam*, have been claiming that they do not retaliate against any homeless person for bringing a claim or a grievance to their attention or any other entity's attention, abjectly and shockingly request from this Court that Plaintiff, despite his undeniable and unquestionable

3

destitution, be sanctioned[1] pursuant to Rule 11(c) of the Federal Rules of Civil Procedure. Counsel for Defendants *knowigly* misrepresents to this Court that Plaintiff violated Rule 11(b) by allegedly bringing "unmeriterious and frivolous" claims against her clients, perhaps just for the inappropriate purposes of harassing and extorting them.

Yet, if the Court reviews Plaintiff's Complaint, it will become certain that his claims and legal contentions are respectively warranted by verifiable facts and existing laws. And if the Court applies the Rule (b)(6) standard to Plaintiff's claims, all of them will withstand dismissal, essentially because each one of them is "plausible on its face". Perhaps, this is the reason why counsel for Defendants chose not to file a motion to dismiss in accordance with the Southern District Local Civil Rules 6.1, 7.1[2], 7.2, and 12.1,  as amended on September 3rd, 2013.

---

[1] Counsel and her clients, without blinking, mean that *monetary sanctions* should be imposed upon Plaintiff.

[2] In her affidavits of service, counsel seems to erroneously believe that the Eastern District's Local Civil Rules are also applicable in the Southern District. Counsel is respectfully urged to review this District's Rules. Pertinently, Local Civil Rule 7.1 states:

> (a) Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all motions shall include the following motion papers:

Generally, as a matter of law, and as counsel for Defendants may seem to be aware, when considering a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 424 (2d Cir. 2008). At the pleading stage, no obligation exists to prove anything, only to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Ashcroft*

---

    (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;

    (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and

    (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

(b) Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all oppositions and replies with respect to motions shall comply with Local Civil Rule 7.1(a)(2) and (3) above, and an opposing party who seeks relief that goes beyond the denial of the motion shall comply as well with Local Civil Rule 7.1(a)(1) above.

(c) Unless otherwise ordered by the District Judge to whom the appeal is assigned, appellate briefs on bankruptcy appeals shall not exceed 25 pages and reply briefs shall not exceed 10 pages.

(d) Applications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters as permitted by the instructions regarding ECF published on the website of each respective Court and any pertinent Individual Judge's Practices, may be brought by letter-motion filed via ECF pursuant to Local Civil Rule 5.2(b).

*v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted) (citing and endorsing *Twombly*'s "plausible on its face" standard).

This being said, it is clear – and the standard is high in this instance - that Plaintiff did not bring any "unmeritorious or frivolous" claims against Defendants for inappropriate purposes. Therefore, counsel's request that Plaintiff's Complaint be dismissed and monetary sanctions be imposed upon him is yet another hopeless act of retaliation dictated by financial and regulatory restraints of which Defendants do not appear, at this juncture of the instant action, to ignore anymore.

More outrageous is Defedants' Second Affirmative Defense where they shamelessly contend that Plaintiff's Complaint should be dismissed because it is an "abuse of process". This is a vague, conclusory statement. Ergo, it remains an insufficient and scandalous defense. It simply should be stricken. Plaintiff will not speculate on the exact legal definition counsel for Defendants would like to convey to the phrase "abuse of process". However, as strictly used in the Answer, this phrase appears to be defined in the fashion of a layman's vague complaint (or tort claim) that Plaintiff is using legal means to maliciously harm Defendants.

"'In its broadest sense, abuse of process may be defined as misuse or perversion of regularly issued legal process for a purpose not justified by the nature of the process.'" *See Sipsas v. Vaz,* 855 N.Y.S. 2d 248, 249 (2d Dep't 2008) (quoting *Board of Ed., of Farmingdale Union Free School Dist. v. Farmingdale Classroom Teachers Ass'n, Local 1889,* 38 N.Y. 2d 397, 400(1975)). "In New York, 'a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process.'" *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003). To sustain such scandalous defense, Defendants must establish that Plaintiff has an improper purpose and motive in instigating the action. *Id.* at 77.

Coincidentally, by asserting their Seventh Affirmative Defense where they claim that they are not liable for stolen property, Defendants may imply – but this has not been spoken yet – that Plaintiff is disturbing the Court and bringing this *entire civil rights action* merely for the purpose of having his stolen property (whether physical or intellectual[3]) replaced by Defendants. This defense is a willful misrepresentation, mischaracterization of verifiable facts of which Defendants have been made aware by

---

[3] Defendants were made aware that the stolen intellectual property was more valuable to him.

7

the City of New York. Therefore, it is a scandalous, insufficient defense and should also be stricken.

As stated in his Complaint, ¶¶ 85-87, Plaintiff filed a legitimate claim with the New York City's Office of the Comptroller on or about July 16, 2013. After investigation, the Office of the Comptroller determined, on or about July 26, 2013, that Defendants constitute the third party responsible or liable for the loss or damage of Plaintiff's property. Moreover, after further investigation and discovery, this Court may be able to determine whether Defendants are liable.

To this day, the daily events experienced by Plaintiff inside his current residence, at 93 Pitt Street, New York, New York, ("Residence or Program") indicate that Defendants have neither ceased nor desisted from flagrantly engaging in acts of discrimination and retaliation[4]. In fact, these acts have become more egregious as Defendants' Program Director ("Director") has been encouraging residents, and particularly Plaintiff's immediate neighbors, to engage in hateful and harassing acts so that Plaintiff may be driven away from his dwelling. Plaintiff, unaware of the Director's bias and inappropriate motivations, kept on complaining, since July 15,

---

[4] To reflect such blatant violations, Plaintiff will timely and duly amend his Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

8

2013, about the excessive noise, the use and sale of narcotics in the Residence, prostitution, filth, and other violations related to theft of food and other goods paid for by the U.S. taxpayer.  As his grievances have become more frequent, the aggressiveness and hostility of the Program Director and Plaintiff's neighbors have exponentially become intolerable. As shown by the email attached hereto and sent to the Director on December 5, 2013, she and her proxies are now falsely accusing Plaintiff of engaging in hateful acts against his neighbors, who are both HIV-positive, ostensibly assertive homosexuals, by harassing them and bringing allegedly "unreasonable" grievances against them, such as their excessive noise, their loud lewdness and indecent promiscuity, their vulgarity, and their use of narcotics, whose smokes and odors reach Plaintiff's deep inside his room to stifle him.

The Director and Plaintiff's neighbors falsely allege, as they can no more make mere insinuations, that Plaintiff maliciously complains of his neighbors because he is a "hateful Muslim" and "Muslims hate homosexuals." Evidence of these vulgar and hateful statements and conversations is stored and preserved by Plaintiff and can be submitted to this Court for an *in camera* inspection.

This Court is reminded that defendant Bowery Residents' Committee, Inc. is a private nonprofit organization as defined by 42 U.S.C. § 11371(5). It is a *secular*

*organization* described in section 501 (c) of title 26 that is exempt from taxation under subtitle A of title 26, has an accounting system and a voluntary board, and *practices nondiscrimination in the provision of assistance*. Even though the Residence is a *supportive housing program*, which is regulated under 42 U.S.C. § 11381 *et seq.,* and payment of rent is made to Defendants in accordance with the relevant provisions of 42 U.S.C. § 1437a, Defendants and the Director are implementing discriminatory[5] policies, rules, and customs which clearly violate the requirements of the Program as authorized and mandated by Title IV, Subtitle C, of the *McKinney-Vento Homeless Assistance Act of 1987*, as amended.

These arguments and true allegations support Plaintiff's belief that the present action was not brought as a malicious abuse of process, but it was rather initiated to redress serious violations of his civil rights by Defendants and other unnamed defendants. They also undermine Defendants' Fourth, Fifth, and Sixth Affirmative Defenses, Docket Entry No. 14 at ¶¶ 261-263, and point to the inescapable fact that

---

[5] For example, certain residents are allowed to smoke tobacco inside their units. Given the fact that the building's conversion is not compliant with Program's requirements, the tobacco's and narcotics' smokes spread to other units through the canalizations used for the AC and heating systems. . When some residents, like Plaintiff, complain of second-hand smoking, the Director requests that they take a walk outside the Residence, whether in the morning, the afternoon, or in the evening.

they are insufficient, redundant, immaterial, impertinent, and scandalous. They also should be stricken.

As a matter of law and as counsel may appear to be aware, Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A motion to strike an affirmative defense under Rule 12(f) . . . for legal insufficiency is not favored." *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds,* 478 U.S. 1015 (1986). Such a motion "will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Id.* (quoting *Durham Indus., Inc. v. N. River Ins. Co.,* 482 F. Supp. 910, 913 (S.D.N.Y. 1979)). "Three prerequisites must be satisfied before a court may grant a motion to strike defenses." *F.D.I.C. v. Pelletreau & Pelletreau,* 965 F. Supp. 381, 389 (E.D.N.Y. 1997). A plaintiff must show that: "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *Houston v. Manheim-New York,* 2010 WL 744119, at *3 (S.D.N.Y. Mar. 3, 2010) (citing *SEC v. McCaskey,* 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)).

When considering the "sufficiency of a defense" under the first two prerequisites, "courts apply the same standard applicable to a motion to dismiss pursuant to Rule 12(b)(6)." *Coach, Inc. v. Kmart Corps.,* 2010 WL 4720325, at *2 (S.D.N.Y. Nov. 16, 2010). With respect to the third prong, courts within the Second Circuit have found that "[i]ncreased time and expense of trial may constitute sufficient prejudice to warrant striking an affirmative defense." *Id.* (citing *Estee Lauder, Inc. v. Fragrance Counter, Inc.,* 189 F.R.D. 269, 272 (S.D.N.Y. 1999)).

As Plaintiff has clearly demonstrated in this pleading, this Complaint and other subsequent Amended Complaints will withstand any dismissal attempt by Defendants. And this is the reason why that their Affirmative Defenses, and their Answer altogether, which unambiguously reflect their discriminatory and retaliatory mindset, should be entirely stricken.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Court:

1. Strike Defendants' Answer;

2. Order Defendants' to timely comply with Court Order at <u>Docket Entry No. 8</u>, requiring them to identify John Does 1-5 and Jane Does 1-5.

Respectfully submitted on this December 14, 2013.

By:         Hicham Azkour, pro se
            _____