## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------------X
HICHAM AZKOUR,                                    :
                                                  :        Civil Action No.:13 CV 5878
                        Plaintiff,                :
                                                  :
        -against-                                 :        RESPONSE TO ORDER TO
                                                  :        IDENTIFY JOHN AND
BOWERY RESIDENTS COMMITTEE, INC.;                 :        JANE DOE DEFENDANTS
LAWRENCE a/k/a MUZZY ROSENBLATT;                  :
JANET FORTE; KEVIN MARTIN; TEREEN                 :
LLEWELYN-MILLER, ANGELA KEDZIOR;                  :
JOHN DOE 1-5; JANE DOE 1-5,                       :
                                                  :
                        Defendants.               :
------------------------------------------------------------------------X
```

Defendants, BOWERY RESIDENTS' COMMITTEE, INC.; LAWRENCE a/k/a MUZZY

ROSENBLATT; JANET FORTE; KEVIN MARTIN; TEREEN LLEWELYN-MILLER and

ANGELA KEDZIOR (alternately referred to individually or as "BRC Defendants"), as and for their

response to Judge Griesa's Order to identify John Doe Defendants 1-5 and Jane Doe Defendants 1-

5 allege and say as follows:

1.      As a threshold matter, BRC Residents' Committee, Inc., ("BRC") is a not-for-profit

agency engaged in providing its clients with the knowledge and skills to permanently overcome

poverty, addiction, physical and mental illness, homelessness and unemployment.  BRC maintains

comprehensive policies prohibiting discrimination, harassment and retaliation, including Equal

Employment Opportunity and Non-Harassment  policies, which are issued to all of its employees.

Further, BRC maintains a list of Consumer Rights for its residents, which encourages them to voice

their grievances and concerns with BRC staff.  Based on its policies and procedures, BRC denies any

acts of harassment or discrimination as alleged in the complaint herein and has no knowledge of any

personnel being so involved.

2.      Additionally, while pro se plaintiff has to abide by certain rules upon becoming a client of BRC, he is not incarcerated, nor are his activities restricted during the day and he only has to abide by a curfew at night.  Therefore, pro se plaintiff was not in a position of not being able to attempt to ascertain the identity of the persons he stylized as John Doe 1-5 and Jane Doe 1-5 because of limited mobility.  Moreover, pro se plaintiff has written several correspondences in which he accuses certain persons and/or residents, of being involved in the alleged theft of his property, wherein he claimed a value of $3000.00, or other conspiracies against him.  Therefore, if pro se plaintiff has specific knowledge that these persons were involved, then he also has the ability to name them as defendants.

3.      To the contrary, BRC has no knowledge of any persons involved with the alleged theft of pro se plaintiff's property, or any discrimination or harassment against pro se plaintiff as alleged, and therefore, is unable to identify John Doe 1-5 or Jane Doe 1-5.  To do so would constitute making false and frivolous accusations based on supposition and surmise, but no personal knowledge.  This would inure to the detriment of the justice system as well, as it would cause BRC to violate confidentiality and identify residents, without any sound basis to do so, who are for the most part indigent, and would be called upon to appear and have counsel appointed, all based on speculation, but no evidence.   BRC does not provide counsel for any residents as there is no obligation on BRC's part to do so.  Moreover, this would be a conflict of interest, as BRC would have to cross-claim against such resident-defendants.

4.      Clearly, plaintiff has named the corporate entity, as well as individuals, including, its Executive Director, Lawrence "Muzzy" Rosenbatt, the Director of BRC's Jack Ryan Residence, Janet Forte, the Deputy  Executive Director of BRC, Kevin Martin, the BRC Jack Ryan Residence

Assistant Director, Tereen Llewellyn-Miller and the Psychiatrist who supervises the psychiatric services as the BRC facilities, Angela Kedzior.    Plaintiff did not name his Independent Living Specialist ("ILS"), Taheerah Emanuel, but it is unknown whether he is alleging that the ILS was a party to the acts claimed in the complaint.

5.    BRC had made an investigation into the allegations that pro se plaintiff's property was stolen. BRC personnel questioned the other residents at the Jack Ryan Residence, but obtained no information. The police were involved and BRC participated in their investigation.  The police, after performing an initial investigation, were unable to identify any perpetrators.  BRC personnel were unable to identify any persons involved in the alleged theft.  We note that the surveillance cameras record the common areas but not the rooms where the individuals have their beds and lockers because this would be an invasion of their privacy.  Accordingly, there is no surveillance of the plaintiff's room or locker where pro se plaintiff kept his belongings and no recording of any theft of plaintiff's belongings that allegedly took place.

6.    Additionally, this Court should take judicial notice that BRC does not make the placements in supportive housing.  The decision to move pro se plaintiff to 43 Pitt Street, Brooklyn, New York, was made by Department of Homeless Services ("DHS"), not BRC.   BRC is not an employer, or employee of DHS, and has no independent knowledge of the DHS decision making process.

7.    Plaintiff alleges that he made complaints to Tonie Baez, Senior Counsel for DHS. Tonie Baez, Esq. is not an employee of BRC and BRC does not control or supervise the work or actions of Ms. Baez.  The BRC Defendants have no knowledge of the manner in which plaintiff made such complaints and have no knowledge of any conspiracy to act against plaintiff.  Attorney Baez is located at 33 Beaver Street, 17th Floor, New York, NY 10004.

8.      Plaintiff alleges additionally that he complained to Michael Yorio, Esq., OASAS

Patient Advocacy Unit Manager, as a party that was involved in the acts alleged by plaintiff.  BRC

Defendants have no involvement with Mr. Yorio as he is not an employee of BRC and BRC does

not control or supervise the work or actions of Mr. Yorio or the agency by which he is employed.

9.      BRC Defendants are unable to identify any John Doe or Jane Doe defendants based

on the generic descriptions of persons who may have been involved in the complaint as being

tattooed and wearing their pants low slung on their hips.  Such description does not provide enough

information from which BRC can identify additional defendants.  BRC personnel do not dress in the

manner described by pro se plaintiff in his complaint.

10.      BRC Defendants are aware of the *Valentin v. Dinkins*, 121 F.2d 72 (2d Cir. 1997)

decision which made clear that a pro se litigant is entitled to assistance from the district court in

identifying defendants.  Here, plaintiff has named both the corporate entity and its management.

Court orders to identify witnesses are generally issued where a plaintiff's allegations are generally

more narrowly tailored than the allegations made by plaintiff herein, that are non-specific as to date

and time, except for certain of the allegations related to the purported theft of his property.  *See, e.g.,*

*Williams v. John Does* 1-11, 1008 WL 4525393 (S.D.N.Y. 2008).  The Court may deny the request

based on the breadth of the plaintiff's request, as well as the reasonable efforts undertaken by BRC

to identify other defendants as a result of the incident.  BRC cannot be called upon to invade the

privacy of its residents by naming the persons who were in residence at the time plaintiff was there,

as there is nothing to indicate which residents, if any,  were the persons involved in the acts alleged

by pro se plaintiff.

11.      Plaintiff may have knowledge of residents he "believes" have been involved in the

acts alleged in the complaint both as to the theft of his property or discrimination and harassment.

If pro se plaintiff is aware of persons that were involved, then it should be incumbent upon him to name these individuals, and not impose the onus upon BRC to falsely accuse residents or personnel when it has no knowledge of their involvement.  It is inconceivable that the Court would appreciate BRC's naming individuals, whether personnel or residents, of being involved in any acts alleged in the complaint without sound basis to do so.

Dated: New York, New York
        January 7, 2014

                            Yours etc.,
                            **RUBIN, FIORELLA & FRIEDMAN LLP**


                            By: _____
                                  Shelley R. Halber (SH 4739)
                            *Attorneys for Defendants*
                            BOWERY   RESIDENTS   COMMITTEE,   INC.,
                            LAWRENCE a/k/a MUZZY ROSENBLATT; JANET
                            FORTE; KEVIN MARTIN; TEREEN LLEWELYN-
                            MILLER and ANGELA KEDZIOR
                            630 Third Avenue, 3rd Floor
                            New York, New York 10017
                            (212) 953-2381
                            Our File: 829-27536


TO:     *Via ECF filing to All Parties of Record*