# RUBIN, FIORELLA & FRIEDMAN LLP
ATTORNEYS AT LAW
630 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 953-2381
FACSIMILE: (212) 953-2462

WRITER'S DIRECT DIAL:  (212) 447-4642
E-MAIL:  Shalber@rubinfiorella.com

January 28, 2014

*Via ECF-Filing*

The Honorable Thomas P. Griesa,
United States District Judge
Courtroom 26B
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    Azkour Hicham v. BRC Bowery Residents' Committee, Inc.,
                Lawrence a/k/a Muzzy Rosenblatt; Janet Forte, Kevin Martin,
                Tereen Lleweleyn-Miller, Angela Kedzior, John Doe 1-5 and
                Jane Doe 1-5
                Letter Application for Conference and In Opposition to Request for
                Hearing for Contempt
                Civil Action No.  13:CV 5878 (TPG)

Dear Judge Griesa:

      This office represents defendants, BRC Bowery Residents' Committee, Inc. ("BRC"), Lawrence a/k/a Muzzy Rosenblatt; Janet Forte, Kevin Martin, Tereen Lleweleyn-Miller and Angela Kedzior (collectively referred to as the "BRC Defendants"), relative to the above-referenced matter. BRC Bowery Residents' Committee is a not-for-profit corporation that provides shelter and services to homeless persons and attempts to provide them with knowledge and skills to permanently overcome poverty, addiction and physical and mental illness. BRC has strict policies prohibiting harassment, discrimination and retaliation, but cannot exercise police powers in its dealings with its residents and their actions.

      This correspondence is respectfully submitted in opposition to *pro se* plaintiff, Hicham Azkour's request for a contempt hearing and the issuance of sanctions against the undersigned. (Dkt Entry No. 20). Additionally, the BRC Defendants seek the assistance of the Court in establishing parameters for the prosecution of this litigation and communications between *pro se* plaintiff, the BRC Defendants and their counsel. The undersigned apologizes in advance for having to burden the Court with the instant correspondence.

The Honorable Thomas P. Griesa,
United States District Judge
Page 2
Our File No.: 829.27536

Since the filing of the Notice of Appearance, Mr. Azkour has copied the undersigned on numerous correspondence both related and unrelated to this action. In the unrelated matters, he continuously threatens lawsuits against the BRC Defendants and the undersigned. In the related correspondence to this action, Mr. Azkour has accused the undersigned of unethical conduct in both the handling of the litigation and in interactions with the Court and threatened contempt motions. The undersigned has not responded to these correspondences in the interest of judicial economy and is mindful that BRC funds are better used for other purposes than attorneys fees.

A review of the Court's Order, dated November 8, 2013 (Dkt. Entry No. 8), reveals that BRC defendants were to assist in identifying John/Jane Doe defendants. The Order stated, in pertinent part, that BRC was:

> "to provide identities of John/Jane Doe Defendant whom Plaintiff seeks to sue here and the addresses where these Defendants may be served. The Bowery Residents' Committee, Inc., shall provide this information to Plaintiff and the Court within sixty days of the date of this order."

In compliance with the Order, investigations were conducted into the allegations ascertainable from the Complaint. Despite due diligence, no additional persons were discovered. There was no evidence to substantiate *pro se* plaintiff's claims nor any sound basis to provide names of residents whom *pro se* plaintiff had named, but did not sue. It would be frivolous on BRC's part, to name any residents as John or Jane Doe defendants without any substantiation.

This office filed a Response to the Order on January 7, 2014 (Dkt. Entry No. 18), within the sixty day deadline set by the Court. In response, Mr. Azkour filed a *"Memorandum of Law in Opposition to Defendant's Reply to the Court's Order Dated November 8, 2013 Requiring them to Help Plaintiff Identify John Does 1-5 and Jane Does 1-5"* (Dkt. Entry No. 19). This office chose not to respond to the filing unless and until the Court directed a response was necessary.

A review of this *Memorandum*, and its attachments, establishes that Mr. Azkour misconstrues the nature of correspondence that was received in response to his complaints to outside agencies that are not within BRC's control and have no relevance to BRC's response to the Order. Moreover, Mr. Azkour relies on a case completely inapposite to the case at bar, as it again deals with the identities of police officers who allegedly exercised excessive force, unreasonable seizure, deprivation of liberty, race discrimination, cruel and unusual punishment, negligent hiring and training, battery, violation of Family Court Act, false arrest and false imprisonment of a fifteen year old. The persons, who were sought to be identified, were purportedly present at the arrest, and therefore, easily identifiable as to act, date and time. To the contrary herein, there is no indication of the specific events that occurred on specific dates and times in which other BRC employees were allegedly involved, so they could be easily identified. The sole allegation that was specific was related to the alleged theft of Mr. Azkour's laptop.

RUBIN, FIORELLA & FRIEDMAN LLP

The Honorable Thomas P. Griesa,
United States District Judge
Page 3
Our File No.: 829.27536

On January 14, 2014, Mr. Azkour filed a letter application with the Court, seeking to have this Court hold counsel and BRC defendants in contempt (Dkt Entry No. 20). Mr. Azkour again resorts to castigation of my legal professional conduct both to this Court and to my clients. Yet again, there are no specific acts or dates set forth for previous acts that can be investigated further, and argues another subsequent incident on December 31, 2013, which occurred after the filing of the instant lawsuit, and in which Mr. Azkour again threatened further court action. What Mr. Azkour does establish by his filing, is that he is well aware of the full identity of another BRC employee, Program Director, Kristin Shilson. His attachments plainly indicate that he was well aware of her full name and address as a BRC employee on November 9, 2013, and therefore, establishes that he does not need the BRC's Defendants help in identifying other defendants. Mr. Azkour's claims are disingenuous and nothing more than a vehicle to continue harassing and threatening BRC and its employees. A review of the letter also highlights the specious claim that he cannot identify other defendants, as he plainly names fellow residents who reside at his address.

We are aware that *pro se* plaintiffs are entitled to deference in bringing claims to this Court. A review of the court docket for the Southern District of New York reveals that Mr. Azkour has initiated several lawsuits in this forum. Mr. Azkour has also initiated several lawsuits in the Third Circuit. Specifically, this Court is respectfully referred to another action presently pending in the Southern District of New York at Civil Action No. 11 Civ. 5780 (RJS), in which Mr. Azkour is the *pro se* plaintiff. In that case, there have been in excess of 180 filings. Moreover, a review of the Court's docket in that matter reveals that *pro se* plaintiff, Azkour, had to be curtailed from filing documents by ECF-filing, had to be admonished about his ad hominem attacks and threats against counsel, was restricted in his communications both with defendants and counsel and that the Court itself brought an Order to Show Cause as to why Mr. Azkour should not be sanctioned for disobeying these Court orders. Thus, it is respectfully requested that a Court Conference be scheduled and that certain Orders be put in place to restrict frivolous and non-relevant filings, as well as to regulate the nature of communication between *pro se* plaintiff and defendants and their counsel.

It is further requested that this Court deny *pro se* plaintiff's request for a contempt hearing, as BRC Defendants complied in good faith with the order.

Respectfully submitted,

*Shelley R. Halber*

Shelley R. Halber

SRH/MF/nc

RUBIN, FIORELLA & FRIEDMAN LLP