# RUBIN, FIORELLA & FRIEDMAN LLP

ATTORNEYS AT LAW
630 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 953-2381
FACSIMILE: (212) 953-2462

WRITER'S DIRECT DIAL: (212) 447-4642
E-MAIL: shafber@rubinfiorella.com

April 21, 2014

*Via ECF-Filing*

The Honorable Thomas P. Griesa,
United States District Judge
Courtroom 26B
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    Azkour Hicham v. BRC Bowery Residents' Committee, Inc.,
              Lawrence a/k/a Muzzy Rosenblatt; Janet Forte, Kevin Martin,
              Tereen Lleweleyn-Miller, Angela Kedzior, John Doe 1-5 and
              Jane Doe 1-5
              Letter Application for an Extension of Time to Submit Defense Motions
              Civil Action No.  13:CV 5878 (TPG)

Dear Judge Griesa:

       This office represents defendants, BRC Bowery Residents' Committee, Inc. ("BRC"), Lawrence a/k/a Muzzy Rosenblatt; Janet Forte, Kevin Martin, Tereen Lleweleyn-Miller and Angela Kedzior (collectively referred to as the "BRC Defendants"), relative to the above-referenced matter.

       On February 26, 2014, the parties appeared for a conference in this matter wherein Your Honor directed Defendants to submit any Motions to Dismiss within 60 days. Accordingly, our deadline to do so is currently April 28, 2014.

       Today, April 21, 2014, our office wrote to *pro se* plaintiff, Hicham Azkour, to request his consent to a ten (10) day adjournment of our filing deadline. Consent was refused due to the fact that plaintiff does not feel motion practice is appropriate that this time. (*See* E-mail Correspondence annexed). Accordingly, pursuant to your Individual Practice Rules, we respectfully request an extension of time from the Court.

       This is our first request for an extension of time to submit motion papers in this matter. This request does not effect any other scheduled dates.

The Honorable Thomas P. Griesa,
United States District Judge
Page 2
Our File No.: 829.27536

Thank you for your time and attention to this matter.

Respectfully submitted,

s/ *Shelley Halber*

Shelley R. Halber

MF/SH/nc
Enclosures

RUBIN, FIORELLA & FRIEDMAN LLP

# Mandie Forman

| | |
|---|---|
| **From:** | Mandie Forman |
| **Sent:** | Monday, April 21, 2014 11:15 AM |
| **To:** | 'hicham.azkour@gmail.com' |
| **Cc:** | Shelley Halber |
| **Subject:** | Azkour v. BRC: S.D.N.Y. Docket No. 13-cv-5878 |

Dear Mr. Azkour,

I am writing to request your consent to a ten (10) day adjournment of our April 28, 2014 deadline to submit defense motions in this matter as directed by Judge Griesa on February 26, 2014.

Please advise whether you will consent to same.

Thank you,

Mandie

**Mandie R. Forman**

Rubin Fiorella & Friedman LLP
630 Third Avenue, 3rd floor
New York, NY 10017
Tel.: (212) 953-2381
Fax: (212) 953-2462
Direct: (212) 447-4650

**Mandie Forman**

---

| | |
|---|---|
| **From:** | Hicham Azkour <hicham.azkour@gmail.com> |
| **Sent:** | Monday, April 21, 2014 1:04 PM |
| **To:** | Mandie Forman; Shelley Halber |
| **Subject:** | Re: Azkour v. BRC: S.D.N.Y. Docket No. 13-cv-5878 |

Dear Counsel:

**No, I don't consent**. I believe that the filing any defense motion is not appropriate at this time, whether you meet the deadline or not. Considering the facts that I sought (1) amendment of my complaint and was initially granted such request by the Court on November 8, 2013; (3) I sought legal representation because I am purportedly mentally ill (*see* attached summary Order); (3) I requested mental examination per Rule 35 of the Federal Rules of Civil Procedure; and it is well established that BRC is a state actor as per Section 43 of the New York Social Services Law – contrary to what the uninformed Court decided on February 26, 2013; any defense motion will be opposed on these 4 grounds and upon other additional grounds. I will also seek the issuance of a writ of mandamus by the Second Circuit to compel the Court to appoint both a pro bono attorney and a medical expert. The Court has already a history of abusing its discretion in dismissing, without review, the complaints of mentally ill and homeless individuals.

      Federal Rule of Civil Procedure 35(a) provides that, for good cause shown, a district court "may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." These requirements for a Rule 35 examination are met where the party seeking the examination makes an affirmative showing that each condition as to which the examination is sought is really and genuinely in controversy, and that good cause exists for ordering the examination. *Schlagenhauf v. Holder,* 379 U.S. 104, 108 (1964).

      I already made an affirmative showing in my prior pleadings that my mental health is in controversy. Moreover, I have contended that my alleged mental impairments have been maliciously caused by your client's intentional infliction of emotional distress. Such impairments are more than a "garden variety" emotional distress. My alleged impairments, according to BRC practitioners' evaluations, constitute a serious, disabling mental illness and their fraudulent diagnoses are already causing me additional damages, which I will not

1

discuss here. Generally, courts have held that for a plaintiff's mental status to be in controversy, he must allege more than "garden variety" emotional distress. *Turner v. Imperial Stores,* 161 F.R.D. 89, 97 (S.D. Cal. 1995). "Courts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) the plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a)." *Id.* at 95.

There are other ways to resolve my complaint and avoid a jury trial.

You are so advised.

Sincerely,

HICHAM AZKOUR

On Mon, Apr 21, 2014 at 11:15 AM, Mandie Forman <MForman@rubinfiorella.com> wrote:

Dear Mr. Azkour,

I am writing to request your consent to a ten (10) day adjournment of our April 28, 2014 deadline to submit defense motions in this matter as directed by Judge Griesa on February 26, 2014.

Please advise whether you will consent to same.

Thank you,

Mandie

*Mandie R. Forman*

Rubin Fiorella & Friedman LLP

630 Third Avenue, 3rd floor

New York, NY 10017

Tel.: (212) 953-2381

Fax: (212) 953-2462

Direct: (212) 447-4650

DISCLAIMER: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.