| | |
|---|---|
| Hon. Thomas P. Griesa, U.S.D.J. | HICHAM AZKOUR |
| Daniel Patrick Moynihan | 93 Pitt Street, |
| United States Courthouse | Apt. 3B |
| Courtroom 26B | New York, NY 10002 |
| 500 Pearl St. | |
| New York, NY 10007-1312 | Email: hicham.azkour@gmail.com |

May 7, 2014

**Via ECF**

Re: *Azkour v. BRC, et al.*, <u>13-CV-5878(TPG)</u>

Dear Judge Griesa:

On May 7, 2014, the defendants ("Defendants") in the above-referenced matter filed a motion for judgment on the pleadings or alternatively for summary judgment. Pursuant to Local Civil Rule 6.1, they supported their motion with affidavits and a memorandum of law.

We will timely and formally oppose Defendants' motion. However, as set forth below, it is strikingly clear that their pleading was not properly brought in accordance with either Rule 12(c) or, alternatively, Rule 56 of the Federal Rules of Civil Procedure. Their pleading is premature and should be denied in its entirety.

Defendants contend that their motion to dismiss should be treated as a motion for judgment on the pleadings pursuant to Rule 12(c) and, based upon some extrinsic material they also presented to the Court, should be converted and resolved as a motion for summary judgment. *Defendants refer to matters outside*

1

*the pleadings. See* Declaration of Shelley R. Halber, Esq. at Docket Entry No. 28. As such, Defendants presented a statement of material facts pursuant to Rule 56.1 of the Southern District Local Civil Rules. *See* Docket Entry No. 29. Nevertheless, Defendants, in the context of a summary judgment request, failed to comply with Rule 56.2 of the aforementioned rules.

Rule 12(d) of the Federal Rules of Civil Procedure provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. *All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion* (emphasis added).

For the reasons set forth at Docket Entry No. 25, Plaintiff has never been given a reasonable opportunity to present anything pertinent to his opposition to Defendants' motion.

Moreover, this Court has not yet set any pre-trial scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. This Court "must issue the scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared." *See* Fed. R. Civ. P. 16(b)(2).

Finally, the Court should also take notice that that counsel for Defendants submitted Plaintiff's private information, including his Social Security Number and his protected identifiable health information, for public access. This is in violation of Plaintiff's privacy rights as guaranteed by HIPAA. *See* Docket Entries Nos. 31-10, 31-11, and 31-13.

**WHEREFORE**, Plaintiff respectfully requests that the Court (1) deny Defendant's aforementioned motion as premature; and (2) refer Defendants' violations of Plaintiff's privacy rights under HIPAA for investigation and prosecution by the U.S. Attorney for the Southern District of New York.


Respectfully submitted,

HICHAM AZKOUR, pro se

