UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| HICHAM AZKOUR, <br><br> *Plaintiff,* <br><br> v. <br><br> **BOWERY RESIDENTS COMMITTEE, INC.,** LAWRENCE a/k/a MUZZY **ROSENBLATT, JANET FORTE, KEVIN MARTIN, TEREEN LLEWELYN-MILLER, ANGELA KEDZIOR, JOHN DOE 1-5, AND JANE DOE 1-5,** <br><br> *Defendants.* | <u>**Civil Action No.**</u> <br><br> <u>**JURY TRIAL DEMANDED**</u> |

---

**PLAINTIFF'S DECLARATION IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S LETTER-MOTION TO STRIKE HIS OPPOSITION AT <u>DOCKET ENTRIES NOS. 48 AND 49</u>**

---

HICHAM AZKOUR, pro se

93 Pitt Street, Apt. 3B

New York, New York 10002

Email: hicham.azkour@gmail.com

1

I, **HICHAM AZKOUR**, declare upon personal knowledge and under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct.

1. I make this declaration in support of my opposition to Defendants' letter-motion, Docket Entry No. 51, to strike my opposition at Docket Entries Nos. 48 and 49.

2. I am not making this declaration for any improper purpose such as to harass Defendants or cause them unnecessary litigation expenses.

3. I am not making this declaration to advance frivolous claims without the support of the law and the admissible evidence, which is currently in my possession and Defendants' possession as well.

4. I am making this declaration because there is evidence which supports the fact that there are factual disputes.

5. I am mentally competent.

6. At all times relevant to the events alleged in this action, and any other action as mentioned by Defendants, and prior to my admission to BRC's shelters, I have never suffered from any mental impairment as misdiagnosed by defendant Kedzior and her nurses or assistants.

7. I have never been found by a court of law, in any jurisdiction, whether in the United States or abroad, to be mentally incompetent, deficient, retarded, or suffering from a mental ailment, impairment, disorder, or any other condition.

8. No court of law has ever appointed a guardian ad litem to represent me in any matter.

9. I have never been diagnosed by any mental health practitioner from any government agency, whether in New York or elsewhere, to be to be mentally incompetent, deficient, retarded, or suffering from a mental ailment, impairment, disorder, or any other condition.

10. I have direct knowledge that the health information, which was transferred to some government agencies by Defendants, for whatever purpose, is not accurate and is fraudulent.

11. I have direct knowledge that I have never suffered from any mental ailments as reported to such government agencies by Defendants.

12. Defendants compelled me to be examined and misdiagnosed by psychiatric nurses.

13. Defendants misrepresented to me that my stay at their shelters may be terminated if I do not comply with the medical requirements.

14. Defendants abused the New York State Office of Temporary and Disability Assistance Directive No. 94 ADM-20(V)(D)(3)[1] to intimidate me by waving termination when I questioned their abusive practices of discrimination, retaliation, fraud, and negligence. *See* EXHIBIT A.

15. Defendants intimidated me because they knew that even if I complain to the New York City Department of Homeless Services ("DHS"), or if I voluntarily leave the shelter in protest to their substandard conditions and abuse, I would not be able to have DHS assign to any other shelter or help me with placement in a subsidized housing unit. In fact, they knew that I could be barred from the New York City shelters if I engage in any protests. *Id.*

16. During my stay at their shelters, I was abused, threatened, assaulted by BRC's residents under the watch of Defendants and their employees, including John Does 1-5 and Jane Does 1-5. *See* EXHIBIT B, EXHIBIT C, EXHIBIT D.

17. Even though I was not suffering from any ailment, Defendants compelled me to take medicine on a daily basis for months.

---

[1] http://otda.ny.gov/policy/directives/1994/ADM/94_ADM-20_updated96.pdf

18. Defendants compelled me to attend a psychiatric outpatient program.

19. Defendants compelled me to attend their substance abuse program despite the fact that I had not used illegal drugs or alcohol. *See* <u>EXHIBIT E.</u>

20. Despite the fact that I repeatedly informed Defendants that I did not use illegal drugs and alcohol, that they had direct knowledge, through daily observation, that I did not use any illegal drugs or alcohol while staying at their shelters, and that I successfully completed a substance abuse program – which was unfairly imposed upon me - they compelled me, for almost a month, to attend their own substance abuse program. *Id.*

21. Defendants compelled me to attend their program so that they may abuse, for financial gain, privileges given to them by the Medicaid and the Mental Health Parity and Addiction Equity Act of 2008 (MHPAEA).

22. No government agency mandated that I attend BRC's programs. *Id.*

23. Defendants misrepresented to me that psychiatric examination and medication administration are mandated by the New York City Department of Homeless Services and the Human Resources Administration.

24. All the documents and court orders submitted by Defendants in the aforementioned reply, <u>Docket Entries Nos. 46 and 47</u>, do not constitute admissible evidence and do not support any clinical facts or data as to accurately assess my mental health or illness.

25. The documents, the supporting arguments, and statements made by Defendants and their counsel are for the sole purpose to harass, demean, disparage, discredit, and harm me in my quest for better housing and employment.

26. Defendants' irresponsible actions and the fraudulent psychiatric evaluations, which have been disseminated to government agencies, will cause extensive damage as to

my chances of being offered employment where I have to exercise judgment or make decisions.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 29, 2014,

By:          HICHAM AZKOUR, pro se

_____