UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HICHAM AZKOUR, *Plaintiff,* v. BOWERY RESIDENTS COMMITTEE, INC., LAWRENCE a/k/a MUZZY ROSENBLATT, JANET FORTE, KEVIN MARTIN, TEREEN LLEWELYN-MILLER, ANGELA KEDZIOR, JOHN DOE 1-5, AND JANE DOE 1-5, *Defendants.* | <u>Civil Action No. 13-CV-5878</u> <u>JURY TRIAL DEMANDED</u> |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S LETTER-MOTION TO STRIKE HIS OPPOSITION AT <u>DOCKET ENTRIES NOS. 48 AND 49</u>

HICHAM AZKOUR, pro se

93 Pitt Street, Apt. 3B

New York, New York 10002

Email: hicham.azkour@gmail.com

1

On May 29, 2014, Defendants requested that this Court strike Plaintiff's Opposition to their Reply to his Opposition to their purported Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment. *See* letter docketed at Docket Entry No. 51.

Defendants' contention that Plaintiff filed a reply to their reply at Docket Entries Nos. 46 and 47 is misleading. In legitimate response to their malicious misrepresentations to the Court and their harmful submission of documents and court orders, which they purport to be admissible evidence of Plaintiff's mental impairments, Plaintiff filed oppositions to these scandalous, abusive, and unethical submissions. *See* Docket Entries Nos. 48 and 49.

Plaintiff's opposition was legitimately filed as a *sufficient defense* supporting Plaintiff's position that the material filed by Defendants in their reply at Docket Entries Nos. 46 and 47 is not admissible evidence. It was rather maliciously filed to harass Plaintiff and misrepresent to this Court that there are no factual disputes and, thence, have their motion for summary judgment undeservedly granted.

Defendants requested the this Court took judicial notice of Plaintiff's submissions in unrelated pending matters because (1) they have failed to present any admissible evidence rebutting Plaintiff's claims and establishing the absence of any factual disputes; and even (2) if the communications and orders they attached to their reply and counsel's declaration are reviewed by this Court, it will be quite certain that no court has ever determined that Plaintiff is mentally ill and, therefore, this controversy per se is room to a set of factual disputes. Indeed, at Docket Entry No. 46-4, by bringing to this Court's attention the Honorable Sullivan's Order in *Azkour v. Little Rest Twelve, Inc.*, 10-CV-4132 (RJS)(KNF) ("FLSA Action"), Defendants do not fail to omit the fact that the Honorable Sullivan has never ruled – obviously, for want of admissible evidence - that Plaintiff is mentally ill or incompetent. In particular, his Order states:

2

> Although Plaintiff did not provide this evidence until after the Court's decision, the Court has reviewed the record and determined that *there is scant evidence* supporting the Court's conclusion that the assignment to the mental health shelter was indicative of the severity of Plaintiff's mental illness. As such, the Court's conclusion must be reconsidered (emphasis added).

Judge Sullivan admits that the defendant in the FLSA Action articulates a "position". However, the Court does not state upon which sort of evidence Defendant supports its position that Plaintiff is allegedly mentally ill:

> Given that Defendant's position is that Plaintiff has been sufficiently mentally ill to relieve them of [liability] since the retaliatory firing, and that Plaintiff's position will likely be that he was never sufficiently mentally ill, reconsidering the cut-off-date holding will have no effect on the issue to be tried and will have minimal effect on the evidence to be presented.

Evidently, this explains Plaintiff's contention that the Honorable Sullivan ruled on his motion for summary judgment as to his monetary damages based upon hearsay evidence only. In fact, by illegitimately introducing Plaintiff's alleged mental impairments, the court in the FLSA Action tried an issue of fact, instead of determining whether there are issues to be tried. As far as Plaintiff's mental health is concerned, there are no issues to be tried at all. And there will be no admissible evidence upon which this issue will be tried. The reason simply resides in the fact that Plaintiff, at all times relevant, has never been mentally ill or incompetent. In addition, there is not a scintilla of admissible evidence in the entire record, whether before this Court, before the Honorable Sullivan, or before the Honorable Fox, which points to the allegations that Plaintiff has been suffering from any mental deficiency or impairments. Somehow erratically, the court in the FLSA Action appears to justify its improprieties by contradicting itself and illogically ruling that lay jurors - *not medical experts* - may be permitted to decide if Plaintiff is mentally ill:

3

>Accordingly, the Court holds that a jury will be permitted to decide whether Plaintiff was sufficiently mentally ill or not for the entire period from Plaintiff's firing to the present.

*Id.* Although the court in the FLSA Action admits that *there is scant evidence* (there is none, in fact) supporting its conclusion that the assignment of Plaintiff by the New York City Department of Homeless Services ("DHS") to a mental health shelter was indicative of the severity of his mental illness, it selectively and conveniently reconsidered a prior order stating that Plaintiff was disabled due to mental illness. The court in the FLSA Action has now decided to direct the examination of this "scant evidence" to lay jurors. *See* EXHIBIT A. Predictably, the jurors will see no evidence.

So, it is clear that Plaintiff's opposition is not, as Defendants allege, a violation of this Court's Individual Rules, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence. Moreover, nothing in Plaintiff's submissions indicates that said submissions were improperly made, were in bad faith, or were presented to harass Defendants, or constitute an insufficient defense, a redundant, immaterial, impertinent, or scandalous matter. *See* Rule 12(f) of the Federal Rules of Civil Procedure. Furthermore, Plaintiff's submissions are not pleadings as defined by Rule 7(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

A court has "'inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.'" *In re Bear Stearns Cos., Inc., Securities, Derivative, and ERISA Litigation,* 763 F.Supp.2d 423, 581 (S.D.N.Y.2011) (quoting *Sierra v. United States,* No. 97 Civ. 9329, 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998)); *see also, e.g., Jenkins v. City of New York,* No. 91 Civ. 3639, 1992 WL 147647, at *3-4 (S.D.N.Y. June 15, 1992) (striking affidavit opposing summary judgment as improper). Here, in this very context, any motion to strike Plaintiff's submissions has not been presented in good faith and is impermissible because

such submissions (1) are not inappropriate, improper, or abusive; (2) do not violate any rules or laws; (3) do not constitute an insufficient defense, a redundant, immaterial, impertinent, or scandalous matter; and (4) they are not pleadings as defined by Fed. R. Civ. P. 7(a).

Plaintiff's submissions legitimately articulate arguments and present admissible evidence supporting his claims that he has been abused and discriminated against by Defendants, their medical staff, and their residents, mainly because they have regarded him as a disabled individual of a different race. As a matter of course and fact, Plaintiff is still abused and discriminated, retaliated against by Defendants and their residents.  *See* the declaration of Cha'mesh Omer Muallimak, as EXHIBIT B. It is true that Plaintiff did not provide enough evidence to support his allegations at Docket Entries Nos. 48 and 49. For this reason, Plaintiff supports the present opposition by a declaration at Docket Entry No. 53, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, and EXHIBIT F.

Plaintiff reasserts the fact that no government agency, including DHS, the New York City Department of Human Resources, the New York City Department of Health and Mental Hygiene, has ever determined that, at all times relevant, he has been suffering from a chemical addiction, a mental illness, disorder, deficiency, incompetence, or any other condition.

Any health information regarding Plaintiff's alleged mental impairments has been fraudulently created, generated, and transferred to said agencies, including the U.S. Department of Housing and Urban Development and the U.S. Department of Health and Human Services, by the medical staff of defendant BRC.

Additionally, any action taken by any government agency or any other entity has been based upon Defendants' transfer of fraudulent information to these agencies and/or these agencies' misinformed decisions, including Plaintiff's placement in supportive housing and his

prior assignment to the Boulevard Residence and the Jack Ryan Residence, which are mental health shelters.

As we have repeatedly stated to this Court and other courts in previous submissions, the transfer from a DHS assessment facility to another shelter, which may be a mental health shelter (as it is the case with the Boulevard Residence and the Jack Ryan Residence), does not indicate that the transferee is necessarily mentally ill or drug addicted. *See* 18 NYCRR §§ 900.6 and 900.8. A string of cases dating back to 1979 establishes a general right to shelter in New York, rooted in the New York State's Constitution. *See Callahan v. Carey,* 307 A.D.2d 150, 762 N.Y.S.2d 349, 351 (1st Dept.2003). However, the right to shelter is not a "boundless ... entitlement" and may be subject to eligibility requirements and other limitations. *Callahan,* 762 N.Y.S.2d at 351. *The implementing directive promulgated by the New York State Office of Temporary and Disability Assistance makes it clear that broad discretion is given to local authorities in assigning the homeless to shelters.* 94 ADM-20(V)(D)(3)[1]. *See* EXHIBIT F. The directive explicitly states, "Homeless persons do not have the right to choose their own temporary placements." *Id.* Additionally, as we explained to the Court on numerous occasions, there are abuses by the homeless shelter's medical staff when they deliberately misdiagnose their non-mentally ill residents and compel non-drug addicted individuals to attend substance abuse programs, most of the time for financial gain and to abuse the Medicaid and the Mental Health Parity and Addiction Equity Act of 2008 (MHPAEA).

---

[1] http://otda.ny.gov/policy/directives/1994/ADM/94_ADM-20_updated96.pdf

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Deny Defendants' motion to strike Plaintiff's submissions at <u>Docket Entries No. 48 and 49</u>;

2. Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, sanction Defendants and their counsel for violating Plaintiff's privacy and their confidentiality agreement;

3. Order Defendants to cease referring to Plaintiff's mental health without the support of admissible evidence, such as authenticated and accurate psychiatric reports, assessments, evaluations, and medicine prescriptions by defendant Kedzior;

4. Order an independent psychiatric examination of Plaintiff so that the Court may make an informed decision as to Plaintiff's mental health;

5. Appoint a pro bono attorney to represent Plaintiff;

6. Deny Defendants their motion for judgment on the pleadings or, in the alternative, for summary judgment;

7. Order Defendants to comply with this Court Order at <u>Docket Entry No. 8</u> and, without additional delay, provide Plaintiff with the identities of John Doe 1-5 and Jane Doe 1-5 as alleged in his Complaint and without bringing the pretext of their interminable investigations;

8. Grant Plaintiff leave to amend his Complaint, as per Rule 15(a)(2) of the Federal Rules of Civil Procedure, so that he may timely add parties and claims; and

9. Set a pre-trial scheduling Order as per Rule 16(b) of the Federal Rules of Civil Procedure, so that both parties may engage in the discovery phase.

Respectfully submitted on this 29th day of May, 2014

By:                HICHAM AZKOUR, pro se

    _____

