Hon. Thomas P. Griesa, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
Courtroom 26B
500 Pearl St.
New York, NY 10007-1312

HICHAM AZKOUR
93 Pitt Street,
Apt. 3B
New York, NY 10002

Telephone: (917) 859-6550

Email: hicham.azkour@gmail.com

December 23, 2014

**Via ECF**

**Re: *Azkour v. BRC, et al.*, 13-CV-5878(TPG)**

Dear Judge Griesa:

On December 22, 2014, this Court granted the motion filed by Shelley R. Halber, Esq., requesting permission to withdraw as one of the attorneys representing the defendants ("Defendants") in the above-referenced matter. *See* Docket Entries Nos. 56 and 59.

After granting the motion, the Court may note that Defendants are still represented by Mandie R. Forman, Esq., Docket Entry No. 26, and Plaintiff does not object to her representation.

The Court, however, is respectfully reminded that Its Order at Docket Entry No. 59 does not resolve Defendants' so-called motion to dismiss at Docket Entry No. 27.

1

Moreover, the December 22, 2014 Order does not resolve Defendants' refusal to comply with Its November 8, 2013 Order. *See* Docket Entry No. 8. The Court is respectfully reminded that, on January 7, 2014, Defendants' counsel informed the Court that they would not comply with the Court Order directing them to identify employees that Plaintiff was not able to name in his complaint. *See* Docket Entry No. 18. Plaintiff objected to Defendants' decision and requested from the Court to hold a contempt hearing. *See* Docket Entry No. 19.

So far, the Court has not taken any action regarding the pending motions.

Considering the fact that these motions have been lingering for more than six months and this Court appears to be ignoring its mandate to resolve them, a request to have a writ of mandamus issued by the United States Court of Appeals is the only appropriate remedy to have the above-mentioned motions resolved. *See Blasband v. Rales,* 979 F.2d 324, 328-29 (3rd Cir.1992). As this Court is aware, it would not be in the interests of any party to have the wheels of justice automatically come to a halt. It is undisputed that the Court's inaction is not warranted by any laws, regulations, or precedents. Parties in civil cases, especially in the Southern District of New York, are already facing too many delays because of the increasing volume and complexity of the cases. *See* The Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq.* (mandating that federal courts create civil delay reduction plans to help alleviate the backlog). By a provision of the Civil Justice Reform Act of 1990, namely 28 U.S.C. § 476(a)[1], the

---

[1] 28 U.S.C. § 476(a) states:

> (a) The Director of the Administrative Office of the United States Courts shall prepare a semiannual report, available to the public, that discloses for each judicial officer—
>
> (1) the number of motions that have been pending for more than six months and the name of each case in which such motion has been pending;

Director of the Administrative Office of the United States Courts must report to the public, for each judicial officer and by case name, those motions that have been pending for *more than six months* and the number and names of cases that *have not been terminated within three years after filing*. In the instant matter, Defendants' motion to dismiss has been pending since May 7, 2014.

Although Plaintiff has heretofore presented his arguments to the Court, objecting to and opposing Defendants' motion to dismiss, *see Nichols v. Prudential Ins. Co. of Am.,* 406 F.3d 98, 106 (2d Cir.2005), the Court has not used anything to review Plaintiff's arguments but inaction – absolute inaction. Inaction is not a valid exercise of discretion. *Id.* at 109.

A district court confronted by a motion authorized by the Federal Rules of Civil Procedure must decide the motion within a reasonable time. While it is appropriate that decision be reserved on a motion in order to permit further study or supplementation of the motion with additional material, which is not the case here, the right of a party to have a motion decided is so clear that it will be enforced under proper circumstances by mandamus. *See, e.g., Hudson v. Parker,* 156 U.S. 277, 288, 15 S.Ct. 450, 454, 39 L.Ed. 424 (1895); *Richardson Greenshields Securities, Inc. v. Lau,* 825 F.2d 647, 652 (2d Cir.1987). Mandamus petitions provide an avenue for dealing with this situation (which

---

(2) the number of bench trials that have been submitted for more than six months and the name of each case in which such trials are under submission; and

(3) the number and names of cases that have not been terminated within three years after filing.

(b) To ensure uniformity of reporting, the standards for categorization or characterization of judicial actions to be prescribed in accordance with section 481 of this title shall apply to the semiannual report prepared under subsection (a).

fortunately occurs infrequently, like in the present pro se litigation) where cases have been unduly delayed in the district court.

If the Court decides that disturbing the Second Circuit is warranted, Plaintiff will not hesitate to file his petition in January 2015.

Frankly, since July 2013, Plaintiff has been overly accommodating Defendants, their clients, and their malicious, egregious, and damaging unlawful acts, as infallibly shown by the video footage at the following link:[2]

http://www.arguant.com/BRC_Schizophrenics.html.

However, it is high time for this Court to earnestly start considering the above-referenced as a case equal to those, for instance, where the Republic of Argentina[3] is a defendant and where the vulture funds or financial predators are plaintiffs.

With all due respect, we are confident that if this Court were able to hold a *sovereign nation* in contempt, It should naturally be able to hold Defendants in contempt as well – even if the plaintiff named in the instant matter is not Paul E. Singer.

---

[2] Viewer's discretion is advised because of the actors' offensive conduct.

[3] Plaintiff refers to unrelated civil matters adjudicated by this Court in a timely fashion.

**WHEREFORE**, Plaintiff respectfully request that this Court timely resolve, without further delay, the pending motions in this case and schedule a scheduling pre-trial conference as per Rule 16 of the Federal Rules of Civil Procedure.

Respectfully,

Hicham Azkour, pro se

