| | |
|---|---|
| Hon. Thomas P. Griesa, U.S.D.J. | HICHAM AZKOUR |
| Daniel Patrick Moynihan | 93 Pitt Street, |
| United States Courthouse | Apt. 3B |
| Courtroom 26B | New York, NY 10002 |
| 500 Pearl St. | |
| New York, NY 10007-1312 | |

Telephone: (917) 859-6550

Email: hicham.azkour@gmail.com

September 22, 2016

**Via ECF**

**Re:** *Azkour v. BRC, et al.*, <u>13-CV- 5878 (TPG)</u>

Dear Judge Griesa:

*Pro se* plaintiff, **HICHAM AZKOUR** ("Plaintiff") objects to the letter dated September 22, 2016 filed by the BRC Defendants and the Law Firm Defendants, through and by their *pro se* counsel, requesting the Court's permission to file a brief larger than the size permitted by this Court's rules. *See* <u>Docket Entry No. 81</u>.

Apparently, counsel to the above-mentioned defendants has the

1

intention to file again a motion pursuant to Rule 12(b)(6) or Rule 12(c) of the Federal Rules of Civil Procedure. In accordance with the holding of the Second Circuit' Summary Order in the instant matter, *see* Docket Entry No. 65, Plaintiff asserts that the defendants' request, regardless of their contemplated brief's size, is frivolous and should not be granted. Specifically, the Second Circuit held[1] that "a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas*, at least as the test was originally formulated, to defeat a motion to dismiss." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015); *see also Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

Plaintiff's amendment of his claims heeded the Second Circuit's suggestions and made them even more substantive. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Considering this case law and the Second Circuit's Summary Order, Plaintiff believes that counsel's odd request is yet another exercise in showing an incorrigible penchant for excelling in futility and delay.

---

[1] This opinion addresses the discrimination claims.

Another important issue, which remains central to the Law Firm Defendants' permissibility to represent the BRC Defendants, is undeniably *the waiver*. To this day, counsel has not filed with the Court a waiver in the legally acceptable form of an affidavit or declaration executed by both an officer of defendant Bowery Residents' Committee, Inc. and an officer of defendant Pitt Street Housing Development Fund Corporation. *In the absence of a proper waiver*, any future submissions by counsel to this Court will constitute a violation of the attorney-client privilege. As this Court is well aware, waiver is a privilege. And such privilege "belongs solely to the client and may only be waived by him. An attorney may not waive the privilege without his client's consent." *In re von Bulow,* 828 F.2d 94, 100 (2d Cir.1987)[2].

An *unanswered* email sent by Kenneth Fiorella, Esq. to a BRC employee or an insurance employee is not a waiver of the attorney-client privilege. *See* attached email dated September 19, 2016. Such email, purporting to be a waiver, is either synonymous of counsel's lack of intelligence or his irremediable ignorance of the law. This is an insult to

---

[2] Plaintiff will petition the Second Circuit for the issuance of a writ of mandamus if the Court does not Order counsel to produce a proper waiver signed by the officers of the above-named corporations.

3

Plaintiff's intelligence. And if the Court allows counsel to insult the parties' intelligence by engaging in such lowly acts of deception, the Court will not be upholding the laws of the Supreme Court of the United States. *See Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (purpose of attorney-client privilege is to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice").

Finally, in light of the above-named defendants' failure to exercise due diligence in identifying the John Does and Jane Does in this matter, there is no doubt that any request to file another unsuccessful motion for dismissal is a dilatory conduct that should be prohibited by this Court.

Pursuant to the All Writs Act, i.e., 28 U.S.C. § 1651(a)[3], the Second Circuit has jurisdiction to prohibit the above-described misconducts in case this Court fails to enforce its Orders.

---

[3] This statute provides:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

4

**WHEREFRORE**, Plaintiff respectfully request that the Court:

1. In order to identify the John Does and Jane Does, Order counsel to the BRC Defendants and the Law Firm Defendants to exercise due diligence and cooperate with Plaintiff by showing him the photographs[4] of all the employees who worked during the period where the alleged unlawful acts occurred;

2. Order counsel to submit a signed waiver by the officers of the corporate entities he intends to represent in this matter; and

3. In the absence of disclosure, deny the BRC Defendants and the Law Firm Defendants their request to file a brief in support of their contemplated motion to dismiss.

---

[4] This is a lawful and intelligent practice used by law enforcement agencies, including defendant NYPD, to identify suspects. The BRC Defendants refuse to diligently cooperate using this method because they are aware that Plaintiff can intelligently identify the individuals who engaged in the alleged unlawful acts.

Respectfully submitted,

        By:    Hicham Azkour, *pro se*

                _____



**Paul Kovner**

| | |
|---|---|
| **From:** | Kenneth Fiorella |
| **Sent:** | Monday, September 19, 2016 9:19 AM |
| **To:** | Paul Kovner |
| **Subject:** | FW: 4366864 - Bowery / Hicham Azkour |
| **Attachments:** | AzkourFirst Amended Complaint.pdf |

**From:** Kenneth Fiorella
**Sent:** Tuesday, September 06, 2016 2:06 PM
**To:** Michael.Adams@everestre.com
**Cc:** Auletta, Anthony (Anthony.Auletta@yorkrsg.com); dalpert@brc.org
**Subject:** 4366864 - Bowery / Hicham Azkour

Mike

As we recently advised, the pro se plaintiff in this matter has filed an amended complaint that names numerous additional parties, including our firm as defendant. The amended pleadings were served following a decision entered by the Second Circuit Court of Appeals. Attached is a copy of the amended complaint for your reference.

In connection therewith, plaintiff has also filed a motion to disqualify our firm as counsel as we are now a defendant in the action.

This will confirm that Everest has no objection to our continuing to represent Bowery Residence Committee Inc. ("BRC"), any named BRC employees and our firm. By copy to Debi Alpert of BRC, we are separately confirming her agreement to the foregoing. Please note that we are going to use this email as an Exhibit to our opposition to the motion. Please also note that we will separately be addressing the merits of the amendment.

If you have any questions, please do not hesitate to contact the undersigned.

Kenneth S. Fiorella, Esq.



**Rubin, Fiorella & Friedman LLP**
COUNSELORS AT LAW

630 Third Avenue, 3rd Floor
New York, New York 10017
Phone: (212) 953-2381
Direct: (212) 447-4610
Fax: (212) 953-2462
Email: KFiorella@rubinfiorella.com