## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

HICHAM AZKOUR,

                Plaintiff,

      -against-

CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT, NEW
YORK POLICE DEPARTMENT OFFICERS 1 TO 20, DETECTIVE
YURIY POSTERNAK, DETECTIVE LUIS TORRES, SERGEANT
PHILIP SANSONE, SPECIAL INVESTIGATOR PATRICK CAHILL,
SERGEANT GAGLIONE, OFFICER HUGUES, CIVILIAN
COMPLAINT REVIEW BOARD, BOWERY RESIDENTS'
COMMITTEE, INC., LAWRENCE ROSENBLATT a/k/a MUZZY
ROSENBLATT, JANET FORTE, TEREEN LLEWELYN-MILLER,
KEVIN MARTIN, KRISTIN SHILSON, KIMBERLY PENATER a/k/a
KIMBERLY SWEDENBERG, SADIQUA KHABIR, ANGELA
KEDZIOR, ABBY STUTHERS, KRYSTINA de JACQ, JASON
THOMAS, TODD KELLY, JOHN DOES 1 TO 5, JANE DOES 1 TO
5, PITT STREET/HDFC, RUBIN, FIORELLA & FRIEDMAN LLP,

Civil Action No.:
13 CV 5878 (TPG)

---

                Defendants.

---

## DEFENDANTS BRC, THE BRC DEFENDANTS, AND RUBIN, FIORELLA & FRIEDMAN LLP'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT

RUBIN, FIORELLA & FRIEDMAN LLP
630 Third Avenue, 3rd Floor
New York, New York 10017
(212) 953-2381
pkovner@rubinfiorella.com
*Attorneys for Defendants*
BOWERY RESIDENTS' COMMITTEE, INC.
LAWRENCE ROSENBLATT a/k/a MUZZY
ROSENBLATT, JANET FORTE, TEREEN
LLEWELYN-MILLER, KEVIN MARTIN, KRISTIN
SHILSON, KIMBERLY PENATER a/k/a KIMBERLY
SWEDENBERG, SADIQUA KHABIR, ANGELA
KEDZIOR, ABBY STUTHERS, KRYSTINA de JACQ,
JASON THOMAS, TODD KELLY, PITT
STREET/HDFC, and RUBIN, FIORELLA &
FRIEDMAN LLP

Of counsel:
Paul Kovner, Esq.
Tracey Mapou, Esq.

TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

LEGAL STANDARD APPLICABLE TO THE MOVING DEFENDANTS' MOTION . 5

1.    Dismissal Pursuant to Rule 12(b)(6) of the
      Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

2.    Dismissal Pursuant to Rule 12(c) of the
      Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

3.    Conversion to a Rule 56 Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

4.    Dismissal pursuant to Rule 56 of the
      Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POINT I
      THE MOVING DEFENDANTS ARE ENTITLED TO AN ORDER,
      PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF
      CIVIL PROCEDURE, DISMISSING ALL OF THE CLAIMS
      AGAINST THE NEWLY ADDED DEFENDANTS, AS WELL
      AS ALL OF THE NEWLY ADDED CAUSES OF ACTION
      AGAINST ALL BRC DEFENDANTS AND RFF . . . . . . . . . . . . . . . . . . . . 10

POINT II
      THE MOVING DEFENDANTS ARE ENTITLED TO AN ORDER GRANTING
      THEM JUDGMENT ON THE PLEADINGS AND/OR DISMISSING ALL CLAIMS
      ASSERTED AGAINST THEM BECAUSE THEY CONTAIN INSUFFICIENT
      FACTS TO STATE A CLAIM TO RELIEF THAT IS PLAUSIBLE ON ITS FACE
      OR, IN THE ALTERNATIVE, GRANTING SUMMARY JUDGMENT TO THE
      BRC DEFENDANTS AND RFF, DISMISSING PLAINTIFF'S FIRST AMENDED
      COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      A.    THE MOVING DEFENDANTS ARE ENTITLED TO DISMISSAL
            PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL
            PROCEDURE, AND/OR JUDGMENT ON THE PLEADINGS,
            PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL
            PROCEDURE, DISMISSING PLAINTIFF'S REPLED CLAIMS UNDER
            42 U.S.C. § 1981 AND THE FAIR HOUSING ACT BECAUSE THEY
            STILL CONTAIN NOTHING MORE THAN CONCLUSORY

i

ALLEGATIONS THAT FAIL TO GIVE PLAUSIBLE SUPPORT TO EVEN
A MINIMAL INFERENCE OF DISCRIMINATORY MOTIVATION OR,
IN THE ALTERNATIVE, GRANTING SUMMARY JUDGMENT TO THE
BRC DEFENDANTS AND RFF, DISMISSING PLAINTIFF'S FIRST
AMENDED COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1.      42 U.S.C. § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

2.      The Fair Housing Act (42 U.S.C. § 3604 and § 3617) . . . . . . . 17

B.      THE MOVING DEFENDANTS ARE ENTITLED TO DISMISSAL
PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL
PROCEDURE, AND/OR JUDGMENT ON THE PLEADINGS,
PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL
PROCEDURE, DISMISSING PLAINTIFF'S CAUSES OF ACTION THAT
WERE IMPROPERLY ADDED TO THE FIRST AMENDED COMPLAINT
BECAUSE THEY CONTAIN NOTHING MORE THAN CONCLUSORY
ALLEGATIONS THAT FAIL TO GIVE PLAUSIBLE SUPPORT FOR THE
CLAIMS OR, IN THE ALTERNATIVE, GRANTING SUMMARY
JUDGMENT TO THE BRC DEFENDANTS AND RFF, DISMISSING
PLAINTIFF'S FIRST AMENDED COMPLAINT . . . . . . . . . . . . . . . . . 18

1.      Unlawful Discrimination in Violation of Section 504 of the
Rehabilitation Act of 1973 (Cause of Action VIII) . . . . . . . . . . . 21

2.      Violation of Plaintiff's Rights Under the First Amendment to the
United States Constitution (Cause of Action X) . . . . . . . . . . . . . 25

C.      WHERE ALL OF PLAINTIFF'S CONSTITUTIONAL LAW CLAIMS
FAIL, THIS COURT MAY DECLINE TO EXERCISE SUPPLEMENTAL
JURISDICTION OVER HIS REMAINING STATE LAW CLAIMS . . 27

1.      False Arrest and False Imprisonment (Causes of Action XIII and
XIV) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

2.      Medical Malpractice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

3.      Fraudulent Concealment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

4.      Gross Negligence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

5.      Negligent Infliction of Emotional Distress . . . . . . . . . . . . . . . . . 35

6.      Intentional Infliction of Emotional Distress . . . . . . . . . . . . . . . . 36

POINT III

      PLAINTIFF'S CAUSES OF ACTION ASSERTED AGAINST RFF ARE
      NOTHING MORE THAN FRIVOLOUS AND MALICIOUS CLAIMS
      MOTIVATED BY PLAINTIFF'S IMPROPER DESIRE TO HAVE
      RFF DISQUALIFIED AS THE BRC DEFENDANTS' COUNSEL ......... 38

CONCLUSION ............................................................. 40

<u>TABLE OF AUTHORITIES</u>

<u>Cases</u>
*Abbas v. Dixon,*
480 F.3d 636, 639 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ackerson v. City of White Plains,*
702 F.3d 15, 19 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Alexander v. Pathfinder, Inc.,*
189 F.3d 735 (8th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Alford v. Southern Gen. Ins.,*
2013 U.S. Dist. LEXIS 35242 (E.D.N.C. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Anilao v. Spota,*
774 F. Supp. 2d 457 (E.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Ashcroft v. Iqbal,*
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) . . . . . . . . . . . . . . . 5, 6, 7, 29, 32, 33, 37

*Baker v. Latham Sparrowbush Assoc.,*
808 F. Supp. 992 (S.D. N.Y. 1992),
*modified on other grounds,* 808 F. Supp. 992 (S.D. N.Y. 1992),
*aff'd,* 72 F.3d 246 (2nd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Barrett v. Freifeld,*
77 A.D.3d 600, 908 N.Y.S.2d 736 (2d Dept. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . 32, 33

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Boyle v. Town of Hammond,*
375 F. App'x 85 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brass v. American Film Technologies, Inc.,*
987 F.2d 142 (2d Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Broughton v. State,*
37 N.Y.2d 451, 335 N.E.2d 310, 373 N.Y.S.2d 87 (1975) . . . . . . . . . . . . . . . . . . . . . . 28

*Burlew v American Mut. Ins. Co.,*
63 NY2d 412 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

iv

*Carmellino v. Dist. 20 of New York City Dept. of Educ.*,
03 CIV 5942 PKC, 2006 WL 2583019 (S.D.N.Y. Sept. 6, 2006) . . . . . . . . . . . . . . . . . . . . . . 29

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Colnaghi, U.S.A. v. Jewelers Protection Servs.*,
81 N.Y.2d 821, 611 N.E.2d 282, 595 N.Y.S.2d 381 (1993) . . . . . . . . . . . . . . . . . . . . . . 34

*Columbia Broadcasting System, Inc. v. Democratic Nat'l Committee*,
412 U.S. 94, 93 S. Ct. 2080 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Cortec Indus., Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Delaware & H. Ry. Co. v. Consolidated Rail Corp.*,
902 F.2d 174 (2d Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Delince v. City of New York*,
10 CIV. 4323 PKC, 2011 WL 666347 (S.D.N.Y. Feb. 7, 2011) . . . . . . . . . . . . . . . . . . . . 29

*Edwards v. Mercy Home for Children and Adults, Inc*,
303 A.D.2d 543755 N.Y.S.2d 732 (2d. Dept. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Everett v. Loretto Adult Community, Inc.*,
32 A.D.3d 1273, 822 N.Y.S.2d 681 (4th Dept. 2006) . . . . . . . . . . . . . . . . . . . . . . 34, 36

*Fischer v Maloney*,
43 NY2d, at 557 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Freihofer v Hearst Corp.*,
65 NY2d, at 143-144 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Friedman v. Skokie*,
763 F.2d 236 (7th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Gen. Signal Corp. v. MCI Telecommunications Corp.*,
66 F.3d 1500 (9th Cir. 1995),
*cert. denied*, 516 U.S. 1146 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*George v. Pathways to Hous., Inc.*,
No. 10 CIV 9505 ER, 2012 WL2512964 (S.D.N.Y. June 29, 2012) . . . . . . . . . . . . . . . . . 15

*Ginsberg v. Am. Airlines*,
09 CIV 3226 LTS KNF, 2010 WL 3958843 (S.D.N.Y. Sept. 27, 2010) . . . . . . . . . . . . . . . 15

*Goldstein v. Pataki,*
516 F.3d 50 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Herbert Constr. Co. v. Continental Ins. Co.,*
931 F.2d 989 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Howell v. New York Post Co.,*
81 N.Y.2d 115, 612 N.E.2d 699, 596 N.Y.S.2d 350 (1993) . . . . . . . . . . . . . . . . . . . . . 36

*Hurley v. Irish-American Gay,*
515 U.S. 557, 115 S. Ct. 2338 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*In re Merrill Lynch Ltd. P'ships Litig.,*
154 F.3d 56 (2d Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Inland Cities Express, Inc. v. Diamond Nat'l Corp.,*
524 F.2d 753 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,*
62 F.3d 69 (2d Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*InterDigital Communs. Corp. v. Nokia Corp.,*
407 F. Supp. 2d 522 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*James v. Countrywide Financial Corp.,*
849 F. Supp. 2d 296 (E.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kalisch-Jarcho, Inc. v. City of New York,*
58 N.Y.2d 377, 448 N.E.2d 413, 461 N.Y.S.2d 746 (2011) . . . . . . . . . . . . . . . . . . . . . . 34

*King v. Crossland Sav. Bank,*
111 F.3d 251 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28, 29

*Kraft v. City of New York,*
696 F. Supp. 2d 403 (S.D.N.Y. 2010),
*aff'd,* 441 F. App'x. 24 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*LaFrance v. Bemben,*
10-CV-4583 SLT MDG, 2013 WL 132702 (E.D.N.Y. Jan. 10, 2013) . . . . . . . . . . . . . . . 27, 28

*Liranzo v. United States,*
690 F.3d 78 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*LoFaso v. City of New York,*
66 A.D.3d 425, 886 N.Y.S.2d 385 (1st Dept. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Mejia v. City of New York,*
119 F. Supp. 2d 232 (E.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Morgan Distrib. Co. v. Unidynamic Corp.,*
868 F.2d 992 (8th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Murphy,*
58 NY2d, at 303 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Murray v. National Broadcasting Co.,*
844 F.2d 9882 (2d Cir. 1988),
*cert. denied,* 488 U.S. 955, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988) . . . . . . . . . . . . . . . . . . . . . . 9

*Neitzke v. Williams,*
490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Nestor v. Britt,*
270 A.D.2d 192, 707 N.Y.S.2d 11 (1st Dept. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Odom v. Columbia University,*
906 F.Supp. 188 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Onwuka v. New York City Taxi Limousine Comm'n,*
10-CV-5399 SLT LB, 2012 WL 34090 (E.D.N.Y. Jan. 6, 2012) . . . . . . . . . . . . . . . . . . . . . . 6

*Pantazis v. Fior D'Italia, Inc.,*
1994 U.S. Dist LEXIS 13622 (N.D. Cal. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Posr v. Doherty,*
944 F.2d 91 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Purdy v. Public Adm'r of County of Westchester,*
72 N.Y.2d 1, 526 N.E.2d 4, 530 N.Y.S.2d 513 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Roberts v. Babkiewicz,*
582 F.3d 418 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Santoro ex rel. Santoro v. Donnelly,*
340 F. Supp. 2d 464 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*Sikhs for Justice v. Nath,*
10 CIV. 2940, 2012 WL 4328329(S.D.N.Y. Sept. 21, 2012) . . . . . . . . . . . . . . . . . . . . . . . 6

*Singer v. Fulton Cty. Sheriff,*
63 F.3d 110 (2d Cir. 1995),
*cert. denied,* 517 U.S. 1189, 116 S. Ct. 1676, 134 L. Ed. 2d 779 (1996) . . . . . . . . . . . . . . . . . 27

*Sommer v. Federal Signal Corp.,*
79 N.Y.2d 540, 593 N.E.2d 1365, 583 N.Y.S.2d 957 (1992) . . . . . . . . . . . . . . . . . . . . . . . . 34

*Sybalski v. Indep. Grp. Home Living Program, Inc.,*
546 F.3d 255 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*United States v. All Right, Title & Interest in Real Property, etc.,*
901 F.2d 288 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Vaher v. Town of Orangetown, N.Y.,*
10 CIV. 1606 ER, 2013 WL 42415 (S.D.N.Y. Jan. 2, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Vega v. Hempstead Union Free Sch. Dist.,*
801 F.3d 72 (2d Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Young v. Halle Hous. Associates, L.P.,*
152 F. Supp. 2d 355 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Statutes

28 U.S.C. § 1367(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
28 U.S.C. § 1915(e)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
29 U.S.C. § 705(9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22
29 U.S.C. § 794 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
29 U.S.C. § 794(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
29 U.S.C. § 794(b)(3)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23
29 USCS §§ 701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
42 U.S.C. § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 14-17
42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27, 28
42 U.S.C. § 3604 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17, 20
42 U.S.C. § 3617 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17, 20
42 U.S.C. § 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
7(20) [29 USCS § 705(20) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 12, 13, 14, 20
Fed.R.Civ.P. 10(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Fed.R.Civ.P. 12(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Fed.R.Civ.P. 12(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Fed.R.Civ.P. 15(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Fed.R.Civ.P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 37
Rehabilitation Act of 1973 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
Section 504 of the Rehabilitation Act of 1973 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Authorities

Prosser and Keeton, Torts § 12  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support of the motion by

defendants, BOWERY RESIDENTS' COMMITTEE, INC. ("BRC"), LAWRENCE

ROSENBLATT a/k/a MUZZY ROSENBLATT, JANET FORTE, TEREEN LLEWELYN-

MILLER, KEVIN MARTIN, KRISTIN SHILSON, KIMBERLY PENATER a/k/a KIMBERLY

SWEDENBERG, SADIQUA KHABIR, ANGELA KEDZIOR, ABBY STUTHERS,

KRYSTINA de JACQ, JASON THOMAS, TODD KELLY, PITT STREET/HDFC (collectively

with BRC, the "BRC Defendants"), and RUBIN, FIORELLA & FRIEDMAN LLP ("RFF"), for

an Order dismissing Plaintiff, Hicham Azkour's (hereinafter "Plaintiff"),  First Amended

Complaint pursuant to Rule 12(b)(6) and/or Rule 12(c) of the Federal Rules of Civil Procedure

for failure to state a claim upon which relief can be granted and/or for judgment on the pleadings

or, in the alternative, granting summary judgment pursuant to Rule 56 of the Federal Rules of

Civil Procedure to the BRC Defendants and RFF (collectively, the "Moving Defendants").

Initially, the Moving Defendants should be granted judgment dismissing the First

Amended Complaint to the extent that Plaintiff amended his initial Complaint beyond the scope

of the Second Circuit's Summary Order, dated May 9, 2016 (the "Summary Order"), which

granted Plaintiff leave to amend his initial Complaint only as to his claims under 42 U.S.C. §

1981 and the Fair Housing Act (*see*, Exhibit "A").  Those claims are set forth in Causes of

Action IV, V, VI, and VII of the First Amended Complaint.

Nevertheless, Plaintiff's First Amended Complaint added 19 new defendants–including

eight (8) new BRC Defendants and RFF–and 15 new causes of action, nine (9) of which are

asserted against the BRC Defendants and/or RFF.  Since Plaintiff failed to move, pursuant to

Rule 15(a)(2) of the Federal Rules of Civil Procedure, for leave of court to add these additional

parties and causes of action, this Court should dismiss all causes of action asserted against the

newly added BRC Defendants (*i.e.*, KRISTIN SHILSON, KIMBERLY PENATER a/k/a

KIMBERLY SWEDENBERG, SADIQUA KHABIR, ABBY STUTHERS, KRYSTINA de

JACQ, JASON THOMAS, TODD KELLY, and PITT STREET/HDFC) and the newly added

defendant, RFF, as well as all of the newly added causes of action asserted against the originally

named BRC Defendants (*i.e.*, Causes of Action VIII, X, XIII, XIV, XV, XVI, XVII, XVIII, and

XIX).

Furthermore, assuming *arguendo* that this Court decides to consider all of the new causes

of action, as well as all of the causes of action asserted against the newly added BRC Defendants

and/or RFF, on the merits, the Moving Defendants should be granted judgment on the pleadings

dismissing the First Amended Complaint as against the BRC Defendants and RFF as to all

causes of action asserted against them (*i.e.*, Causes of Action IV, V, VI, VII, VIII, X, XIII, XIV,

XV, XVI, XVII, XVIII, and XIX), as well.  As was the case regarding Plaintiff's initial

Complaint, which was dismissed by this Court, Plaintiff has failed to allege the requisite factual

and evidentiary support for his claims, and instead does nothing more than raise speculation that

the Moving Defendants somehow discriminated against him on the basis of his mental health

status, race, ethnicity, religion or national origin–or, in the case of RFF, advised the BRC

Defendants to do so.  Although the First Amended Complaint contains some additional similar

allegations to the initial Complaint, a review of these allegations also reveals nothing but

conclusory, speculative and vague assertions that the Moving Defendants conspired to

discriminate against him or intentionally discriminated against him. The bulk of Plaintiff's

claims revolve around his alleged failure to receive public assistance benefits, proper housing,

2

and his personal medical records, as well as an alleged deprivation of his civil rights, particularly, his right to free expression and to not be falsely arrested or imprisoned.

As the BRC Defendants have attested, BRC does not control Plaintiff's receipt of the aforementioned services and benefits; they are controlled by the City of New York Department of Homeless Services ("DHS") or the City of New York Human Resources Administration ("HRA"), or a combination of both agencies. In that respect, Plaintiff has no claim against any of the Moving Defendants on these issues, and the corresponding claims against the Moving Defendants should be dismissed.

Additionally, to the extent that Plaintiff claims the Moving Defendants failed to protect his person and his property from theft by other BRC clients due to the Moving Defendants' racial motivations, not only is there absolutely no factual support for such a notion, but the Moving Defendants have no duty to act as Plaintiff's personal protector and have no police power to do so. Plaintiff was informed at intake into BRC's Jack Ryan Residence that he is responsible for his own property and his person. It is the Moving Defendants' position that these claims are frivolous and malicious and were brought for no other reason than to harass the Moving Defendants.

Similarly, Plaintiff's claims regarding the alleged deprivation of his civil rights by the Moving Defendants are also baseless and completely without merit. The Moving Defendants are all private entities, or individuals acting on behalf of private entities, not state actors and, thus, are not subjected to the same requirements regarding Plaintiff's right to free expression, or to not be falsely arrested or imprisoned, as a municipality, government agency, and/or police

department.  Once again, the Moving Defendants believe that these claims are frivolous and malicious and only asserted to harass them.

The causes of action asserted against RFF in the First Amended Complaint should be dismissed because they are outside the scope of the Summary Order granting Plaintiff leave to amend the initial Complaint and because they contain nothing other than conclusory allegations. Moreover, Plaintiff's assertion of  claims against RFF is motivated by Plaintiff's improper desire to have RFF disqualified as counsel for the BRC Defendants after RFF has represented them for more than three (3) years in connection with these and related claims.  Indeed, the proof of Plaintiff's improper motive is his pending motion to disqualify this law firm because of an alleged conflict of interest, to which RFF filed its opposition on September 22, 2016 (Docket Nos. "76" and "82").

Moreover, since Plaintiff's constitutional claims should all be dismissed, this Court may decline to exercise supplemental jurisdiction over his remaining state law claims.  The Court so declined in its March 23, 2015 Opinion dismissing the initial Complaint, and there have been no new developments that would warrant a different decision in connection with the First Amended Complaint.

Accordingly, the Moving Defendants respectfully request that this Court dismiss Plaintiff's First Amended Complaint, as against the BRC Defendants and RFF, in its entirety.

## STATEMENT OF FACTS

The Court is respectfully referred to the Moving Defendants' Local Rule 56.1 Statement of Uncontested Material Facts submitted on behalf of the within motion.

## ARGUMENT

## LEGAL STANDARD APPLICABLE TO THE MOVING DEFENDANTS' MOTION

### 1.     Dismissal Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

A defendant is entitled to make a motion to dismiss a claim for relief for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).   A cause of action should be dismissed if it does not "allege 'enough facts to state a claim to relief that is plausible on its face.'" *James v. Countrywide Financial Corp.*, 849 F. Supp. 2d 296, 306 (E.D.N.Y. 2012) (*quoting*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *James*, *supra* at 306 (*quoting*, *Twombly*, *supra* at 555).   The Court will accept as true all factual allegations, but is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*   The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*   If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, *supra* at 570; *Iqbal*, *supra* at 680.   *See also*, *Vaher v. Town of Orangetown, N.Y.*, 10 CIV. 1606 ER, 2013 WL 42415, at *11 (S.D.N.Y. Jan.

2, 2013). Pled facts that are "'merely consistent' with a defendant's liability" are insufficient. *Iqbal*, *supra* at 678.

A complaint's allegations "must be complete enough to enable a reader to understand how each defendant was personally involved in the wrongdoing plaintiff is alleging." *Sikhs for Justice v. Nath*, 10 CIV. 2940, 2012 WL 4328329, at *16 (S.D.N.Y. Sept. 21, 2012) (emphasis added). *See also*, *Onwuka v. New York City Taxi Limousine Comm'n*, 10-CV-5399 SLT LB, 2012 WL 34090, at *4-5 (E.D.N.Y. Jan. 6, 2012) (complaint "should be complete enough to enable a reader to understand how each defendant was personally involved in the wrongdoing plaintiff is alleging").

### 2.  <u>Dismissal Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure</u>

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c).  On a 12(c) motion, the court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009).

To survive a motion for judgment on the pleadings, a plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Fed.Rules Civ.Proc. Rule 12(c).  As the Second Circuit noted in its May 9, 2016 Summary Order (Exhibit A), a plaintiff in a discrimination case is only required to "give plausible support to a minimal inference of discriminatory motivation." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2016).  That being said, under the two-pronged approach to evaluating the sufficiency of a complaint on a motion for judgment on the pleadings, a court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the

assumption of truth; at the second step, a court should determine whether the well-pleaded factual allegations, assumed to be true, plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009). The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal, supra* at 1949. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements ... are not entitled to the assumption of truth." *Id.* at 1949–1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. *Id.* at 1950. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* at 1949. Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" *Goldstein v. Pataki*, 516 F.3d 50, 56-57 (2d Cir. 2008).

Under 28 U.S.C. § 1915(e)(2)(B), the *in forma pauperis* statute, the court is required to dismiss a complaint if the court determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). "An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, if it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [that] are clearly baseless.'" *Boyle v. Town of Hammond*, 375 F. App'x 85, 86 (2d Cir. 2010) (*quoting Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

3. <u>**Conversion to a Rule 56 Motion**</u>

When material outside the complaint is presented to and not excluded by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in [Federal Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion...." Fed.R.Civ.P. 12(d).  For purposes of this rule, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir.1995) *(quoting Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991)); Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").  Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. *Int'l Audiotext, supra* at 72.  Accordingly, "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12 [(b)(6)] motion into one under Rule 56 is largely dissipated." *Cortec, supra* at 4; *see also Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993) (on a motion to dismiss, a court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, ... matters of which judicial notice may be taken, or ... documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.").

### 4.    Dismissal pursuant to Rule 56 of the Federal Rules of Civil Procedure

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

8

and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c). "Summary judgment is appropriate if, 'after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party.'" *United States v. All Right, Title & Interest in Real Property, etc.,* 901 F.2d 288, 290 (2d Cir. 1990) (*quoting Murray v. National Broadcasting Co.,* 844 F.2d 988, 992 (2d Cir. 1988), *cert. denied,* 488 U.S. 955, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988)).

Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law governing the case identifies the material facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Herbert Constr. Co. v. Continental Ins. Co.,* 931 F.2d 989, 993 (2d Cir. 1991). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying which materials it believes "demonstrate the absence of a genuine issue of material fact." *Celotex, supra* at 323. "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex, supra* at 325.

Once a motion for summary judgment is properly made, the burden shifts to the nonmoving party, which "'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson, supra* at 250 (*quoting* Fed.R.Civ.P. 56(e)). "Conclusory allegations will not suffice to create a genuine issue. There must be more than a 'scintilla of evidence,' and more than 'some

9

metaphysical doubt as to the material facts.'" *Delaware & H. Ry. Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir.1990) (*quoting Anderson, supra* at 252, and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986)), *cert. denied*, 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991).

## POINT I

### THE MOVING DEFENDANTS ARE ENTITLED TO AN ORDER, PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, DISMISSING ALL OF THE CLAIMS AGAINST THE NEWLY ADDED DEFENDANTS, AS WELL AS ALL OF THE NEWLY ADDED CAUSES OF ACTION AGAINST ALL BRC DEFENDANTS AND RFF

In an Opinion filed by this Court on March 23, 2015, the originally named BRC Defendants (*i.e.*, BRC, LAWRENCE a/k/a MUZZY ROSENBLATT, JANET FORTE, KEVIN MARTIN, TEREEN LLEWELYN-MILLER, and ANGELA KEDZIOR) were granted judgment on the pleadings with respect to all of the causes of action asserted in Plaintiff's initial Complaint (a copy of this Court's March 23, 2015 Opinion is annexed hereto as Exhibit "B," and a copy of Plaintiff's initial Complaint is annexed hereto as Exhibit "C"). Plaintiff proceeded to appeal that decision and, although the Second Circuit affirmed most of this Court's judgment, it also vacated and remanded the judgment with respect to Plaintiff's claims under 42 U.S.C. § 1981 and the Fair Housing Act, with instructions to this Court to allow Plaintiff to amend his Complaint **as to those claims** (*see*, Exhibit "A").

Notwithstanding the Summary Order's limitations as to the extent Plaintiff would be allowed to amend his Complaint, Plaintiff's First Amended Complaint, in addition to repleading his claims under 42 U.S.C. § 1981 and the Fair Housing Act in Causes of Action IV, V, VI, and VII (albeit, still

10

deficiently, as will be discussed below), added 19 new defendants–including eight (8) new BRC

Defendants and RFF–and 15 new causes of action, nine (9) of which are asserted against the BRC

Defendants and/or RFF (Causes of Action VIII, X, XIII, XIV, XV, XVI, XVII, XVIII, and XIX). Not

only were these amendments beyond the scope of what was allowed by the Summary Order, but

Plaintiff did not make the necessary motion, pursuant to Federal Rules of Civil Procedure 15(a)(2),

for leave to make such amendments.

Amending a complaint beyond the scope of the court's order granting leave to amend is

improper. *Baker v. Latham Sparrowbush Assoc.*, 808 F. Supp. 992, 997 (S.D. N.Y. 1992), *modified

on other grounds*, 808 F. Supp. 992 (S.D. N.Y. 1992), *aff'd*, 72 F.3d 246 (2nd Cir. 1995) (plaintiff

requested, and court granted, plaintiff leave to replead certain claims but not others. The plaintiff's

repleading the other claims "was therefore improper").  Such improperly added claims may be

dismissed. *Pantazis v. Fior D'Italia, Inc.*, 1994 U.S. Dist LEXIS 13622, *23-24 (N.D. Cal. 1994)

("plaintiff's current state law causes of action are precluded by federal law, and/or fail to state a valid

claim for relief, and/or are not properly before this Court as they exceed the scope of amendment

permitted by this Court. Count Seven is therefore DISMISSED") (upper case in original). *See also*,

*Inland Cities Express, Inc. v. Diamond Nat'l Corp.*,  524 F.2d 753, 755 (9th Cir. 1975) ("We refuse

to consider the availability issue.  The written amendment [to the complaint] did not conform to the

oral amendment allowed by the district court.  The issue was never presented to the district judge

and he had no opportunity to rule upon it"); *Friedman v. Skokie*, 763 F.2d 236, 239 (7th Cir. 1985)

("Filing an amendment to a complaint without seeking leave of court or written consent of the parties

is a nullity"); *Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir.

1995), *cert. denied*, 516 U.S. 1146 (1996) (court had to issue new ruling that defendant could assert

11

new counterclaims because prior leave to amend did not authorize defendant to add new counterclaims); *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (party cannot "unilaterally amend a complaint at will"); *Alford v. Southern Gen. Ins.*, 2013 U.S. Dist. LEXIS 35242, *6 (E.D.N.C. 2013) (plaintiff's attempts to amend complaint without leave were "of no effect").

Since the Summary Order only allowed for Plaintiff to amend his initial Complaint to replead the causes of action that arose out of alleged violations of 42 U.S.C. § 1981 and the Fair Housing Act, Plaintiff's addition of new defendants, as well as new causes of action that are unrelated to 42 U.S.C. § 1981 and the Fair Housing Act, was improper. Accordingly, this Court should dismiss all claims asserted against the newly added BRC Defendants (*i.e.*, KRISTIN SHILSON, KIMBERLY PENATER a/k/a KIMBERLY SWEDENBERG, SADIQUA KHABIR, ABBY STUTHERS, KRYSTINA de JACQ, JASON THOMAS, TODD KELLY, and PITT STREET/HDFC) and the newly added defendant, RFF, as well as all of the newly added causes of action asserted against all BRC Defendants and RFF (*i.e.*, Causes of Action VIII, X, XIII, XIV, XV, XVI, XVII, XVIII, and XIX), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## POINT II

### THE MOVING DEFENDANTS ARE ENTITLED TO AN ORDER GRANTING THEM JUDGMENT ON THE PLEADINGS AND/OR DISMISSING ALL CLAIMS ASSERTED AGAINST THEM BECAUSE THEY CONTAIN INSUFFICIENT FACTS TO STATE A CLAIM TO RELIEF THAT IS PLAUSIBLE ON ITS FACE OR, IN THE ALTERNATIVE, GRANTING SUMMARY JUDGMENT TO THE BRC DEFENDANTS AND RFF, DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT

Even if this Court were to consider all of the First Amended Complaint's causes of action, and against all of the named defendants, they are entitled to an Order dismissing all causes of action

asserted against them for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and/or judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the merits. The reason is that although Plaintiff was afforded the opportunity to replead certain causes of action so that they would meet the standard of stating a plausible claim to relief, none of the causes of action asserted in the First Amended Complaint meet that standard.

As demonstrated above, Plaintiff's newly added causes of action should be dismissed as being improper amendments. Accordingly, we will separately address the causes of action that the Summary Order granted leave to be repled, and those that were impermissibly added to the First Amended Complaint.

Additionally, we will separately address Plaintiff's state law claims. Not only do those causes of action fail to state a plausible claim for relief, but, once Plaintiff's constitutional law claims fail, this Court may decline to exercise supplemental jurisdiction over the remaining state law claims, as it chose to do in its March 23, 2015 Opinion (*see*, Exhibit "B"). Furthermore, two (2) of Plaintiff's state law claims asserted in the First Amended Complaint–"Gross Negligence" (Cause of Action XVII) and "Negligent Infliction of Emotional Distress" (Cause of Action XVIII)–were previously asserted in the initial Complaint (Causes of Action X and XI, respectively). Since the Summary Order did not allow for Plaintiff to replead these specific causes of action, their inclusion in the First Amended Complaint is particularly egregious and improper.

13

**A.**   **THE MOVING DEFENDANTS ARE ENTITLED TO DISMISSAL PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND/OR JUDGMENT ON THE PLEADINGS, PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE, DISMISSING PLAINTIFF'S REPLED CLAIMS UNDER 42 U.S.C. § 1981 AND THE FAIR HOUSING ACT BECAUSE THEY STILL CONTAIN NOTHING MORE THAN CONCLUSORY ALLEGATIONS THAT FAIL TO GIVE PLAUSIBLE SUPPORT TO EVEN A MINIMAL INFERENCE OF DISCRIMINATORY MOTIVATION OR, IN THE ALTERNATIVE, GRANTING SUMMARY JUDGMENT TO THE BRC DEFENDANTS AND RFF, DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to the authority of the Summary Order, Plaintiff's First Amended Complaint repled his claims under 42 U.S.C. § 1981 and the Fair Housing Act as Causes of Action IV, V, VI, and VII (*see*, Exhibit "D").   The original BRC Defendants were granted judgment on the pleadings dismissing Plaintiff's claims in his initial Complaint under 42 U.S.C. § 1981 and the Fair Housing Act on the grounds that Plaintiff only asserted conclusory allegations in support of these claims and, thus, failed to state a claim to relief that is plausible on its face (*see*, Exhibit "B").   However, these repled causes of action in Plaintiff's First Amended Complaint still consist of nothing more than conclusory allegations and, thus, fail to give plausible support to even a minimal inference of discriminatory motivation.

**1.**   **42 U.S.C. § 1981**

As was true in the initial Complaint, Plaintiff's First Amended Complaint asserts two (2) separate causes of action arising out of alleged violations of 42 U.S.C. § 1981.   First, Cause of Action IV alleges "Unlawful Discrimination In Violation of 42 U.S.C. § 1981 As To The BRC

Defendants And The City Defendants."[1]  Furthermore, Cause of Action V alleges "Unlawful Retaliation In Violation Of 42 U.S.C. § 1981 As To The BRC Defendants."[2]

Given the opportunity to replead his 42 U.S.C. § 1981 claims in a manner that would give plausible support to at least a minimal inference of discriminatory motivation, Plaintiff failed to satisfy this standard, yet again.  The only differences between these repled causes of action and the original ones were that Plaintiff: (a) included additional and similar/related conclusory allegations (including, *inter alia*, adding a reference to his commencement of the instant action); and, (b) at least with respect to Cause of Action IV (the discrimination claim asserted as Cause of Action I in the initial Complaint), added a conclusory allegation that the BRC Defendants referred non-Arab residents to suitable housing, while they failed to do so for him, an Arab resident (*see*, Exhibit "C," Causes of Action I and II; and, Exhibit "D," Causes of Action IV and V).  Plaintiff does not provide any factual support for these allegations–he does not even specifically identify the non-Arab residents who were allegedly treated differently–but, rather, makes numerous conclusory allegations. As this Court noted in its March 23, 2015 Opinion (*see*, Exhibit "B"), without more than conclusory allegations, Plaintiff's § 1981 claims are not sustainable.  *See*, *George v. Pathways to Hous., Inc.*, No. 10 CIV 9505 ER, 2012 WL2512964, at *4 (S.D.N.Y. June 29, 2012).

Additionally, the March 23, 2015 Opinion set forth another basis for dismissing Plaintiff's § 1981 claims in the initial Complaint that still holds true for the repled § 1981 claims in the First Amended Complaint.  More specifically, this Court held that Plaintiff's initial Complaint claimed

---

[1]     The initial Complaint asserted "Intentional Discrimination In Violation Of 42 U.S.C. § 1981" as Cause of Action I, and only against the original BRC Defendants, who were the only named defendants in this action at that time.

[2]     The initial Complaint asserted "Unlawful Retaliation In Violation Of 42 U.S.C. § 1981" as Cause of Action II and, once again, only against the original BRC Defendants.

that the alleged wrongful conduct was motivated by BRC's desire to financially benefit from the funds allocated to its mental health program by government agencies–not by animus toward Plaintiff because he is an Arab–and such actions, even if they were true, do not provide an actionable basis for claims under § 1981. The Court's attention is respectfully directed to paragraph "507" of the First Amended Complaint, which alleges:

> The BRC Defendants, based upon his race, discriminated against Plaintiff by creating fraudulent medical evaluations and reports for the purpose of meeting the disability requirements set by 42 U.S.C. § 8013 and **securing financial gain by receiving Section 8 rent payments**.

*See*, Exhibit "D" [Emphasis added].

Plaintiff has, once again, proven incapable of providing anything other than conclusory allegations to support his claims that the Moving Defendants' alleged actions were racially motivated by the fact that he is an Arab. Without more, accusations of race-based discrimination and unequal treatment will not survive a motion to dismiss. *See*, *Odom v. Columbia University*, 906 F.Supp. 188 (S.D.N.Y. 1995) (dismissing plaintiff's § 1981 claim against Columbia University where there was no factual evidence for her claims that she was discriminated against because she is African-American). Accordingly, the Moving Defendants are entitled to the dismissal of, and/or judgment on the pleadings dismissing Plaintiff's claims under 42 U.S.C. § 1981 (*i.e.*, Causes of Action IV and V in the First Amended Complaint).

## 2.    The Fair Housing Act (42 U.S.C. § 3604 and § 3617)

With respect to Plaintiff's claims under the Fair Housing Act, both the initial Complaint and the First Amended Complaint, assert two (2) separate causes of action. In the First Amended Complaint, Cause of Action VI alleges "Unlawful Discrimination In Violation of 42 U.S.C. § 3604

16

As To BRC Defendants,"[3] and Cause of Action VII alleges "Unlawful Intimidation, Coercion, Threats, And Interference In Violation Of 42 U.S.C. § 3617 As To The BRC Defendants And The Law Firm Defendants."[4]

As with Plaintiff's § 1981 claims, although Plaintiff was given the opportunity to replead his claims under the Fair Housing Act (*i.e.*, 42 U.S.C. § 3604 and § 3617) in a manner that would give plausible support to at least a minimal inference of discriminatory motivation, Plaintiff was again unable to satisfy this standard.  In this instance, the differences between the repled causes of action and the original ones were that Plaintiff: (a) again included additional and similar/related conclusory allegations (*e.g.*, that there is a nexus between the BRC Defendants' alleged acts of harassment, amounting to civil rights violations, and Plaintiff's allegedly substandard housing conditions); (b) with regard to Cause of Action VI (the § 3604 claim asserted as Cause of Action VIII in the initial Complaint), added conclusory allegations that the BRC Defendants had control and authority over the terms, conditions, or privileges of rental of Plaintiff's dwelling, and that other residents who were not Arab, Muslim, or Moroccan were not subjected to the hostile environment he was, as an Arab, Muslim, and Moroccan; and, (c) with regard to Cause of Action VII (the § 3617 claim asserted as Cause of Action IX in the initial Complaint), added conclusory allegations that RFF advised defendant ANGELA KEDZIOR to take adverse and unlawful action against the Plaintiff (*see,* Exhibit "C," Causes of Action VIII and IX; and, Exhibit "D," Causes of Action VI and VII).

---

[3]     In the initial Complaint, Plaintiff alleged "Intentional Discrimination In Violation Of 42 U.S.C. § 3604" as Cause of Action VIII, and only against the original BRC Defendants.

[4]     In the initial Complaint, Plaintiff alleged "Intimidation, Coercion, Threats, And Interference In Violation Of 42 U.S.C. § 3617" as Cause of Action IX and, of course, only against the original BRC Defendants.

Once again, Plaintiff does not provide any factual support for his allegations–he merely sets forth conclusory statements.  For example, while he alleges that the BRC Defendants have control and authority over the terms, conditions, or privileges of rental of his dwelling–which he presumably added in response to this Court's holding in its March 23, 2015 Opinion that the BRC Defendants did **not** have such control (*see*, Exhibit "B")–that conclusory statement is all he offers in support of that claim.  On the contrary, the Moving Defendants have previously submitted the Affidavits of some of the individual BRC Defendants to refute that they had the alleged control, or that Plaintiff had been subjected to the alleged harassment/wrongful conduct.

Indeed, annexed hereto as Exhibit "E" is the May 6, 2014 Affidavit of Janet Forte, which had previously been submitted as Exhibit "B" to the initial dispositive motion filed by the original BRC Defendants (the "Forte Affidavit").  Ms. Forte attested to the contents of the Forte Affidavit in her capacity as Director of the BRC's Jack Ryan Residence (the "Jack Ryan Residence"), the facility where much of the alleged misconduct is said to have occurred.  As detailed in the Forte Affidavit, it is the DHS and/or the HRA that have control and authority over the services and benefits referenced by Plaintiff, not the BRC or any of the BRC Defendants.  It further sets forth, in detail, how Plaintiff was put in position to obtain all of the services and benefits he referenced–including suitable housing and copies of his medical records–and how his failure to obtain them was not due to any action/inaction on the part of the BRC Defendants.  (*See*, Exhibit "E.")

Similarly, annexed hereto as Exhibit "F" is the May 2, 2014 Affidavit of Kristen Shilson, MA, which had previously been submitted as Exhibit "C" to the initial dispositive motion filed by the original BRC Defendants (the "Shilson Affidavit").  Ms. Shilson attested to the contents of the Shilson Affidavit in her capacity as the Program Director of Los Vecinos Apartments ("Los

18

Vecinos"), another BRC facility at which some of the alleged misconduct is said to have occurred. Ms. Shilson specifically refuted Plaintiff's allegations surrounding his move to Los Vecinos and also indicated that BRC did not control the services and benefits Plaintiff references but, rather, the HRA did so. (*See*, Exhibit "F.")

Additionally, annexed hereto as Exhibit "G" is the April 22, 2014 Affidavit of Todd Kelley, which had previously been submitted as Exhibit "D" to the initial dispositive motion filed by the original BRC Defendants (the "Kelley Affidavit"). Mr. Kelley attested to the contents of the Kelley Affidavit in his capacity as Site Coordinator for the Jack Ryan Residence. The Kelley Affidavit specifically refutes Plaintiff's allegations regarding the theft of his property and the BRC Defendants' alleged misconduct in connection with these alleged incidents. (*See*, Exhibit "G.")

Similarly, annexed hereto as Exhibit "H" is the April 28, 2014 Affidavit of Jason Thomas, which had previously been submitted as Exhibit "E" to the initial dispositive motion filed by the original BRC Defendants (the "Thomas Affidavit"). Mr. Thomas attested to the contents of the Thomas Affidavit in his capacity as a Shift Supervisor for the Jack Ryan Residence. Like the Kelley Affidavit, the Thomas Affidavit specifically refutes Plaintiff's allegations regarding theft of his property and the BRC Defendants' alleged misconduct in connection with these alleged incidents. (*See*, Exhibit "H.")

Thus, Plaintiff has failed to provide anything other than conclusory allegations to support any inference that there is any connection between the Moving Defendants' alleged violations of the Fair Housing Act and Plaintiff's race or purported disability. On the contrary, the Moving Defendants have provided admissible evidence in the form of the Forte Affidavit, Shilson Affidavit, Kelley Affidavit, and Thomas Affidavit, together with all of the exhibits annexed thereto, which establishes

that: (a) the services and benefits referenced by the Plaintiff were controlled by the DHS and/or the HRA, not the BRC Defendants; (b) Plaintiff's failure to obtain the referenced services and benefits was not due to any action/inaction on the part of the BRC Defendants; and, (c) Plaintiff was not subjected to the alleged harassment/misconduct in connection with the alleged theft of his property and the BRC Defendants' response thereto.

As this Court indicated in its March 23, 2015 Opinion, without more than conclusory allegations, Plaintiff's claims must be dismissed (*see*, Exhibit "B").  Accordingly, the Moving Defendants are entitled to the dismissal of, and/or judgment on the pleadings dismissing, Plaintiff's claims under the Fair Housing Act (*i.e.*, 42 U.S.C. § 3604 and § 3617), set forth as Causes of Action VI and VII in the First Amended Complaint or, in the alternative, summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, as to these claims.

**B.**   **THE MOVING DEFENDANTS ARE ENTITLED TO DISMISSAL PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND/OR JUDGMENT ON THE PLEADINGS, PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE, DISMISSING PLAINTIFF'S CAUSES OF ACTION THAT WERE IMPROPERLY ADDED TO THE FIRST AMENDED COMPLAINT BECAUSE THEY CONTAIN NOTHING MORE THAN CONCLUSORY ALLEGATIONS THAT FAIL TO GIVE PLAUSIBLE SUPPORT FOR THE CLAIMS OR, IN THE ALTERNATIVE, GRANTING SUMMARY JUDGMENT TO THE BRC DEFENDANTS AND RFF, DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT**

For the reasons detailed in Point I, above, all causes of action that were newly added to the First Amended Complaint were done so without leave of court and, thus, must be dismissed in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In the event this Court decides to consider these improperly added causes of action on the merits, though, the Moving Defendants will discuss below the reasons why they would also be entitled to the dismissal of, and/or

judgment on the pleadings on these causes of action.  Each of the improperly added causes of action

that are asserted against the BRC Defendants and/or RFF contain nothing more than conclusory

allegations that fail to give plausible support for the claims.

1.     **Unlawful Discrimination in Violation of Section 504 of the Rehabilitation Act of 1973 (Cause of Action VIII)**

One of Plaintiff's improperly added causes of action is Cause of Action VIII, which alleges

"Unlawful Discrimination in Violation of Section 504 of the Rehabilitation Act of 1973" as against

the BRC Defendants.  Codified at 29 U.S.C. § 794, this statute provides, in pertinent part:

> **(a)**  Promulgation of rules and regulations. No otherwise qualified
> individual with a disability in the United States, as defined in section
> 7(20) [29 USCS § 705(20)], shall, solely by reason of her or his
> disability, be excluded from the participation in, be denied the
> benefits of, or be subjected to discrimination under any program or
> activity receiving Federal financial assistance or under any program
> or activity conducted by any Executive agency or by the United States
> Postal Service. The head of each such agency shall promulgate such
> regulations as may be necessary to carry out the amendments to this
> section made by the Rehabilitation, Comprehensive Services, and
> Developmental Disabilities Act of 1978. Copies of any proposed
> regulation shall be submitted to appropriate authorizing committees
> of the Congress, and such regulation may take effect no earlier than
> the thirtieth day after the date on which such regulation is so
> submitted to such committees.

Although a couple of Plaintiff's primary allegations in the First Amended Complaint are that

he is neither mentally, nor physically, disabled, but the BRC Defendants have falsely diagnosed him

as such, and were possibly advised to do so by RFF (all of which the Moving Defendants vehemently

deny), in his eighth cause of action, he claims that, because BRC has regarded him as severely

mentally impaired, he qualifies for coverage under the Rehabilitation Act as a person with

disabilities, pursuant to 29 U.S.C. § 705(9).  The aforesaid statute defines "disability" as follows:

21

For the purposes of this Act:

\*   \*   \*

**(9)**   Disability. The term "disability" means--

(A)   except as otherwise provided in subparagraph (B), a physical or mental impairment that constitutes or results in a substantial impediment to employment; or

(B)   for purposes of sections 2, 14, and 15, and titles II, IV, V, and VII [29 USCS §§ 701, 713, 714, 760 et seq., 780 et seq., 791 et seq., 796 et seq.], the meaning given it in section 3 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12102).

29 U.S.C. § 705(9).

Furthermore, Plaintiff alleges that BRC is covered by the Rehabilitation Act under 29 U.S.C. § 794(b)(3)(A), which states:

**(b)**   "Program or activity" defined. For the purposes of this section, the term "program or activity" means all of the operations of--

\*   \*   \*

**(3)**
(A)   an entire corporation, partnership, or other private organization, or an entire sole proprietorship--

(i)   if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(ii)   which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation...

Initially, Plaintiff has the audacity to claim that he is covered by the Rehabilitation Act as a person with a disability because the BRC has always regarded him as mentally disabled, despite the

22

fact that one of his primary allegations in the First Amended Complaint is that the BRC Defendants have falsely diagnosed him as mentally disabled.  Under New York law, parties are "precluded from inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same proceeding." *InterDigital Communs. Corp. v. Nokia Corp.*, 407 F. Supp. 2d 522, 532 (S.D.N.Y. 2005) (*quoting*, *Nestor v. Britt*, 270 A.D.2d 192, 193, 707 N.Y.S.2d 11, 12 (1ˢᵗ Dept. 2000).  Therefore, Plaintiff cannot deny being mentally disabled throughout the course of this litigation, and seek relief based on his allegation that the BRC Defendants have falsely diagnosed him as mentally disabled, and then take the complete opposite position for Cause of Action VIII, claiming that he qualifies as a person with a mental disability, because that position happens to be more beneficial for this particular claim.

Additionally, 29 U.S.C. § 794(a) only covers discrimination under a program or activity that receives Federal financial assistance or that is conducted by any Executive agency or by the United States Postal Service.  Along those lines, Plaintiff claims that BRC falls within the ambit of coverage of the Rehabilitation Act under 29 U.S.C. § 794(b)(3)(A), because it is allegedly part of a program or activity receiving federal financial assistance (*see*, Exhibit "D," ¶¶ "563" and "564").  As set forth in the Forte Affidavit, the BRC is a private agency that is an independent contractor for the DHS–the **City of New York** Department of Homeless Services–and receives its funding from the DHS (*see*, Exhibit "E," ¶ "5").  Accordingly, the BRC does not receive federal financial assistance but, rather, financial assistance from the City/State, nor is it conducted by any Executive agency or the United States Postal Service, so the Rehabilitation Act is inapplicable.

Moreover, like Plaintiff's other claims, this one is only supported by conclusory allegations.  There are numerous allegations that the BRC Defendants denied Plaintiff the benefits of, or excluded

him from participating in, a federally funded program or special service, but no facts to substantiate these claims. Indeed, as set forth above, the evidence actually establishes the BRC is not federally funded. Also, there is nothing to connect the BRC Defendants' alleged misconduct to Plaintiff's disability–not even so much as another conclusory allegation that the BRC Defendants treated those without his alleged disability differently. As previously stated regarding Plaintiff's other causes of action, without more than conclusory allegations, this cause of action cannot survive.

Accordingly, the Moving Defendants are entitled to the dismissal of and/or judgment on the pleadings dismissing Plaintiff's claims under the Rehabilitation Act of 1973–*i.e.*, Cause of Action VIII in the First Amended Complaint–or, in the alternative, summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, as to this claim.

### 2. Violation of Plaintiff's Rights Under the First Amendment to the United States Constitution (Cause of Action X)

The improperly added Cause of Action X in the First Amended Complaint alleges that the BRC Defendants and RFF violated Plaintiff's rights to free speech and expression under the First Amendment of the United States Constitution. For the reasons detailed below, this cause of action must be dismissed.

Initially, this cause of action also fails to assert anything other than conclusory allegations. There are no facts to support these allegations–just Plaintiff's conclusory statements that the Moving Defendants denied him his rights to free speech and expression. As the Moving Defendants–and this Court, in its March 23, 2015 Opinion–have repeatedly noted, these conclusory allegations, alone, are insufficient to give plausible support to Plaintiff's claims.

24

As for Plaintiff's First Amendment claim, specifically, the Moving Defendants submit that as private corporations/individuals, rather than state actors, their actions are not subject to the requirements of the First Amendment of the United States Constitution. The law is well-established that the First Amendment only guards against encroachment of the right to freedom of speech and expression by the government, not against merely private conduct. *Hurley v. Irish-American Gay*, 515 U.S. 557, 566, 115 S. Ct. 2338, 2344 (1995). Plaintiff has not even alleged that the Moving Defendants' conduct constituted state action, rather than private conduct, so the First Amendment is clearly inapplicable to the Moving Defendants' alleged conduct herein.

Nevertheless, even assuming *arguendo* that Plaintiff had alleged state action by the Moving Defendants in relation to this cause of action, this Court already determined that there was no state action in its March 23, 2015 Opinion, when dismissing Plaintiff's claims under 42 U.S.C. § 1983, explaining as follows:

> Plaintiff argues that BRC satisfies the "state action" requirement under the "public function" exception, or because it receives government funding and is subject to extensive state regulation. But "government funding of a private entity . . . no matter how extensive, is insufficient to transform otherwise private conduct into state action," and "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the state." *Young v. Halle Hous. Associates, L.P.*, 152 F. Supp. 2d 355, 362 (S.D.N.Y. 2001); *see also Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257-59 (2d Cir. 2008)...As a matter of law, the facts adduced by plaintiff fail to demonstrate that any challenged policy or act by BRC is the product of state action.

*See*, Exhibit "B," page "9." *See also*, *Columbia Broadcasting System, Inc. v. Democratic Nat'l Committee*, 412 U.S. 94, 120, 93 S. Ct. 2080, 2095 (1973); and, *Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 740 (8th Cir. 1999).

25

Since the BRC's actions do not constitute state action, they are not covered by the First Amendment of the United States Constitution. In this regard, the Moving Defendants are entitled to the dismissal of, and/or judgment on the pleadings dismissing Plaintiff's claims under the First Amendment to the United States Constitution (*i.e.*, Cause of Action X in the First Amended Complaint) or, in the alternative, summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, as to this claim.

## C. WHERE ALL OF PLAINTIFF'S CONSTITUTIONAL LAW CLAIMS FAIL, THIS COURT MAY DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER HIS REMAINING STATE LAW CLAIMS

Plaintiff's First Amended Complaint also asserts some claims against the BRC Defendants and/or RFF under New York State law, namely: "False Arrest" as against the BRC Defendants (Cause of Action XIII); "False Imprisonment" as against the BRC Defendants (Cause of Action XIV); "Medical Malpractice" as against the BRC Defendants (Cause of Action XV); "Fraudulent Concealment" as against the BRC Defendants (Cause of Action XVI); "Gross Negligence" as against the BRC Defendants (Cause of Action XVII); "Negligent Infliction of Emotional Distress" as against the BRC Defendants and RFF (Cause of Action XVIII); and, "Intentional Infliction of Emotional Distress" as against the BRC Defendants and RFF (Cause of Action XIX). If this Court finds that Plaintiff's constitutional claims fail as a matter of law, then there is no longer any independent basis for federal jurisdiction in this action. Thus, the Court may decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See*, 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); *In re Merrill Lynch Ltd. P'ships*

26

*Litig.*, 154 F.3d 56, 61 (2d Cir.1998) ("[The Second Circuit] and the Supreme Court have held that when the federal claims are dismissed the 'state claims should be dismissed as well.'" ).

In light of the foregoing, the Moving Defendants respectfully request that Plaintiff's state law claims be dismissed.  In the alternative, if the Court elects to weigh the merits of these state law claims, the Moving Defendants respectfully submit that Plaintiff cannot state plausible claims for relief for these causes of action, either.  Thus, these causes of action should be dismissed on the merits, as well.

1.  **False Arrest and False Imprisonment (Causes of Action XIII and XIV)**

Other improperly added causes of action to the First Amended Complaint include Plaintiff's causes of action asserting false arrest and false imprisonment as against the BRC Defendants (*i.e.*, Causes of Action XIII and XIV).  The Moving Defendants will discuss these two causes of action together because, under New York law, "the torts of false arrest and false imprisonment are 'synonymous.'" *LaFrance v. Bemben*, 10-CV-4583 SLT MDG, 2013 WL 132702, at *4 (E.D.N.Y. Jan. 10, 2013) (*quoting*, *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991)). *See also*, *Mejia v. City of New York*, 119 F. Supp. 2d 232, 252 (E.D.N.Y. 2000) ("Under New York law false arrest is considered to be a species of false imprisonment, and the two claims have identical elements"). "[T]he elements of a cause of action for false arrest under both 42 U.S.C. § 1983 and New York law are: '(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Mejia, supra* at 252 (*quoting, Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995), *cert. denied*, 517 U.S. 1189, 116 S. Ct. 1676, 134 L. Ed. 2d 779 (1996)); *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) ("Under New York law, an action for false

arrest requires that the plaintiff show that '(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged'") (*quoting*, *Broughton v. State*, 37 N.Y.2d 451, 456, 335 N.E.2d 310, 314, 373 N.Y.S.2d 87, 93 (1975); *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012); *LaFrance*, *supra*, at *4.

Before addressing the elements of false arrest and false imprisonment claims directly, the Moving Defendants again feel compelled to reiterate that Plaintiff has provided nothing but conclusory allegations in support of these claims. In this particular instance, he recites the elements of these causes of action (set forth above: the defendant intended to confine the plaintiff, the plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement, and the confinement was not otherwise privileged) and purports to support them with his conclusory statements. As indicated by the above-cited case law, the foregoing will not suffice to support a claim. *Iqbal*, *supra* at 1949.

As for the false arrest and false imprisonment claims, Plaintiff's allegations that he was intentionally and wrongfully confined to psychiatric hospitals are nothing more than recitals of the elements of the causes of action that are purportedly supported only by conclusory statements. Thus, the causes of action should be dismissed. However, even momentarily setting aside the conclusory nature of Plaintiff's allegations, Plaintiff's claims must fail.

Simply stated, the BRC Defendants did not intend to confine Plaintiff. It is well-established that "[t]o hold a defendant liable as one who affirmatively instigated or procured an arrest, a plaintiff must show that the defendant or its employees did more than merely provide information to the police." *King v. Crossland Sav. Bank*, 111 F.3d 251, 257 (2d Cir. 1997). Merely identifying a

28

potential culprit or erroneously reporting a suspected crime, without any other action to instigate the arrest, is not enough to warrant liability for false arrest. *Id.*; *Anilao v. Spota*, 774 F. Supp. 2d 457, 510 (E.D.N.Y. 2011). Instead, "a successful false arrest claim requires allegations that the private defendant 'affirmatively induced or importuned the officer to arrest. . . .'" *Delince v. City of New York*, 10 CIV. 4323 PKC, 2011 WL 666347, at *4 (S.D.N.Y. Feb. 7, 2011) (*quoting*, *LoFaso v. City of New York*, 66 A.D.3d 425, 426, 886 N.Y.S.2d 385, 387 (1st Dept. 2009)). *See also*, *Kraft v. City of New York*, 696 F. Supp. 2d 403, 422 (S.D.N.Y. 2010), *aff'd*, 441 F. App'x. 24 (2d Cir. 2011) ("[a] civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution") (*quoting*, *Carmellino v. Dist. 20 of New York City Dept. of Educ.*, 03 CIV 5942 PKC, 2006 WL 2583019, at *61 (S.D.N.Y. Sept. 6, 2006).

*King v. Crossland Sav. Bank*, 111 F.3d 251 (2d Cir. 1997) is on point. In *King*, the plaintiffs attempted to open a certificate of deposit at Crossland Savings Bank ("Crossland") with American Express third-party travelers' checks. Following its customary procedure when presented with third-party checks, Crossland asked American Express the status of the checks. American Express advised Crossland that they had been reported lost or stolen. Crossland immediately reported that information to the New York Police Department, which arrested the plaintiffs at the bank. Later that day, American Express learned that it had provided erroneous information to Crossland, and that the checks had not been reported lost or stolen. American Express asked the police to drop the charges, and the plaintiffs were released after fourteen (14) hours in custody. *Id.* at 253-254.

The District Court granted summary judgment in favor of defendants Crossland and American Express on the plaintiffs' count against them for false imprisonment. The Second Circuit affirmed. The Second Circuit held that to "be liable for false imprisonment, the plaintiff must prove that the defendant *intended* or *instigated* the confinement of the plaintiff," which American Express did not do. *Id.* at 257 (italics in original). As to Crossland, the Second Circuit ruled that merely identifying a potential culprit to the police "does not give rise to liability." The Court further ruled:

> [I]f a defendant erroneously reports a suspected crime, but in no other way instigates the arrest, he is not liable for false imprisonment. As [plaintiffs] provided no evidence on summary judgment that Crossland did more than identify the holders of reportedly stolen travelers' checks to officers of the NYPD, we affirm the finding of the district court that Crossland did not direct the agents of the NYPD to arrest [plaintiffs] and therefore cannot be held liable on a claim for false imprisonment.

*Id.* at 257 (citation omitted). *See also*, *Ginsberg v. Am. Airlines*, 09 CIV 3226 LTS KNF, 2010 WL 3958843, at *4 (S.D.N.Y. Sept. 27, 2010) ("There is no liability [for false arrest] when the arrest follows an independent police review of the matter, even if the information provided by the defendant to the police is later found to be erroneous. . . . [A] plaintiff has no claim for false arrest when a private individual merely seeks police assistance or furnishes information to law enforcement authorities") (citation and internal quotations omitted).

Similarly, the BRC Defendants did not instigate Plaintiff's confinement, nor intend to confine him. In fact, with respect to Plaintiff's June 27, 2013 hospitalization, he acknowledges in the First Amended Complaint that it was a voluntary hospitalization (*see*, Exhibit "D," ¶ "182"). As for Plaintiff's June 2014 and January 2015 confinements, all the BRC Defendants did was provide information to the New York Police Department about the referenced incidents and Plaintiff,

30

himself, just as Crossland only provided information to the New York Police Department that the American Express checks had been lost or stolen. The police officers were free to exercise their own judgment upon receiving this information from the BRC Defendants and, in doing so, they determined Plaintiff's confinement to the hospital was warranted. Therefore, consistent with the *King* case, the BRC Defendants are entitled to the dismissal of, and/or judgment on the pleadings dismissing, Plaintiff's false arrest and false imprisonment claims (*i,e.*, Causes of Action XIII and XIV in the First Amended Complaint).

### 2. Medical Malpractice

Plaintiff's improperly added Cause of Action XV alleges medical malpractice against the BRC Defendants. Plaintiff, who is neither a medical doctor, nor a psychologist/therapist, bases this claim on his allegations that the BRC Defendants falsely, fraudulently, and maliciously diagnosed him with certain specified mental disorders.

This cause of action suffers from the same defect as the rest of Plaintiff's causes of action–it consists of nothing but conclusory allegations. Indeed, Plaintiff accuses defendant ANGELA KEDZIOR of issuing fraudulent and malicious reports regarding his mental health because he claims that she did not directly observe or hear what she would have needed to observe and hear to come to such conclusions–despite the fact that Plaintiff, himself, lacks the education and training to know what Ms. Kedzior would have needed for the mental health reports at issue. As the Moving Defendants–and this Court in its March 23, 2015 Opinion–indicated numerous times, such conclusory allegations are insufficient to sustain a claim. Therefore, the Moving Defendants are also entitled to the dismissal of, and/or judgment on the pleadings dismissing, Plaintiff's medical malpractice claim (*i.e.*, Cause of Action XV in the First Amended Complaint).

### 3.    **Fraudulent Concealment**

Another one of the causes of action improperly added to the First Amended Complaint is Plaintiff's allegation of "Fraudulent Concealment" as against the BRC Defendants (*i.e.*, Cause of Action XVI).  As set forth in the First Amended Complaint, Plaintiff is alleging that the BRC Defendants should be held liable to him for their alleged failure to fully disclose the nature of their housing referral to him.

Where, as here, a claim is made of the fraudulent concealment of a material fact, "the plaintiff must also demonstrate that the [defendants] had a duty to disclose material information and failed to do so." *Barrett v. Freifeld*, 77 A.D.3d 600, 601, 908 N.Y.S.2d 736, 737 (2d Dept. 2010). The *Barrett* Court explained that "A duty to disclose may arise where there is a fiduciary or confidential relationship, or one party's superior knowledge of the essential facts renders nondisclosure inherently unfair." *Id.* at 601-602.

Initially, Plaintiff once again fails to support his claim with anything other than conclusory allegations.  Indeed, Plaintiff alleges that the BRC Defendants "had a duty to diligently, fully, and explicitly disclose the nature of their housing referral" to him (*see*, Exhibit "D," ¶ "701"), that the BRC Defendants made material misrepresentations of fact to him (*see*, Exhibit "D," ¶ "712"), and that he reasonably relied on these alleged misrepresentations (*see*, Exhibit "D," ¶ "714"), but never sets forth the basis for the purported duty or why the allegedly misrepresented facts are material, or why it was supposedly reasonable for him to rely on the BRC Defendants' disclosure.  Plaintiff has again merely recited the elements of a claim and attempted to support it with conclusory statements. As has been made clear during the course of this litigation, such allegations are insufficient to support a claim. *Iqbal*, *supra* at 1949.

Moreover, it is respectfully submitted that Plaintiff could not have satisfied the above standard, even if he had tried. In *Barrett*, *supra*, the Second Department specifically addressed the plaintiff's claim about the defendants' failure to disclose that the first named defendant had been arrested, noting that the arrest was "a matter of public record which could have been discovered through the exercise of ordinary diligence and, thus, the plaintiff did not justifiably rely on the [defendants] to disclose that information." *Barrett*, *supra* at 602. Similarly, Plaintiff could have learned the nature of his housing referral to Los Vecinos through a simple Internet search–*e.g.*, a Google search for "los vecinos apartments" provided a first result that revealed Los Vecinos to be housing for formerly homeless adults with a psychiatric disorder and/or living with HIV/AIDS (http://www.hitesite.org/Members/ResourceDetails.aspx?resourceId=11519).

For the foregoing reasons, Plaintiff has failed to state a plausible claim for relief for fraudulent concealment as against the BRC Defendants. Accordingly, the Moving Defendants are entitled to the dismissal of, and/or judgment on the pleadings dismissing, Plaintiff's fraudulent concealment claim (*i.e.*, Cause of Action XVI in the First Amended Complaint) or, in the alternative, summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, as to this claim.

### 4.    <u>Gross Negligence</u>

Plaintiff also improperly included a cause of action asserting "Gross Negligence" as against the BRC Defendants as Cause of Action XVII in the First Amended Complaint. Plaintiff had included a "Gross Negligence" cause of action in his initial Complaint, as well and, since the Summary Order did not grant him leave to replead that particular cause of action, its inclusion in the First Amended Complaint is improper (*see*, Exhibit "A"; and, Exhibit "C," Cause of Action X). *See*, *Baker*, *supra* at 997.

33

With respect to the merits of the claim (or lack thereof), it is respectfully submitted that gross negligence "differs in kind, not only degree, from claims of ordinary negligence." *Colnaghi, U.S.A. v. Jewelers Protection Servs.,* 81 N.Y.2d 821, 823, 611 N.E.2d 282, 595 N.Y.S.2d 381 (1993). To constitute gross negligence, a party's conduct must "'smack[ ] of intentional wrongdoing'" or "evince[ ] a reckless indifference to the rights of others." (*Sommer v. Federal Signal Corp.,* 79 N.Y.2d 540, 554, 593 N.E.2d 1365, 583 N.Y.S.2d 957 (1992), *quoting, Kalisch-Jarcho, Inc. v. City of New York,* 58 N.Y.2d 377, 385, 448 N.E.2d 413, 461 N.Y.S.2d 746 (2011). Here, Plaintiff does not allege, nor is there proof of, the existence of a special relationship between the parties. Rather, the Plaintiff's sole claim was that the BRC Defendants were grossly negligent by failing to protect Plaintiff and his property (*see*, Exhibit "D," ¶¶ "725" and "726"). First, the law does not impose a duty to control the conduct of third persons to prevent them from harming others, even where, as a practical matter, the defendant could have exercised such control. *See, Purdy v. Public Adm'r of County of Westchester,* 72 N.Y.2d 1, 8, 526 N.E.2d 4, 530 N.Y.S.2d 513 (1988); and, *Edwards v. Mercy Home for Children and Adults, Inc,* 303 A.D.2d 543755 N.Y.S.2d 732 (2d. Dept. 2003) (holding that hospital which employed nurse did not owe a duty of care to nurse who allegedly was attacked at hospital by patient while she attempted to insert a medical device into his arm). Nor would the theft of plaintiff's laptop or verbal comments by other clients rise to the level of evincing a reckless indifference to the rights of others. *See, Everett v. Loretto Adult Community, Inc.,* 32 A.D.3d 1273, 822 N.Y.S.2d 681 (4th Dept. 2006) (Despite Plaintiff's claim that Defendants intentionally starved decedent and improperly dosed her medication, the Court found there was no conduct that could be viewed as so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others ). Therefore, the Moving Defendants are entitled to the dismissal of, and/or judgment on the pleadings

dismissing, Plaintiff's gross negligence claim, as well (*i.e.*, Cause of Action XVII in the First Amended Complaint).

**5.      Negligent Infliction of Emotional Distress**

Similarly, Plaintiff's cause of action asserting "Negligent Infliction of Emotional Distress" as against the BRC Defendants and RFF (Cause of Action XVIII in the First Amended Complaint) was also improperly included in the First Amended Complaint because it had previously been included in the initial Complaint (*see*, Exhibit "A"; and, Exhibit "C," Cause of Action XI).  In this regard, it should be dismissed on the ground that it falls outside the scope of the Summary Order's leave to amend.  *See*, *Baker*, *supra* at 997.

Moreover, this cause of action should be dismissed on the merits, as well.  Under New York law, a cause of action for negligent infliction of emotional distress is premised upon a breach of duty which unreasonably endangers the plaintiff's physical safety or causes the plaintiff to fear for his/her safety.  *Santoro ex rel. Santoro v. Donnelly*, 340 F. Supp. 2d 464 (S.D.N.Y. 2004).  Axiomatic to any negligent infliction of emotional distress claim is a finding of duty.

As stated previously, the law does not impose a duty to control the conduct of third persons to prevent them from harming others, even where, as a practical matter, the defendant could have exercised such control. *See*, *Purdy*, *supra* at 8.  Accordingly, the BRC Defendants and RFF are not liable for the allegedly unlawful acts against Plaintiff, or the alleged theft of his laptop (*see*, Exhibit "D," ¶ "731"), and are entitled to the dismissal of, and/or judgment on the pleadings dismissing, Plaintiff's claim of negligent infliction of emotion distress (*i.e.*, Cause of Action XVIII in the First Amended Complaint).

6.      **Intentional Infliction of Emotional Distress**

The last of the state law claims asserted against the Moving Defendants is Plaintiff's

improperly added cause of action asserting "Intentional Infliction of Emotional Distress" as against

the BRC Defendants and RFF (Cause of Action XIX).  As is true with regard to Plaintiff's "Gross

Negligence" cause of action, Plaintiff's allegations with regard to his "Intentional Infliction of

Emotional Distress" cause of action simply do not set forth the type of "outrageous" conduct that is

necessary for a finding of liability against a defendant.

In *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122, 612 N.E.2d 699, 596 N.Y.S.2d 350

(1993), New York's Court of Appeals stated the following about intentional infliction of emotional

distress claims:

> the "requirements of the rule are rigorous, and difficult to satisfy"
> (Prosser and Keeton, Torts § 12, at 60-61 [5th ed]; *see also, Murphy*,
> 58 NY2d, at 303 [describing the standard as "strict"]). Indeed, of the
> intentional infliction of emotional distress claims considered by this
> Court, every one has failed because the alleged conduct was not
> sufficiently outrageous (*see, Freihofer v Hearst Corp.*, 65 NY2d, at
> 143-144; *Burlew v American Mut. Ins. Co.*, 63 NY2d 412, 417-418;
> *Murphy*, 58 NY2d, at 303; *Fischer v Maloney*, 43 NY2d, at 557). "
> 'Liability has been found only where the conduct has been so
> outrageous in character, and so extreme in degree, as to go beyond all
> possible bounds of decency, and to be regarded as atrocious, and
> utterly intolerable in a civilized community' " (*Murphy*, 58 NY2d, at
> 303, quoting Restatement [Second] of Torts § 46, comment *d*).

In *Everett, supra,* the Court held that the defendants' alleged intentional starvation of the

decedent and improper dosing of her medication did not amount to the sort of reckless conduct that

was required.  *See*, *Everett*, *supra* at 1274.  Plaintiff did not even set forth the nature of the conduct

that he claims intentionally caused him emotional distress, let alone allege something more serious

than intentional starvation.  Once again, he merely recited the elements of the cause of action and

purported to support them with conclusory statements. Once again, this is insufficient to maintain a cause of action. *Iqbal, supra* at 1949. Accordingly, the Moving Defendants are also entitled to the dismissal of, and/or judgment on the pleadings dismissing, Plaintiff's claim for intentional infliction of emotional distress (*i.e.*, Cause of Action XIX in the First Amended Complaint).

**POINT III**

**PLAINTIFF'S CAUSES OF ACTION ASSERTED AGAINST RFF ARE
NOTHING MORE THAN FRIVOLOUS AND MALICIOUS CLAIMS
MOTIVATED BY PLAINTIFF'S IMPROPER DESIRE TO HAVE
RFF DISQUALIFIED AS THE BRC DEFENDANTS' COUNSEL**

The addition of RFF as a defendant in the First Amended Complaint falls outside the scope of the Summary Order granting Plaintiff leave to amend. Furthermore, these causes of action contain nothing more than conclusory allegations and, thus, do not state a plausible claim for relief. Accordingly, RFF is entitled to the dismissal of, and/or judgment on the pleadings dismissing all claims asserted against it in the First Amended Complaint or, in the alternative, summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Moreover, Plaintiff's assertion of frivolous claims against RFF is nothing more than a malicious attempt to harrass this law firm and to try to get RFF disqualified as counsel for the BRC Defendants. As this Court may recall, this law firm has endured a difficult history with Plaintiff that eventually resulted in a former RFF attorney needing to be personally escorted out of the courthouse by a United States Court Marshall, following a conference in this action, because Plaintiff had threatened this attorney and she feared for her safety.

As proof of Plaintiff's improper motive, Plaintiff filed a motion to disqualify RFF as the BRC Defendants' counsel in this action and for other relief (*see*, Docket No. 76). The basis for Plaintiff's

meritless motion is that, since RFF is now a named defendant, it purportedly has a potential conflict of interest that precludes it from representing the BRC Defendants.

As set forth in the opposition to the motion to disqualify, although there did not appear to be any potential conflict of interest between RFF and the BRC Defendants, RFF has obtained a waiver from the BRC Defendants as to any potential conflict of interest that could arise out of RFF's simultaneous representation of itself, as well as the BRC Defendants. Therefore, there is no basis to disqualify RFF as the BRC Defendants' counsel in this action.

**CONCLUSION**

For the reasons set forth herein, it is respectfully requested that the Court grant the Moving

Defendants' motion for an Order:

> (a) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing any and all causes of action against the newly added BRC Defendants (*i.e.*, KRISTIN SHILSON, KIMBERLY PENATER a/k/a KIMBERLY SWEDENBERG, SADIQUA KHABIR, ABBY STUTHERS, KRYSTINA de JACQ, JASON THOMAS, TODD KELLY, and PITT STREET/HDFC) and the newly added defendant, RFF, as well as all of the newly added causes of action asserted against the originally named BRC Defendants (*i.e.*, Causes of Action VIII, X, XIII, XIV, XV, XVI, XVII, XVIII, and XIX);

> (b) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment upon the pleadings dismissing the First Amended Complaint as against the BRC Defendants and RFF as to all causes of action asserted against them (*i.e.*, Causes of Action IV, V, VI, VII, VIII, X, XIII, XIV, XV, XVI, XVII, XVIII, and XIX);

> (c) or, in the alternative, granting summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure to the BRC Defendants and RFF, dismissing Plaintiff, Hicham Azkour's (hereinafter "Plaintiff") First Amended Complaint.

New York, New York
September 23, 2016

> Respectfully submitted,
> RUBIN, FIORELLA & FRIEDMAN LLP
> *Attorneys for the BRC Defendants and RFF*
>
> By: _Paul Kovner_
>
> Paul Kovner, Esq. (PK-7448)
> Tracey Mapou, Esq. (TM-7773)

39