

**THE CITY OF NEW YORK**

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**ANTHONY M. DISENSO**
*Senior Counsel*
adisenso@law.nyc.gov
P: (212) 356-2640
F: (212) 356-3500

October 3, 2016

*By ECF*

Honorable Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Hicham Azkour v. City of New York, et. al.*, 13-cv-05878 (TPG)

Your Honor:

     I am a Senior Counsel at the New York City Law Department and the attorney assigned to the defense of the above-referenced action on behalf of defendant City of New York (the "City").[1]  I write in response to plaintiff's motion dated September 26, 2016 (the "Motion" or "Pl. Mot."), which appears to: 1) seek information related to various releases sent by this office; and 2) seek pre-mature discovery from the City.  (ECF No. 94).

Relevant Procedural History

     By way of background, this action has been pending against non-City related defendants (the "non-City defendants") since 2013.  (ECF No. 2).  By Order dated March 25, 2015, the Court granted the non-City defendants' Motion to Dismiss, which entirely disposed of plaintiff's claims in the case.  (ECF No. 64).  The Second Circuit vacated the dismissal in part and remanded solely to allow plaintiff an opportunity to amend his complaint on two specific claims against the non-City defendants.  (ECF No. 67).  On July 20, 2016, plaintiff filed his first amended complaint, which included new allegations that went well beyond the leave to amend afforded by the Court and named City employees, as well as the City itself, as defendants.  (ECF No. 74).  Moreover, the claims he now pleads against the City and its employees appear to relate to incidents which occurred well after this action was first commenced.  (ECF No. 74 at ¶ 218-60; 280-323; 342-94).

---

[1] Assistant Corporation Counsel Bridgette Nunez is handling this case under my supervision pending her admission to the New York State Bar.  Ms. Nunez can be contacted at (212) 356-1643 or bnunez@law.nyc.gov.

To date, the City has not been served in this action, nor has, upon information and belief, any other City employee named as a defendant.[2] As part of the standard practice undertaken by this office to investigate the claims alleged in a complaint, a paralegal sent plaintiff a request for certain releases so that we could access documents related to the incidents referenced in the amended complaint. The form letter sent to plaintiff does make reference to his "arrest" and does seek a release to allow this office access to any records related to the incident that may be sealed under N.Y. C.P.L. § 160.50.

On September 26, 2016, prior to properly serving the City or any of its employees named as defendants, and prior to any of those defendants responding to the complaint, plaintiff filed a motion seeking information related to the "arrests" referenced in the form letter, ( Pl. Mot. at 3-4), and also pre-service, pre-answer discovery related to the claims against the City and its employees. ( Pl. Mot. at 4).

That same day, this office reached out to plaintiff and clarified that he was sent a letter seeking standard releases based on claims in his amended complaint that he was falsely arrested. From speaking to plaintiff, this office now understands that he was not in fact arrested incident to a crime. This office further advised plaintiff that, to the extent he was not arrested incident to the commission of a crime, he need not provide unsealing releases. Accordingly, defendant City respectfully submits that the first portion of plaintiff's Motion has been resolved.

<u>Argument</u>

With respect to plaintiff's request for pre-mature discovery, as explained more fully below, he is not entitled to disclosure of this information unless and until the City defendants are properly served and this case enters the discovery phase of the litigation, at which time the City will respond accordingly to any document requests made pursuant to Rule 34 by plaintiff.[3]

---

[2] This office is aware that plaintiff sent waiver of service requests to at least some City employees by email. Upon information and belief, no such request was ever received by this office on behalf of the City itself. It is also unclear whether all City employees actually use the email addresses to which plaintiff sent the requests and/or whether they actually received the requests. Moreover, sending waiver requests by email does not satisfy the requirements of Rule 4(d)(1) insofar as sending a waiver request by email does not allow for the inclusion of a pre-paid means of returning the waiver—a requirement under the rule. *See* Fed. R. Civ. P. 4(d)(1)(A)-(G) (The notice and [waiver of service] request must . . . be accompanied by a copy of the complaint, 2 copies of a waiver form, and a prepaid means for returning the form; . . . [and] be sent by first class mail or other reliable means.").

[3] To the extent the Motion can be construed as a request for expedited discovery, plaintiff fails to make any showing that would entitle him to the relief he seeks. "Courts in the Second Circuit employ two tests for determining the propriety of an expedited discovery request." *Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 402 (S.D.N.Y. 2011). The first is the so-called *Notaro* test, which sets forth four factors for the court to determine whether expedited discovery is warranted. *See Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (requiring the plaintiff to demonstrate: "(1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted."). Here, plaintiff's Motion fails to identify any irreparable injury that would occur if he is not granted this pre-mature discovery. In addition, plaintiff makes no attempt to satisfy the remaining factors.

As to the second test, the more relaxed "reasonableness standard," plaintiff's Motion still fails. *See Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. Jan.30, 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)) (applying a "flexible standard of reasonableness and good cause."). He provides no

As a threshold issue, the City has not yet been served with process, nor has plaintiff, upon information and belief, properly served any employee of the City named as a defendant. Moreover, plaintiff's Motion plainly violates Fed. R. Civ. P. 26(d)(1) which places a blanket prohibition against any party seeking discovery until the parties have complied with the requirements of Rule 26(f), which has not happened in this case.  Indeed, even under the provisions of Fed. R. Civ. P. 26(d)(2), which provides for the early delivery of document requests, those requests cannot be delivered to the opposing party until 21 days <u>after service of process</u> has been effected.  Pursuant to Fed. R. Civ. P. 26(d)(2)(B), early document requests are not considered "served" until the first 26(f) conference.

Finally, it is doubtful that plaintiff has pled any viable claim against the City or any of its employees, and unless and/or until he is able to do so, he is not entitled to seek discovery from defendant City.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Accordingly, for the foregoing reasons, defendant City respectfully submits that plaintiff's request for pre-mature discovery should be denied.

Thank you for your consideration herein.

                                             Respectfully submitted,

                                                   s/

                                             Anthony M. DiSenso
                                             *Senior Counsel*
                                             Special Federal Litigation Division

cc:      Hicham Azkour  (By ECF)
           *Plaintiff Pro Se*
           93 Pitt Street Apt. 3B
           New York, NY 10002
           (212) 390-0764
           hicham.azkour@gmail.com

---

explanation as to why he would need this information now (as opposed to waiting for discovery to begin) that could possibly establish good cause for granting him pre-mature discovery.

Paul Fredric Kovner, Esq. (By ECF)
Shelley Rita Halber, Esq.
*Attorney for Bowery Residents Committee, Inc.,*
*Lawrence also known as Muzzy Rosenblatt,*
*Janet Forte, Kevin Martin, Tereen Llewelyn- Miller,*
*Angela Kedzior*
Rubin, Fiorella & Friedman, L.L.P.
630 Third Avenue
New York, NY 10017
(212) 953-2381
pkovner@rubinfiorella.com