# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Hicham Azkour,

       *Plaintiff,*

     v.

City of New York, New York Police Department, New York City Department of Homeless Services, New York City Department of Housing Preservation and Development, New York Police Department Officers 1 to 20, Detective Yuriy Posternak, Detective Luis Torres, Sergeant Philip Sansone, Special Investigator Patrick Cahill, Sergeant Gaglione, Officer Hugues, Civilian Complaint Review Board, Bowery Residents' Committee, Inc., Lawrence Rosenblatt a/k/a Muzzy Rosenblatt, Janet Forte, Tereen Llewelyn-Miller, Kevin Martin, Kristin Shilson, Kimberly Penater a/k/a Kimberly Swedenberg, Sadiqua Khabir, Angela Kedzior, Abby Stuthers, Krystina de Jacq, Mary Gray, Brittany Nicholson, Jason Thomas, Todd Kelly, John Does 1 to 5, Jane Does 1 to 5, Pitt Street Housing Development Fund Corporation, Rubin, Fiorella & Friedman LLP,

       *Defendants.*

Civil Action No. 1:13-cv-05878-TPG

Jury Trial Demanded

---

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING AMENDMENT OF HIS FIRST AMENDED COMPLAINT AS A MATTER OF COURSE PURSUANT TO FED. R. CIV. P. 15(a)(1)(B)

*Pro se* Plaintiff HICHAM AZKOUR ("Plaintiff") respectfully requests that the Court reconsiders its Order dated October 5, 2016 denying Plaintiff's right to amend his First Amended Complaint, as a matter of course, and striking it from the record. *See* Docket Entries Nos. 101 and 102. The Court Order is erroneous. Therefore, this Court should grant the instant request "to correct a clear error of law or prevent manifest injustice." *Munafo v. Metropolitan Transp. Authority*, 381 F.3d 99, 105 (2d Cir. 2004).

Plaintiff seeks reconsideration because the Court Order is ***impermissible***. As argued below, such Order is not within the range of the permissible decisions reached by the Second Circuit or any other sister circuits. It simply violates the Rules of Civil Procedure. Undeniably, it is an abuse of discretion and, in the absence of any reconsideration, Plaintiff respectfully assures this Court he will immediately seek review by the Second Circuit pursuant the **All Writs Act**. *See* **28 U.S.C. § 1651.**

In its Order dated October 5, 2016, hereto attached, the Court denied Plaintiff *the **absolute right*** to ***once***[1] amend his First Amended Complaint as ***a matter of course*** – and not by leave of the Court or the parties[2] – as prescribed by Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Rule 15(a)(1) unambiguously provides:

> A party may amend its pleadings *once as a matter of course* within: (A) 21 days after serving it, or (B) *if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier*.

Fed. R. Civ. P. 15 (a)(1) (emphasis added).

At the time that Plaintiff filed his First Amended Complaint, which was **October 5, 2016**, the 21-day period during which Fed. R. Civ. P. 15(a)(1)(B) permits a litigant to amend his or her pleadings, "as a matter of course," when a Fed. R. Civ. P 12(b)(6) motion has been made, had not elapsed. The Court is reminded that, on **September 23, 2016**, the BRC

---

[1] The docket sheet shows that Plaintiff has never amended his pleadings as a matter of course, whether before or after remand, within the time periods prescribed Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.

[2] The Second Amended Complaint's caption clearly reflects that Plaintiff submitted this pleading pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. The Court, however, erroneously represents that he submitted the Second Amended Complaint pursuant to Rule 15(a)(2) of the same.

Defendants and the Law Firm Defendants had filed a motion to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P 12(b)(6). *See* Docket Entry No. 87.

Moreover, there is no indication in the docket sheet that Plaintiff (1) submitted an amendment pursuant to Fed. R. Civ. P. 15(a)(1)(B) since the initial filing of his Complaint in September 2013; or (2) waived his right to once amend his pleading as a matter of course pursuant to the same.

The submission of the First Amended Complaint, Docket Entry No. 74, was in compliance with this Court Order dated June 21, 2016, which granted Plaintiff *leave to amend*, Docket Entry No. 73, as per the U.S. Court of Appeals' mandate on May 9, 2016, Docket Entry No. 66. In other words, the Court did not grant leave to amend upon Plaintiff's request. It granted leave to amend because the Second Circuit mandated amendment. And even if we assume, *arguendo*, that Plaintiff's filing of his First Amended Complaint, after remand, may be interpreted by this Court as a request for leave to amend pursuant to Fed. R. Civ. P. 15 (a)(2), courts have decided that the filing of a motion for leave to amend does not nullify a litigant's

right to amend as a matter of course. In *Pure Country, Inc. v. Sigma Chi Fraternity,* 312 F.3d 952, 956 (8th Cir.2002), the court opined:

> To begin, we disagree with Sigma Chi's suggestion that the mere act of filing a motion to amend or seeking leave to amend negates the otherwise applicable "as a matter of course" language of Rule 15(a). In other words, seeking leave to amend does not, by itself, invoke the district court's discretionary authority to deny leave if the amendment would otherwise fall within the purview of the first sentence of Rule 15(a).

It is therefore evident that Plaintiff complied with the Court Order and amended his Complaint *without relinquishing* his right to file an amendment pursuant Fed. R. Civ. P. 15(a)(1)(B).

The *unambiguous and clear* language of the aforementioned rule does not require that Plaintiff *first seek the permission of the Court or the parties* to amend his First Amended Complaint. Rule 15(a) guarantees a plaintiff *an absolute right* to amend the complaint *once at any time* so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. Courts, even in other Federal circuits, do not interfere with a litigant's right to amend as a matter of Course. For example, in *James*

*V. Hurson Assocs., Inc. v. Glickman,* 229 F.3d 277, 282-83 (D.C.Cir.2000), the court opined (emphasis added):

> The Federal Rules of Civil Procedure guarantee a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading. *See* FED.R.CIV.P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...."). In this case, the USDA filed no answer, but only a motion to dismiss. We have repeatedly clarified that a motion to dismiss is not a responsive pleading for the purposes of Rule 15. *See, e.g., Confederate Memorial Ass'n v. Hines,* 995 F.2d 295, 299 (D.C.Cir.1993) ("As a motion to dismiss is not ordinarily considered a 'responsive pleading' ... under Rule 15(a), appellants could have amended their complaint as of right prior to the court's decision on the motions." (citation omitted)); *accord Bowden v. United States,* 176 F.3d 552, 555 (D.C.Cir.1999) ("At the time Bowden sought to amend, the government had filed only a motion to dismiss or in the alternative for summary judgment, which is not considered a responsive pleading."). *Because Hurson therefore was entitled as a matter of right to amend its complaint, it was error for the District Court to refuse to consider its added claims.*

We are confident that the law is well established. And we also believe that the Second Circuit is of the same opinion. However, the Court's error appears now to be involving a controlling question of law that may be

reviewed by the Second Circuit. And, obviously, if there is a split, which we hope will not be the case, the Supreme Court of the United States may review the Second Court's decision in the instant matter.

 

**WHEREFORE,** Plaintiff respectfully requests that the Court:

1.    Reconsider its Order at <u>Docket Entry No. 102</u> and reinstate his Second Amended Complaint to the docket; and

2.    Deem the Second Amended Complaint on October 5, 2016.

Respectfully submitted on this 6th day of October, 2016


By:     HICHAM AZKOUR, *pro se*

        _____



Hicham Azkour
93 Pitt Street,
Apt 3B
New York, New York 10002

Telephone: (917) 859-6550
Email: hicham.azkour@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/2016

---

HICHAM AZKOUR

                         Plaintiff,

          v.

BOWERY RESIDENTS
COMMITTEE, INC., LAWRENCE
a/k/a MUZZY ROSENBLATT,
JANET FORTE, KEVIN MARTIN,
TEREEN LLEWELYN-MILLER,
ANGELA KEDZIOR, JOHN DOE 1-5,
AND JANE DOE 1-5,

                         Defendants.

No. 13-cv-5878 (TPG)


**ORDER**

---

THOMAS P. GRIESA, United States District Judge:

On October 05, 2016 plaintiff in the above-captioned matter filed a Second Amended Complaint without the Court's leave and with no indication that he obtained the opposing parties' consent, as required. Fed. R. Civ. P. 15(a)(2). The Clerk of Court is therefore instructed to remove docket number 101 in this case.

If plaintiff wishes to file a Second Amended Complaint, he may file a motion seeking the Court's leave or obtain the opposing parties' consent.

SO ORDERED.

Dated:  New York, New York
        October 5, 2016

                                    Thomas P. Griesa
                                    United States District Judge

1