# RUBIN, FIORELLA & FRIEDMAN LLP

### ATTORNEYS AT LAW
### 630 THIRD AVENUE, 3RD FLOOR
### NEW YORK, NEW YORK 10017
### TELEPHONE: (212) 953-2381
### FACSIMILE: (212) 953-2462

WRITER'S DIRECT DIAL:   (212) 447-4604
E-MAIL:       Pkovner@rubinfiorella.com

October 7, 2016

**VIA ECF Filing**

Hon. Thomas P. Griesa
United States District Judge
Courtroom 26B
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:   Hicham Azkour v. Bowery Residents' Committee, Inc., *et al.*, Civil Action No.
> 13:CV 5878 (TPG)
> Opposition To "Request For Corporate Disclosure Statement And Waiver Of
> Attorney-Client Privilege"

Dear Judge Griesa:

Rubin, Fiorella & Friedman LLP ("RFF") represents defendants Bowery Residents'
Committee, Inc. ("BRC"), Lawrence Rosenblatt a/k/a Muzzy Rosenblatt, Janet Forte, Tereen
Llewelyn-Miller, Kevin Martin, Kristin Shilson, Kimberly Penater a/k/a Kimberly Swedenberg,
Sadiqua Khabir, Angela Kedzior, Abby Stuthers, Krystina de Jacq, Jason Thomas, Todd Kelly, Pitt
Street/HDFC (collectively, the "BRC Defendants") and ourselves, *pro se*, in the above-referenced
matter. We submit this letter brief in opposition to the "Request For Corporate Disclosure Statement
And Waiver Of Attorney-Client Privilege" of the plaintiff, Hicham Azkour ("Azkour").

## THE REQUEST FOR CORPORATE DISCLOSURE STATEMENTS SHOULD BE DENIED

### Pitt Street Housing Development Fund

Azkour requests that defendant Pitt Street Housing Development Fund Corporation ("Pitt
Street") file a disclosure statement pursuant to FRCP 7.1. Pitt Street was added as a defendant by
the First Amended Complaint. Although Pitt Street has not been served, it will promptly file a
disclosure statement.

Hon. Thomas P. Griesa
Page 2

**Rubin, Fiorella & Friedman LLP**

FRCP 7.1(a) provides that only a "nongovernmental corporate party must file two copies of a disclosure statement. . . ." RFF is a limited liability partnership, not a corporation. Therefore, RFF is not required to file a disclosure statement pursuant to FRCP 7.1. Accordingly, there is no basis for the requested relief.

## THE REQUEST FOR "WAIVER OF ATTORNEY-CLIENT PRIVILEGE" SHOULD BE DENIED

Azkour requests that RFF file a "proper waiver of attorney-client privilege." Neither RFF, nor any defendant represented by RFF, has waived the attorney-client privilege.

Assuming that Azkour meant to request that RFF file a waiver by the defendants represented by RFF in this action of any potential conflict of interest, RFF already has filed as Exhibit A to its letter brief [ECF No. 82] in opposition to the Azkour's letter motion to disqualify RFF as counsel to the BRC Defendants [ECF No. 76] a copy of the email from Kenneth Fiorella of RFF to Debi Alpert, to whom we report at BRC, confirming the waiver. For the convenience of the Court, that document is also attached hereto as Exhibit A. In addition, for the reasons set forth in ECF No. 82, there is no conflict of interest.

The waiver is proper. New York Rule of Professional Conduct 1.7(b) provides:

Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

Thus, even if there were a conflict of interest (which there is not), as shown by Exhibit A, the BRC Defendants have waived any potential conflict of interest, and have agreed to allow RFF to represent both itself and the BRC Defendants in this action.

Azkour has not stated any ground in support of his bare assertion that the waiver is inadequate. The only requirements of a waiver of a conflict of interest is that "each affected client

RUBIN, FIORELLA & FRIEDMAN LLP

Hon. Thomas P. Griesa
Page 3

gives informed consent, confirmed in writing." N.Y. Rule of Prof. Conduct 1.7(b)(4). N.Y. Rule of Prof. Conduct 1.0(e) provides:

> "Confirmed in writing" denotes . . . (ii) a writing that the lawyer promptly transmits to the person confirming the person's oral consent. . . . If it is not feasible to obtain or transmit the writing at the time the person gives oral consent, then the lawyer must obtain or transmit it within a reasonable time thereafter.

N.Y. Rule of Prof. Conduct 1.0(j) provides:

> "Informed consent" denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated information adequate for the person to make an informed decision, and after the lawyer has adequately explained to the person the material risks of the proposed course of conduct and reasonably available alternatives.

Here, even if there were a conflict, RFF is confident that it will be able to provide competent and diligent representation to each of its clients in this action, the representation is not prohibited by law, and there is no claim by RFF against any of its clients in this action or by any of RFF's clients against RFF.

In addition, RFF's clients gave "informed consent" of the waiver. Askour never suggested any reason why there allegedly is a conflict, other than the mere fact that he added RFF as a new defendant. Azkour has not alleged any reason why RFF's and RFF's clients's interests diverge. Far from diverging, the interests of RFF and RFF's clients are inexorably connected, since Azkour alleges that RFF advised some of them to perform their alleged acts of misconduct. RFF fully explained the full situation to its clients. In addition, the waiver was "confirmed in writing," as evidenced by Exhibit A.

Based on the above, the waiver meets the requirements of the New York Rule of Professional Conduct.

Respectfully submitted,

Paul Kovner

cc:   HICHAM AZKOUR
      93 Pitt Street, Apt. 3B
      New York, New York 10002

RUBIN, FIORELLA & FRIEDMAN LLP