# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Hicham Azkour,<br><br>*Plaintiff,*<br><br>v.<br><br>City of New York, New York Police Department, New York City Department of Homeless Services, New York City Department of Housing Preservation and Development, New York Police Department Officers 1 to 20, Detective Yuriy Posternak, Detective Luis Torres, Sergeant Philip Sansone, Special Investigator Patrick Cahill, Sergeant Gaglione, Officer Hugues, Civilian Complaint Review Board, Bowery Residents' Committee, Inc., Lawrence Rosenblatt a/k/a Muzzy Rosenblatt, Janet Forte, Tereen Llewelyn-Miller, Kevin Martin, Kristin Shilson, Kimberly Penater a/k/a Kimberly Swedenberg, Sadiqua Khabir, Angela Kedzior, Abby Stuthers, Krystina de Jacq, Mary Gray, Brittany Nicholson, Jason Thomas, Todd Kelly, John Does 1 to 5, Jane Does 1 to 5, Pitt Street Housing Development Fund Corporation, Rubin, Fiorella & Friedman LLP,<br><br>*Defendants.* | Civil Action No. <u>1:13-cv-05878-TPG</u><br><br>**Jury Trial Demanded** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE BRC DEFENDANTS AND THE LAW FIRM DEFENDANTS MOTION TO DISMISS HIS FIRST AMENDED COMPLAINT**

*Pro se* plaintiff, HICHAM AZKOUR ("Plaintiff") timely submits the present memorandum of law in opposition to the motion to dismiss his First Amended Complaint, which was filed by the BRC Defendants and Law Firm Defendants (hereinafter collectively referred to as "Defendants") on September 23, 2016. Plaintiff respectfully requests that the Court deny their motion as moot because Plaintiff, as afforded by Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, timely amended his First Amended Complaint *once* as matter of course and filed it with this Court on October 5, 2016, less than 21 days following submission of their motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff also respectfully requests that the Court deny their motion because they have so far failed to submit an informed written consent authorizing them to continue representation of the BRC Defendants in this matter, in spite of any actual or potential conflict of interest.

On October 5, 2016, the Court denied amendment of Plaintiff's First Amended Complaint as a matter of right and ordered his Second Amended Complaint stricken. A copy of the Second Amended Complaint is attached hereto. See **EXHIBIT A.**

While submitting opposition to Defendants' motion to dismiss, Plaintiff does not waive his right to have the U.S. Court of Appeals review this Court

Order and, per 28 U.S.C. § 1651(a), prohibit denial of amendment as a matter of course.

### I. DEFENDANTS' MOTION TO DISMSSIS SHOULD BE DENIED BECAUSE NO *EXPRESS* AND *INFORMED WRITTEN* CONSENT HAS BEEN GIVEN AND FILED WITH THE COURT

As this Court is aware, the Law Firm Defendants, who are named as defendants in the instant action, continue to concurrently represent themselves and the BRC Defendants and filed a motion to dismiss on their behalf without first securing an express and informed written consent by their clients in which they solemnly assert that they have been advised of a potential conflict of interest, or the lack thereof, that might result from said representation.

In the Second Circuit, it is "prima facie improper" for an attorney to represent interests adverse to another existing client's interests in the same matter. *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream,* 409 F.3d 127, 133 (2d Cir. 2005) (citing *Cinema 5, Ltd. v. Cinerama, Inc.,* 528 F.2d 1384, 1387 (2d Cir. 1976)). Such a conflict cannot be cured but with *written consent from all affected parties. See, e.g.,* 22 N.Y.C.R.R. § 1200.0, Rule 1.7(b)(4) ("Notwithstanding the existence of a concurrent conflict of interest . . . a lawyer may represent a client if . . . *each affected client gives informed consent, confirmed in writing*")(emphasis added). Where a concurrent

3

conflict of interest exists, the attorney should disclose the conflict to the clients and obtain *their informed written consent before the representation begins*. See *Anderson v. Nassau Cnty. Dep't of Corrections*, 376 F. Supp. 2d 294, 299 (E.D.N.Y. 2005) (collecting cases).

In a recent submission at Docket Entry No. 105, the Law Firm Defendants claim that their clients made a written informed decision and expressly authorized them to continue their representation in the instant matter. However, *except for the copy of an irrelevant email addressed to third parties*, see **EXHIBIT B**, there is no indication that their clients have explicitly, knowingly, and solemnly expressed their informed consent as to their representation by attorneys they know or they might have known to be co-defendants in the present action.

Except for this Court, no court in this District has ever allowed concurrent representation of potentially adverse interests without first requiring the submission of an informed written consent by parties concerned. All New York courts require submission of sworn affidavits and declarations to meet the definition set by Rule 1.0(e) of the New York Rules of Professional Conduct. In *Amenda Lee v. Joel W. Charles and John W. Wany*, No. 12 Civ. 7374 (JFK) (S.D.N.Y, October 16, 2013), the Honorable John F. Keenan, District Judge, addressed the potential conflict of interest

4

issue first raised *sua sponte* by one of his orders. After having considered the parties' submissions and the governing caselaw, Judge Keenan concluded that Christopher Miller of James G. Bilello and Associates might continue to represent the defendants upon the satisfaction of conditions he set forth in his Opinion and Order:

> Miller is therefore directed to provide both Defendants with copies of the attorneys' submissions on this issue and of this Order. Miller is further directed to obtain, by sworn affidavit, the written consent of both Defendants to his continued representation. The affidavit must confirm that Defendants (1) have read the submissions and this Order; (2) have discussed with Miller the possibility that a conflict of interest may have existed in this case; and (3) consent to his continued representation of both of them, notwithstanding any conflict that may have existed. This affidavit must be filed no later than October 28, 2013 at 5:00 P.M. Such prompt resolution of this issue is necessary so that the Court can rule on the extant motions in this case before the parties' joint pre trial order is submitted.

Whether there is an actual conflict of interest, potential conflict of interest, or no conflict of interest as to their representation by the Law Firm Defendants, the BRC Defendants must provide *in writing* a waiver asserting that they have been advised by their attorneys of the existence or the inexistence of said conflict and that they intelligently made the decision to have the Law Firm Defendants retained as their counsel.

A written consent will protect both the BRC Defendants' rights and Plaintiff's interests when discovery issues arise during this litigation.

5

Albeit the Law Firm Defendants have been deceitfully representing that the email attached to their submission at Docket Entry No. 105 *confirms in writing* that their clients have given consent within the meaning of Rule 1.0(e)(i) and Rule 1.0(e)(iii) of the New York Rules of Professional Conduct, the latter is nevertheless unambiguous – when not truncated by the Law Firm Defendants, obviously – and provides:

> "Confirmed in writing" denotes (i) ***a writing from the person to the lawyer confirming that the person has given consent***, (ii) a writing that the lawyer promptly transmits to the person confirming the person's oral consent, or (iii) ***a statement by the person made on the record of any proceeding before a tribunal.*** If it is not feasible to obtain or transmit the writing at the time the person gives oral consent, then the lawyer must obtain or transmit it within a reasonable time thereafter (emphasis added).

In its submission to the Court, the Law Firm Defendants misleadingly support their argument by distorting Rule 1.0(e) and deliberately omitting to quote the portions relevantly defining "confirmed in writing", i.e., Rule 1.0(e)(i) and Rule 1.0(e)(iii). Moreover, in yet another misleading argument supporting the Law Firm Defendants' representation that their clients made an informed consent, they quote Rule 1.0(j):

> "Informed consent" denotes ***the agreement*** by a person to a proposed course of conduct after the lawyer has communicated information adequate for the person to make an informed decision, and after the lawyer has adequately explained to the person the material risks of the

6

proposed course of conduct and reasonably available alternatives (emphasis added).

Here, again, although the Law Firm Defendants claim that they have an *agreement* expressly giving written consent, they have not produced *a single written, signed, dated, and solemn agreement* by their clients, *made on the record before this Court*, to support the fact that their clients have indeed given written consent to their continued representation in this matter.

Plaintiff definitely believes that this manipulative and deceitful conduct is an act of fraud by the Law Firm Defendants. By avoiding to voluntarily give written consent, both the BRC Defendants and the Law Firm Defendants refuse to waive attorney-client privilege. Thus, they may deny Plaintiff access to any evidence in the future, such as their communications, which will support allegations of wrongdoing by the Law Firm Defendants. Their conduct meets the definition of Rule 1.0(i):

> "Fraud" or "fraudulent" denotes conduct that is fraudulent under the substantive or procedural law of the applicable jurisdiction or has a purpose to deceive, provided that it does not include conduct that, although characterized as fraudulent by statute or administrative rule, lacks an element of scienter, deceit, intent to mislead, or knowing failure to correct misrepresentations that can be reasonably expected to induce detrimental reliance by another.

In any event, the BRC Defendants – and not the Law Firm Defendants by dint of an irrelevant email – are the ones who should give express and

7

informed written consent. It is an attorney-client privilege. This privilege "belongs solely to the client[s] and may only be waived by [them]. An attorney may not waive the privilege without his client's consent."

In the absence of any informed written consent by the BRC Defendants, the Law Firm Defendants have no standing in representing them and filing on their behalf a motion to dismiss Plaintiff's First Amended Complaint. Therefore, the Court should deny their motion.

## II. PLAINTIFF DID NOT WAIVE HIS RIGHT TO AMEND HIS FIRST AMENDED COMPLAINT *ONCE AS A MATTER OF COURSE* PURSUANT TO Fed. R. Civ. P. 15(a)(1)(B)

On May 9, 2016, the Court of Appeals for the Second Circuit issued a mandate vacating this Court's Judgment dismissing Plaintiff's Complaint with prejudice and granting him leave to amend his Complaint. Prior to filing his notice of appeal, Plaintiff never amended his Complaint as a matter of course either pursuant to Fed. R. Civ. P. 15 (a)(1)(A) or Fed. R. Civ. P. 15 (a)(1)(B). On remand to this Court, Plaintiff did not request leave to amend his Complaint per Fed. R. Civ. P. 15 (a)(2). Therefore, he did not waive his right to amend once as a matter of course. Fed. R. Civ. P. 15, in part, provides that:

> A party may amend its pleadings once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or

(f), whichever is earlier.

Fed. R. Civ. P. 15 (a)(1). Moreover, the Committee Notes on the 2009 Amendment of Rule 15 pertinently provide:

> The distinction drawn in former Rule 15(a) is changed in two ways. First, the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.
>
> Second, the right to amend once as a matter of course is no longer terminated by service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise. Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course in response to a responsive pleading. The right is subject to the same 21-day limit as the right to amend in response to a motion.
>
> The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period.

Nothing in the Notes or the plain text of Rule 15(a)(1)(B) pushes against the view that the right to amend *once as a matter of course* theoretically can be

9

used *anytime*[1] in a case, as long as circumstances satisfy the prerequisites of this rule. Some authority has addressed the ability to amend as of course later in a case, under the right circumstances. *See Thompson v. Jiffy Lube Int'l, Inc.*, 505 F. Supp. 2d 907, 913 (D. Kan. 2007) ("Plaintiffs have already amended their complaint once; however, they requested and received leave of the Court. Are Plaintiffs still entitled to amend as a matter of course? The authority on this issue is divided; however, the plain language of the Rule persuades the Court that Plaintiffs are still entitled to amend their pleading under Rule 15. Plaintiffs have not yet amended as a matter of course and no responsive pleading has been filed.")

Here, Plaintiff never exhausted his right to amend his complaint once as a matter of course. Plaintiff's original Complaint led to a dismissal with prejudice from which he appealed. The Second Circuit's appellate review technically granted him leave to amend but did so with criticism of the original Complaint. This being said, Plaintiff did not invoke his right to amend as a matter of course when filing the First Amended Complaint. Defendants never answered the First Amended Complaint, choosing instead to file the pending motion to dismiss. The filing of their motion on

---

[1] The language of Rule 15(a)(1)(B) does not authorize amendment each time a responsive pleading is filed by a party. The purpose of the Rule is to allow one amendment as a matter of course per party and per case.

10

September 23, 2016 started the 21-day clock under Rule 15(a)(1)(B). Plaintiff had until October 7, 2016 to amend as a matter of course, or to respond to the motion. As stated above, Plaintiff amended his First Amended Complaint and filed it on October 5, 2016. The Court, however, ordered the Second Amended Complaint stricken.

### III. MOTION TO DISMISS IS MOOTED BY PLAINTIFF'S AMENDMENT OF HIS FIRST AMENDED COMPLAINT AS A MATTER OF COURSE

As it is the case in the instant matter, where a plaintiff timely amends his complaint as a matter of course while a motion to dismiss is pending, *see* Fed. R. Civ. P. 15(a)(1)(B), a court should deny the motion as moot. *Roller Bearing Co. of America, Inc. v. American Software, Inc.,* 570 F.Supp.2d 376, 384 (D.Conn.2008). Because a motion to dismiss is not considered a "responsive pleading" for Rule 15 purposes, an amended complaint filed "as a matter of course" pursuant to Rule 15(a) renders moot a motion to dismiss directed at the original complaint. *Chodos v. F.B.I.,* 559 F.Supp. 69, 70 n. 2 (S.D.N.Y. 1982)*, aff'd,* 697 F.2d 289 (2d Cir.1982).

Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss.

11

*James V. Hurson Assocs., Inc. v. Glickman,* 229 F.3d 277, 282-83 (D.C.Cir.2000)).

Considering the fact that Plaintiff actually and timely filed and served his Second Amended Complaint, the First Amended Complaint has become inoperative and has now no legal effect. "It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (internal citations omitted). "Once an amended pleading is interposed, the original pleading no longer performs any function the case." *Azkour v. Haouzi*, No. 11 Civ. 5780 (RJS) (KNF), 2012 WL 1681438 at *1 (S.D.N.Y. Apr. 25, 2012).

In this case, Defendants filed their motion to dismiss on September 23, 2016. On October 5, 2016, Plaintiff filed his Second Amended Complaint. At the time that Plaintiff filed his Second Amended Complaint, the 21-day period during which Fed. R. Civ. P. 15(a)(1)(B) permits a plaintiff to amend his pleadings "as a matter of course" had not yet elapsed. Because the Second Amended Complaint rendered moot the First Amended Complaint initially filed on July 20, 2016, *see Shields*, 25 F.3d at 1128, Defendants' motion to dismiss the First Amended Complaint was made moot.

Accordingly, Defendants motion to dismiss should be denied as moot. *See, e.g., Haw Par Health Care, Ltd. v. Wardard China & Porcelain, Inc.*, No. 05 Civ. 4152, 2007 WL 188736, at *1 (S.D.N.Y. Jan. 23, 2007); *accord Azkour*, 2012 WL 1681438, at *2; *Effie Film, LLC v. Murphy*, No. 11 783 (TPG), 2012 WL 716556, at *3 (S.D.N.Y. Mar. 6, 2012).

### IV. MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD BE DENIED BECAUSE IT IS PREMATURE AS DEFENDANTS FAILED TO FILE AN ANSWER TO THE FIRST AMENDED COMPLAINT

Rule 12(c) of the Federal Rules of Civil Procedure provides:

> *After the pleadings are closed*—but early enough not to delay trial—a party may move for judgment on the pleadings.

Fed. R. Civ. P. 12(c). ***Defendants moved to dismiss Plaintiff's First Amended Complaint but failed to file beforehand an answer to this First Amended Complaint, which is the operative complaint***. **Therefore, the pleadings are not closed.** Thus, Defendants' motion for judgment on the pleadings is definitely premature.

Moreover, the Court has not yet issued any scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure setting a deadline for discovery and amendments. Fed. R. Civ. P. 16 (b)(3)(A). Where a scheduling order has been entered, the lenient standard under Rule 15(a)

13

must be balanced against the requirements under Rule 16(b) that the Court's scheduling order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b)(4).

Here, many defendants, added by the First Amended Complaint, have not even been served and the Court has not yet issued a scheduling order setting a deadline for reply on all pleadings.

Consequently, any motion for judgment on the pleadings is premature and should be denied.

### V. MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THE PARTIES, INCLUDING THE CITY DEFNDANTS, HAVE NOT ENGAGED IN DISCOVERY AND PLAINTIFF HAS REASONABLY ASSERTED HIS RIGHTS TO ACCESS EVIDENCE TO REBUT THE MOTION

Rule 12(d) of the Federal Rules of Civil Procedure provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

On the other hand, Rule 56(d) of the Federal Rules of Civil Procedure provides that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and

rebut the motion. *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995).

As a matter of course, this Court is aware that the City Defendants submitted preliminary requests for disclosure as to the false arrests and involuntary hospitalizations alleged in the First Amended Complaint. *See* **EXHIBIT C**. These requests are still pending as the City Defendants have not yet been properly served.

Because discovery remains ongoing, the Court should decline to convert Defendants' motion into a Rule 56 motion for summary judgment. *See Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."). Accordingly, the Court should not consider anything "submitted by either party, by affidavit or otherwise, outside of the [c]omplaint and [a]nswer." *Viacom Int'l Inc. v. Time Inc.,* 785 F.Supp. 371, 375 (S.D.N.Y.1992); *see, e.g., Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.,* 820 F.Supp.2d 490, 494 n. 2 (S.D.N.Y.2011) (declining to convert a Rule 12(c) motion into a Rule 56 motion); *Labajo v. Best Buy Stores, L.P.,* 478 F.Supp.2d 523, 530 (S.D.N.Y.2007) (same).

## VI. CONCLUSION

As set forth above, the Court should deny the Defendants' motion to dismiss as **MOOT** and **PREMATURE** in light of the following reasons: (1) the Law Firm Defendants' refusal to submit an informed written consent so that they may continue representation of the BRC Defendants; (2) Plaintiff's submission of his Second Amended Complaint as a matter of course, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure; (3) the Law Firm Defendants' failure to timely serve and file an answer to the First Amended Complaint; (4) the pleadings are not closed; (5) the Court has not entered a Rule 16 Scheduling Order; (6) other parties in the instant matter have not yet been served or waived service of process; and (7) discovery has not yet been initiated.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. Reinstate Plaintiff's Second Amended Complaint to the docket and deem it filed on October 5, 2016; and
2. Deny Defendants motion to dismiss Plaintiff's First Amended Complaint as **MOOT** and **PREMATURE;**

Respectfully submitted on this 7th day of October, 2016


By:     HICHAM AZKOUR, *pro se*
        _____



Hicham Azkour
93 Pitt Street,
Apt 3B
New York, New York 10002

Telephone: (917) 859-6550
Email: hicham.azkour@gmail.com