UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HICHAM AZKOUR,

                                          Plaintiff,

-against-                                      Civil Action No.:
                                                           13 CV 5878 (TPG)

CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT,
NEW YORK POLICE DEPARTMENT OFFICERS 1 TO 20,
DETECTIVE YURIY POSTERNAK, DETECTIVE LUIS TORRES,
SERGEANT PHILIP SANSONE, SPECIAL INVESTIGATOR
PATRICK CAHILL, SERGEANT GAGLIONE, OFFICER
HUGUES, CIVILIAN COMPLAINT REVIEW BOARD, BOWERY
RESIDENTS' COMMITTEE, INC., LAWRENCE ROSENBLATT
a/k/a MUZZY ROSENBLATT, JANET FORTE, TEREEN
LLEWELYN-MILLER, KEVIN MARTIN, KRISTIN SHILSON,
KIMBERLY PENATER a/k/a KIMBERLY SWEDENBERG,
SADIQUA KHABIR, ANGELA KEDZIOR, ABBY STUTHERS,
KRYSTINA de JACQ, JASON THOMAS, TODD KELLY, JOHN
DOES 1 TO 5, JANE DOES 1 TO 5, PITT STREET/HDFC,
RUBIN, FIORELLA & FRIEDMAN LLP,

                                          Defendants.

---

**DEFENDANTS BRC, THE BRC DEFENDANTS, AND RUBIN, FIORELLA & FRIEDMAN LLP'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER STRIKING THE SECOND AMENDED COMPLAINT**

                                      RUBIN, FIORELLA & FRIEDMAN LLP
                                      630 Third Avenue, 3rd Floor
                                      New York, New York 10017
                                      (212) 953-2381
                                      pkovner@rubinfiorella.com
                                      Attorneys for Defendants
                                      Bowery Residents' Committee, Inc. Lawrence Rosenblatt
                                      A/k/a Muzzy Rosenblatt, Janet Forte, Tereen Llewelyn-
                                      miller, Kevin Martin, Kristin Shilson, Kimberly Penater
                                      a/k/a Kimberly Swedenberg, Sadiqua Khabir, Angela
                                      Kedzior, Abby Stuthers, Krystina De Jacq, Jason Thomas,
                                      Todd Kelly, Pitt Street/HDFC, and Rubin, Fiorella &
                                      Friedman LLP

Of counsel:
Paul Kovner, Esq.
Aaron F. Fishbein, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT - Azkour Did Not Obtain the Opposing Parties'
          Written Consent or Leave of The Court Prior to
          Filing His Second Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

               The Standard On A Motion For Reconsideration . . . . . . . . . . . . . . . . 2

               Azkour Never Sought Leave Of The Court Or
               Consent From The BRC Defendants Or RFF
               To File A Second Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

Cases

Bingham v. Morales,
2011 U.S. Dist. LEXIS 127721 (U.S.D.C. S. Dist. Ga. 2011) .............................. 6

Deutsch v. Health Ins. Plan,
573 F. Supp. 1443 (S.D.N.Y. 1983) ...................................................... 5

In re Health Mgmt. Sys., Inc. Sec. Litig.,
113 F. Supp. 2d 613 (S.D.N.Y. 2000) .................................................... 2

McCarthy v. Manson,
714 F.2d 234 (2nd Cir. 1983) ........................................................... 3

Nwachukwu v. Liberty Bank,
2016 U.S. Dist. LEXIS 85896 (U.S.D.C. Dist. Conn. July 1, 2016) .................... 4, 5

Parrish v. Sollecito,
253 F. Supp. 2d 713 (S.D.N.Y. 2003) .................................................... 2

Pure Country v. Sigma Chi Fraternity,
312 F.3d 952 (8th Cir. 2002) ........................................................... 6

Range Road Music, Inc. v. Music Sales Corp.,
90 F. Supp. 2d 390 (S.D.N.Y. 2000) ..................................................... 3

Rivera v. Mattingly,
2012 U.S. Dist. LEXIS 3133 (S.D.N.Y. 2012) ............................................. 3

Seretse-Khama v. Ashcroft,
215 F. Supp. 2d 37, 40 n. 6 (D.D.C. 2002) .............................................. 5

Sikhs For Justice v. Nath,
893 F. Supp. 2d 598 (S.D.N.Y. 2012) .................................................... 3

Soto v. John Defendants,
2014 U.S. Dist. LEXIS 53697 (U.S.D.C. Dist. Minn. 2014),
aff'd, 581 Fed. Appx. 606 (8th Cir. 2014) .............................................. 5

U.S. v. Union Corp.,
194 F.R.D. 223, 229 n. 1 (E.D. Pa. 2000) ............................................... 5

Statutes

Fed. R. Civ. P. 15(a) ........................................................... 2, 3, 4, 5, 6

<u>Other Authorities</u>
  S&ED NY Local Rule 6.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## PRELIMINARY STATEMENT

Defendants Bowery Residents' Committee, Inc. ("BRC"), Lawrence Rosenblatt a/k/a Muzzy Rosenblatt, Janet Forte, Tereen Llewelyn-Miller, Kevin Martin, Kristin Shilson, Kimberly Penater a/k/a Kimberly Swedenberg, Sadiqua Khabir, Angela Kedzior, Abby Stuthers, Krystina de Jacq, Jason Thomas, Todd Kelly, Pitt Street/HDFC (collectively, the "BRC Defendants") and Rubin, Fiorella & Friedman LLP ("RFF") submit this memorandum of law in opposition to the motion of the plaintiff, Hicham Azkour ("Azkour"), for reconsideration of this Court's order dated October 5, 2016 (the "October 5, 2016 Order") which instructed the Clerk of Court to "remove docket number 101" (Azkour's Second Amended Complaint).

Azkour's motion should be denied because, as shown below and as this Court properly found, Azkour did not obtain the opposing parties' consent or leave of the Court, as required by Fed. R. Civ. P. 15(a)(2).

## FACTS

Azkour filed his initial complaint on August 27, 2013. [ECF No. 2.] On July 20, 2016, Azkour filed his First Amended Complaint. [ECF No. 74].[1] On October 5, 2016, Azkour filed his Second Amended Complaint. [ECF No. 101].

On October 5, 2016, this Court, on its own motion, instructed the Clerk of Court to "remove docket number 101" on the basis that Azkour had filed the Second Amended Complaint "without the Court's leave and with no indication that he obtained the opposing parties' consent, as required" by Fed. R. Civ. P. 15(a)(2). The Court stated, "If plaintiff wishes to file a Second Amended Complaint, he may file a motion seeking the Court's leave or obtain the opposing parties' consent." [ECF No. 102].

---

[1] Azkour's statement that he filed his First Amended Complaint on October 5, 2016 is incorrect.

Azkour never filed a motion for leave of the Court to file a Second Amended Complaint or asked consent of the BRC Defendants or RFF to do so, as this Court stated he must if he wishes to file a Second Amended Complaint.[2] Instead, he filed the present motion for reconsideration, asserted the Court Order instructing the Clerk of Court to remove docket number 101 was impermissible, and threatened that if the present motion is denied, he will immediately appeal to the Second Circuit Court of Appeals.

## ARGUMENT

### AZKOUR DID NOT OBTAIN THE OPPOSING PARTIES' WRITTEN CONSENT OR LEAVE OF THE COURT PRIOR TO FILING HIS SECOND AMENDED COMPLAINT

**The Standard On A Motion For Reconsideration**

A motion for reconsideration of a court order determining a motion may be granted if the movant shows that the court overlooked "matters or controlling decisions." S&ED NY Local Rule 6.3.

> A motion for reconsideration under Local Rule 6.3 "may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). Such motions should be "employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). These motions "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court," Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000), and a losing party may not use a motion for reconsideration "to advance new theories that the movant failed to advance in connection with the underlying motion[.]" Sollecito, 253 F. Supp. 2d at 715. Ultimately, the decision whether to grant a motion for reconsideration rests within the court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2nd Cir. 1983).

---

[2] The Second Amended Complaint consisted of 173 pages and 1,102 paragraphs. The BRC Defendants or RFF would not have consented to Azkour's filing it, if he had asked.

Rivera v. Mattingly, 2012 U.S. Dist. LEXIS 3133, * 7 - 8 (S.D.N.Y. 2012) (Griesa, J.). "The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might materially have influenced its earlier decision." Sikhs For Justice v. Nath, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (internal quotation marks and citations omitted).

### Azkour Never Sought Leave Of The Court Or Consent From The BRC Defendants Or RFF To File A Second Amended Complaint

As this Court ruled, Azkour, having already filed an amended complaint, was required to either obtain the opposing parties' written consent or the Court's leave before filing a second amended complaint. Azkour did neither, and did not even attempt to do so.

Fed. R. Civ. P. 15(a) provides:

**(a) Amendments Before Trial.**

**(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend his pleading only once as a matter of course, and must do so within the specified time frame. Otherwise, he must seek leave of the court or written consent from the opposing parties. A party cannot file a second amended complaint

3

as of right. If the rule were otherwise, a party would be able to file an infinite number of amended complaints as of right, which would be absurd.

"The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." Notes of Advisory Committee on 2009 amendments to Rule 15(a). "[A] pleading may *not* be amended "as a matter of course" a second time. Instead, "[p]reviously amended pleadings may be subsequently amended only with the opposing party's written consent or the court's leave." Nwachukwu v. Liberty Bank, 2016 U.S. Dist. LEXIS 85896, * 2 (U.S.D.C. Dist. Conn. July 1, 2016) (italics in original, internal quotation marks omitted). Fed. R. Civ. P. 15(a) "refers only to a first amendment made as of course, and has nothing to do with the case at bar, where plaintiff has previously amended his complaint. If the Rule were construed as counsel purports to read it, a plaintiff could file (as of course and without leave) and require the defendant to answer a limitless number of amended complaints, provided only that the latest pleading was filed within 21 days after the service of its immediate predecessor. That would do violence to the wording and the clear purpose of Rule 15(a)." Nwachukwu v. Liberty Bank, 2016 U.S. Dist. LEXIS 94426, * 2 (U.S.D.C. Dist. Conn. July 20, 2016). See also Deutsch v. Health Ins. Plan, 573 F. Supp. 1443, 1445 (S.D.N.Y. 1983) ("the automatic amendment provisions of 15(a) do not apply to amendments of amended pleadings"); Soto v. John Defendants, 2014 U.S. Dist. LEXIS 53697, * 10 (U.S.D.C. Dist. Minn. 2014), aff'd, 581 Fed. Appx. 606 (8th Cir. 2014) (plaintiff filed an amended complaint, and then attempted to file a second amended complaint within 21 days thereafter. Court stated, "[plaintiff] amended his Complaint once when he filed the First Amended Complaint. The Court holds this is

the "once" as a matter of course that Rule 15(a) allows"); Seretse-Khama v. Ashcroft, 215 F. Supp. 2d 37, 40 n. 6 (D. D.C. 2002) ("Rule 15(a), however, allows amendment only "once as a matter of course," and thus respondents cannot amend their initial Opposition a second time by raising lack of jurisdiction over Lewis without leave of Court or written consent"); U.S. v. Union Corp., 194 F.R.D. 223, 229 n. 1 (E.D. Pa. 2000) ("The right [to amend a pleading] obviously terminates once a party has amended its pleading one time, because the plain language of Rule 15(a) permits a party to amend as a matter of course only "once").

Azkour argues that notwithstanding the clear wording of Fed. R. Civ. P. 15(a), he is entitled to amend his complaint a second time, as a matter of course, because his first amended complaint was pursuant to the order of the Second Circuit. That argument has been rejected by the Court in Bingham v. Morales, 2011 U.S. Dist. LEXIS 127721, * 6 (U.S.D.C. S. Dist. Ga. 2011). In Bingham, the Court ruled:

> The fact that he [plaintiff] had twice amended his complaint prior to his motion to amend precluded him from amending the complaint again as a matter of right, irrespective of the fact that his prior amendments were directed by the Court to address pleading deficiencies. Rule 15(a)(1) provides that a party may amend a pleading only "once as a matter of course," without any distinction between self-initiated amendments and amendments directed by a court to remedy pleading deficiencies. (Emphasis added.)

Azkour's reliance on Pure Country v. Sigma Chi Fraternity, 312 F.3d 952 (8th Cir. 2002), is misplaced. In Pure Country, the defendant filed a motion to dismiss the complaint. While that motion was pending, the plaintiff filed a motion to amend the complaint and to add parties. The District Court denied the motion to amend. The Eighth Circuit Court of Appeals reversed. The Eighth Circuit held that the plaintiff had a right to amend the complaint once, even though it had

proceeded by way of a motion to amend.  312 F.3d at 955 - 56.  <u>Pure Country</u> is distinguishable because it did not involve a second amended complaint.

## CONCLUSION

For the reasons set forth herein, it is respectfully requested that Azkour's motion be denied in all respects.

Dated: New York, New York
       October 18, 2016

Respectfully submitted,

RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for the BRC Defendants and RFF

By: _____
    Paul Kovner, Esq. (PK-7448)
630 Third Avenue, 3rd Floor
New York, New York 10017
(212) 953-2381
pkovner@rubinfiorella.com