# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**Hicham Azkour,**

    *Plaintiff,*

    *v.*

**City of New York, New York Police Department, New York City Department of Homeless Services, New York City Department of Housing Preservation and Development, New York Police Department Officers 1 to 20, Detective Yuriy Posternak, Detective Luis Torres, Sergeant Philip Sansone, Special Investigator Patrick Cahill, Sergeant Gaglione, Officer Hugues, Civilian Complaint Review Board, Bowery Residents' Committee, Inc., Lawrence Rosenblatt a/k/a Muzzy Rosenblatt, Janet Forte, Tereen Llewelyn-Miller, Kevin Martin, Kristin Shilson, Kimberly Penater a/k/a Kimberly Swedenberg, Sadiqua Khabir, Angela Kedzior, Abby Stuthers, Krystina de Jacq, Mary Gray, Brittany Nicholson, Jason Thomas, Todd Kelly, John Does 1 to 5, Jane Does 1 to 5, Pitt Street Housing Development Fund Corporation, Rubin, Fiorella & Friedman LLP,**

    *Defendants.*

**Civil Action No. <u>1:13-cv-05878-TPG</u>**

**Jury Trial Demanded**

---

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO HIS MOTIONS FOR RECONSIDERATION

On October 18, 2016, counsel to the BRC Defendants and the Law Firm Defendants (collectively referred to as "Defendants") submitted a frivolous and harassing memorandum of law in opposition to Plaintiff's motions for reconsideration. *See* Docket Entry No. 110. As we will demonstrate to the Court, Defendants' memorandum is a fraud and has no foundation in the laws of the United States. By resorting to deceit, incitement, and harassment, counsel is trying to misrepresent to this Court that (1) Plaintiff, following Defendants' Rule 12(b)(6) motion to dismiss, cannot timely amend his First Amended Complaint once as a matter of course pursuant to Fed. R. Civ. P. (a)(1); and (2) Plaintiff is threatening[1] the Court because he is asserting his right to seek review by an appellate court.

By filing his memorandum and presenting a harassing defense, which is devoid of any legal basis, counsel is clearly engaging in misconduct. This is ethically unacceptable and, per Fed. R. Civ. P. 11, it should be sanctioned.

---

[1] Plaintiff does not threaten anybody. He challenges the parties and the Court. And he lawfully, assertively, and courageously does it. Any retaliation against Plaintiff's right to litigate is a violation of his civil rights. Plaintiff is not impressed by counsel's and his clients' colonial practices.

Again, Plaintiff asserts that the Court abused its discretion by denying him amendment as a matter of course. If this Court does not reconsider its decision, Plaintiff, asserting his right as a *pro se* litigant, will immediately seek review by the Court of Appeals for the Second Circuit. Defendants' memorandum strikingly reveals that counsel deliberately, manipulatively, misleadingly, deceitfully, deceivingly, intelligently, and maliciously cites to case law with the clear intent to distort the law and interfere with the sound and expedited administration of justice.

Since the law is well established in this area[2], Plaintiff will not waste time arguing endlessly that *he is entitled*, *without the Court's or the parties' permission*, to amend his First Amended Complaint as a matter of course. All federal circuits would allow amendment as a matter of course if a party had not exhausted that right. The First Circuit, for example, has recently held:

> Once a party has exhausted its one-time right to amend as a matter of course, it may make further amendments only with the opposing party's consent or with leave of court. *See id.* 15(a)(2). The

---

[2] However, if the Court insists that it is not, Plaintiff is ready to have any conflict resolved by the Second Circuit and, if necessary, by the Supreme Court of the United States. Again, by stating so, Plaintiff asserts his rights as a *pro se* litigant.

rule cautions, however, that the court should "freely give" leave to amend where the interests of justice so require. *Id.*

....

Rule 15(a)(1) explicitly states that a party is entitled to amend *"once* as a matter of course." Fed. R. Civ. P. 15(a)(1) (emphasis supplied); *see United States ex rel. Poteet v. Bahler Med., Inc.,* 619 F.3d 104, 116 (1st Cir.2010). The relator took advantage of this one-time opportunity in February of 2011 when he filed his first amended complaint. Absent the defendants' consent — never obtained here — the relator was therefore obligated to secure leave of court before any further amendments to his complaint could be effected.

….

To say more on this point would be supererogatory. We hold, without serious question, that a plaintiff may amend a complaint only once as a matter of course under Rule 15(a)(1). It follows that the district court did not err in concluding that the relator exhausted his one-time right to amend as a matter of course when he filed his first amended complaint in February of 2011.

*See United States ex rel D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st. Cir. 2015) or **EXHIBIT A.**

This being considered – and one may enumerate more cases – Plaintiff will highlight in bold characters and in bright colors, that counsel has deliberately, manipulatively, misleadingly deceitfully, deceivingly, intelligently, and maliciously cited to legal authorities to illegitimately obtain a tactical advantage. For example[3], at **page 4** of his memorandum, counsel twice cites to *Nwachukwu v. Liberty Bank*, **2016 U.S. Dist. LEXIS 85896 (U.S.D.C. Dist. Con. July 1, 2016)** and *Nwachukwu v. Liberty Bank*, **2016 U.S. Dist. LEXIS 94426 (U.S.D.C. Dist. Con. July 20, 2016)** to support its misrepresentation to the Court that Plaintiff cannot amend, as a matter of a course, an already amended Complaint. However, counsel deliberately, manipulatively, misleadingly deceitfully, deceivingly, intelligently, and maliciously omits to state to this Court that plaintiff Nwachukwu *sought amendment as a matter of course for the second time* (we highlight and color for counsel's convenience)[4]:

> Following the Court's recent denial without prejudice of Plaintiff's motion for a preliminary injunction and Defendant's filing of a motion to dismiss, Plaintiff now seeks to amend his "First Amended Complaint" pursuant to Fed. R. Civ. P. 15(a)(1)(B). Doc. 23. Under that provision of Rule 15, "[a] party may amend its

---

[3] The same is true for other case laws.

[4] Non-omitted portions are not highlighted.

pleading *once as a matter of course* . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B) (emphasis added). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Put simply, a pleading may *not* be amended "as a matter of course" a second time. Instead, "[p]reviously amended pleadings may be subsequently amended only with the opposing party's written consent or the court's leave." *Roller Bearing Co. of Am. v. Am. Software, Inc.,* 570 F. Supp. 2d 376, 383 (D. Conn. 2008)(citing Fed. R. Civ. P. 15(a)). *See also Loubier v. Allstate Ins. Co.,* No. 3:09-CV-261 (JBA), 2010 WL 1279082, at *9 (D. Conn. Mar. 30, 2010) ("As the Second Amended Complaint is not Plaintiffs' first amendment to the pleading, they did not have the right 'as a matter of course' to file it."); *Deutsch v. Health Ins. Plan of Greater New York,* 573 F. Supp. 1443, 1445 (S.D.N.Y. 1983) ("We also agree with plaintiff that the automatic amendment provisions of 15(a) do not apply to amendments of amended pleadings. The drafters of the Federal Rules precluded any suggestion to the contrary by providing in 15(a) that '[a] party may amend his pleading *once* as a matter of course.' (emphasis supplied).").

**In the case at bar, Plaintiff previously amended his Complaint as a matter of course.** ***See*** **Doc. 19 ("First Amended Complaint," filed on May 27, 2016, "pursuant**

> to Rule 15 of the Federal Rules of Civil Procedure"). **He may not, therefore, amend a second time as a matter of course.** Rather, absent Defendant's written consent, Plaintiff may only move to amend his complaint a second time with the Court's leave pursuant to Federal Civil Rule 15(a)(2) and must file a memorandum of law in support of his motion. *See* D. Conn. L. Civ. R. 7(a)(1) ("[a]ny motion involving disputed issues of law shall be accompanied by a written memorandum of law").

*See Nwachukwu v. Liberty Bank*, 2016 U.S. Dist. LEXIS 85896 (U.S.D.C. Dist. Con. July 1, 2016). In another opinion, the Honorable Charles S. Haight, Jr., Senior District Judge ruled (we highlight and color for counsel's convenience):

> Plaintiff's motion [Doc. 29] to file a Second Amended Complaint is DENIED. **Plaintiff's First Amended Complaint was previously filed as of right. His brief accompanying the present submission agues that this second amended pleading can also be filed as of right.**
> This argument is wrong. The brief purports to quote Rule 15(a)(1)(A), Fed. R. Civ. P., as providing that "a party may amend its pleading, i.e., complaint, as a matter of course within 21 days after serving it." Brief at 2. In

7

**point of fact, Rule 15(a)(1)(A) actually reads: "A party may amend its pleading** *once* **as a matter of course within: (A) 21 days after serving it . . ." (emphasis added). Counsel's paraphrase omits the adverb "once," a sleight-of-hand which eviscerates the Rule. A pleading may be amended as of right (that is, without the opposing party's consent or leave of court)** *once,* **which in plain English means "one time and no more."** *Webster's New Collegiate Dictionary* **(1976) at 801. This is one of the relatively rare occasions when the meanings of plain English and legal terminology are the same. Professor Moore's treatise says that "when Rule 15(a)(1) gives a party one opportunity to amend 'as a matter of course,' the rule is providing a** *single opportunity* **to amend without seeking either leave of court or the opposing party's consent." 3** *Moore's Federal Practice,* **§ 15.10[1] Matthew Bender 3d ed.) (emphasis added). The 21 day-after-service provision counsel cites refers only to a first amendment made as of course, and has nothing to do with the case at bar, where plaintiff has previously amended his complaint.** If the Rule were construed as counsel purports to read it, a plaintiff could file (as of course and without leave) and require the defendant to answer a limitless number of amended

complaints, provided only that the latest pleading was filed within 21 days after the service of its immediate predecessor. That would do violence to the wording and the clear purpose of Rule 15(a).

**Counsel for Plaintiff either does not understand the plain language of the Rule, or chooses to disregard it, perhaps in the hope that no one will notice. That quality of advocacy should be avoided. Plaintiff's motion to file and serve a Second Amended Complaint is DENIED, WITHOUT PREJUDICE to Plaintiff's efforts to obtain Defendant's consent, or move this Court for leave to amend in proper form.**

*See Nwachukwu v. Liberty Bank*, 2016 U.S. Dist. LEXIS 94426 (U.S.D.C. Dist. Con. July 20, 2016).

In consonance with the Honorable Haight, Plaintiff believes that counsel for Defendants either does not understand the plain language of the Rule, or chooses to disregard it, perhaps in the hope that no one will notice. That quality of advocacy should be avoided because it reflects that counsel does not have any respect for Plaintiff's intelligence. And this corroborates the nature of the claims in the Second Amended Complaint, which counsel is avoiding to address.

9

I hope that this was a good lesson for counsel and that, next time, he should exercise more vigilance in deliberately, manipulatively, misleadingly deceitfully, deceivingly, intelligently, and maliciously citing to legal authorities with the intent to illegitimately obtain a tactical, undeserved advantage in this protracted litigation.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. Deny Defendant's frivolous and harassing request at Docket Entry No. 110;
2. Order their counsel to cease and desist from filing frivolous and malicious papers;
3. Order counsel to file a written consent from his clients authorizing his present representation; and
4. Reconsider its Order denying Plaintiff the right to file his Second Amended Complaint as a matter of course.

Respectfully submitted on this 18th day of October, 2016

      By:    HICHAM AZKOUR, *pro se*

                _____



Hicham Azkour
93 Pitt Street,
Apt 3B
New York, New York 10002

Telephone: (917) 859-6550
Email: hicham.azkour@gmail.com