The Hon. Thomas P. Griesa, U.S.D.J.  Hicham Azkour
Daniel Patrick Moynihan    93 Pitt Street
United States Courthouse    Apt 3B
Courtroom 26B      New York New York 10002
500 Pearl Street
New York, NY 10007

            (917) 859-6555
            hicham.azkour@gmail.com


            December 20, 2016

Via ECF

Re: *Azkour v. BRC, et al.*, 13-cv-5878-TPG


Dear Judge Griesa:

  Attached please find a courtesy copy of Plaintiff's petition for a writ of mandamus filed today, December 20, 2016, with the U.S. Court of Appeals for the Second Circuit. Plaintiff appealed to the Second Circuit because this Court's recent decisions brought some controlling questions of law whose resolution by the higher court will expedite the administration of justice.

  Should the Court have any further questions regarding the aforementioned petition, Plaintiff is at the Court's disposition.


Respectfully submitted,

  Hicham Azkour, *pro se*



# No.

# In The United States Court of Appeals
## *for the*
## Second Circuit

## IN RE HICHAM AZKOUR,

*Plaintiff-Petitioner.*

PETITION FOR WRIT OF MANDAMUS RELATING TO AN
ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF NEW YORK

**No. 1:13-cv-05878-TPG**

## PETITION FOR WRIT OF MANDAMUS

Hicham Azkour, *pro se*
93 Pitt Street, Apt 3B
New York New York 10002

(917) 859-6550
hicham.azkour@icloud.com



Pursuant to 28 U.S.C. § 1651(a), *pro se* petitioner Hicham Azkour ("Petitioner") respectfully requests that this Court prohibit the lower court from issuing impermissible and erratic rulings that blatantly violate the Federal Rules of Civil Procedure and the New York Rules of Professional Conduct.

Petitioner also respectfully requests that the Court prohibit the lower court from sabotaging[1] Petitioner's efforts by deliberately delaying the adjudication of the instant matter. On March 23, 2015, the lower court delayed the course of this litigation by arbitrarily

---

[1] This civil action was filed on August 8, 2013. Since then, it has never been scheduled for a Rule 16 pre-trial conference. In fact, the district judge, on March 23, 2015, unscrupulously dismissed the complaint – *a civil rights and discrimination complaint* – **WITH PREJUDICE** and without allowing Petitioner to amend it. The district judge's dismissal was questionable and suspicious. A dismissal pursuant to Rule 12(b)(6) and or Rule12(c) without an opportunity to amend is an extremely drastic measure that other federal judges do not contemplate when the plaintiff is unrepresented and the complaint alleges unlawful acts of discrimination. For this reason, as it is the case here, *see Azkour v. Bowery Residents' Comm., Inc.,* 2016 WL 1552367, *2 (2d Cir. 2016) (summary order), the Second Circuit has often vacated 12(b)(6) and 12(c) dismissals of complaints alleging discrimination. *See also Vega v. Hempstead Union Free Sch. Dist.,* 801 F.3d 72, 84 (2d Cir. 2015) (vacating 12(c) dismissal of Title VII claim because the district court held Plaintiff to overly stringent pleading standards); *Dawson v. N.Y.C. Transit Auth.,* 624 F. App'x 763, 770 (2d Cir. 2015) (summary order) (vacating 12(b)(6) dismissal of Plaintiff's complaint); *Osby v. City of New* York, 633 F. App'x 12, 13 (2d Cir. 2016) (summary order). The Second Circuit has also cautioned district courts against imposing too high a burden on plaintiffs alleging discrimination at the 12(b)(6) stage. *See Dawson,* 624 F. App'x at 770 ("At the pleading stage, district courts would do well to remember this exceedingly low burden that discrimination plaintiffs face…").

dismissing Petitioner's complaint with prejudice and without affording him the opportunity to amend it. And although the U.S. Court of Appeals for the Second Circuit held that dismissal with prejudice was "misguided", *see Azkour v. Bowery Residents' Comm., Inc.,* 2016 WL 1552367, *2 (2d Cir. 2016), the district judge continues to rule in a manner that is inconsistent with the laws of the Circuit and which manifests an utter disregard for the parties' right to the expeditious administration of justice.

In the instant case, for example, Petitioner has never exhausted his right to amend his complaint once as a matter of right. However, the district court denied him amendment pursuant Fed. R. Civ. P. 15(a)(1)(B). The district court outlandishly ruled that in order for Petitioner to amend his complaint pursuant to said rule[2] – and not Fed. R. Civ. P. 15(a)(2) as misrepresented by the order attached hereto – he must first seek the parties' consent and the district court's leave. *See* EXHIBIT A.

---

[2] The caption of the second amended complaint clearly states that amendment was made pursuant to Fed. R. Civ. P. 15(a)(1)(B). This shows that the eventuality of a harmless error must be discarded.

While flouting the Federal Rules of Civil Procedure, the district court also flouted the New York Rules of Professional Conduct by authorizing attorneys, who are jointly sued with their clients in the present matter, to continue representation without submitting a verified, written, and informed consent from each and every client they intend to continue representing. Petitioner does not object to continued representation. Each and every party has the absolute right to choose his or her legal counsel. However, down the road, Petitioner does not wish to be surprised when, for any reason, a defendant uses the absence of "informed consent" or  "conflict of interest" as a defense to contest a ruling or an issue. Obviously, this will further delay the resolution of the instant matter and will certainly prejudice Petitioner. As set forth below, additional reasons intrinsic to the nature of the case also require submission of written consents.

This being said, a writ of mandamus is appropriate here because it has long provided the logical method by which courts in this Circuit supervise the administration of justice. *See Will v. United States,* 389 U.S. 90, 107, 88 S.Ct. 269, 280, 19 L.Ed.2d 305 (1967) (noting the vital corrective and didactic function of mandamus); *La Buy v. Howes*

3

*Leather Co.,* 352 U.S. 249, 259-60, 77 S.Ct. 309, 315, 1 L.Ed.2d 290 (1957) (acknowledging important function of mandamus to monitor district courts).

The Supreme Court has stated that in reviewing mandamus a court must consider whether the party seeking the writ has any "other adequate means to attain the relief he desires." *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (per curiam). No such adequate means are present here. Because the lower court's order to deny amendment as of right is interlocutory, it is not appealable under 28 U.S.C. § 1291 until a final order is rendered in the litigation. The same applies to the district court's decision to condone continued representation by the sued attorneys in the absence of a written consent by their clients.

**ISSUES PRESENTED**

1.    May the district court deny Petitioner the right to amend his complaint *once as a matter of course* when there is evidence that he has never amended his complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B)?

2.      May the district court authorize New York licensed attorneys to continue representation of their clients in a civil action where both attorneys and clients are sued by Petitioner and where the attorneys did not procure and submit a *valid* and *written informed consent* by their clients as required by the New York Rules of Professional Conduct?

## PROCEDURAL HISTORY

On August 8, 2013, Petitioner filed his complaint with the district court. On June 7, 2014, the defendants filed a Rule 12(b)(6) motion to dismiss Petitioner's complaint. On March 23, 2015, the district judge granted their motion and dismissed Petitioner's Complaint *with prejudice*. At no time, did Petitioner amend his complaint, whether with leave or without leave of the district court. On March 24, 2015, Petitioner timely filed a notice of appeal. On June 9, 2016, the United States Court of Appeals for the Second Circuit issued a mandate affirming in part, vacating in part, and remanding the district court's judgment dismissing Petitioner's complaint with

prejudice. The Court of Appeals also mandated that the district court grant Petitioner leave to amend his complaint. *See* EXHIBIT B.

On June 21, 2016, the district judge ordered Petitioner to file an amended complaint within 30 days. On July 20, 2016, in compliance with the district judge's order and with the defendants' consent, Petitioner timely amended and submitted his complaint by adding parties and justiciable claims. Petitioner amended him complaint pursuant to Fed. R. Civ. P. 15(a)(2).

In his first amended complaint, Petitioner named attorneys from the law firm ("Law Firm Defendants") that had been representing the defendants in the original complaint ("BRC Defendants") as defendants in the first amended complaint.  Petitioner brought claims against said attorneys because the BRC Defendants, while being represented, continued to engage in some unlawful acts with the advice, knowledge, and the approval of the Law Firm Defendants.

Considering the fact that the representation of the BRC Defendants by the Law Firm Defendants in the same action, where both are named defendants, may constitute an actual conflict of interest, Petitioner requested that the Law Firm Defendants submit

6

and file with the district court valid and written consents by their clients authorizing them to continue representation. To this day, the Law Firm Defendants failed to provide, in accordance with the Rules of Professional Conduct, written informed consents from their clients. Unconcerned with the issues that such representation may present, the district judge has ignored Petitioner's multiple requests regarding the submission and filing of the consents.

On September 23, 2016, the BRC Defendants and their attorneys, the Law Firm Defendants, submitted a motion to dismiss Petitioner's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

On October 5, 2016, *as a matter of course*, Petitioner amended his first amended complaint and submitted a second amended complaint as per Fed. R. Civ. P. 15(a)(1)(B). Petitioner had not yet exhausted his right to amend *once as a matter of course*. However, as stated above, the district judge erratically denied Petitioner his right to amend his first amended complaint and ordered the second amended complaint *stricken from the docket*.

This second amended complaint mooted the Rule 12(b)(6) motion submitted by both the Law Firm Defendants and the BRC Defendants. Notwithstanding that the defendants' motion to dismiss was moot, Petitioner submitted a memorandum of law in opposition to said motion. His submission was on October 7, 2016, two days after filing his second amended complaint.

On October 6, 2016 and October 11, 2016, Petitioner twice sought reconsideration of the lower court's order denying amendment as a matter of right. Although he always addresses the opposing parties' requests and grants them relief[3] with promptitude, the district judge's ostensibly dilatory attitude in addressing Petitioner's motions for reconsideration explain that his capricious decisions to dismiss with prejudice and delay are meant to prejudice Petitioner.

## AMENDMENT AS A MATTER OF COURSE

Petitioner's second amended complaint was properly filed. The

---

[3] For instance, on October 11, 2016, counsel for the BRC Defendants and the Law Firm Defendants sought time extension to file a reply to Petitioner's opposition to their motion to dismiss. A day later, on October 12, 2016, the district judge granted them relief. Throughout the present litigation, there are many examples where counsel's requests for relief are promptly granted and Petitioner's are simply ignored. This leads to believe that the district judge is biased against Petitioner.

district court's decision to strike it violates Fed. R. Civ. P. 15(a)(1).
The language of this rule is so plain and unambiguous that any
interpretation prohibiting amendment *once as a matter of course*
clearly tortures the rule and is contradicted by many decisions in the
Second Circuit. *See, e.g., Azkour v. Haouzi*, No. 11 Civ. 5780 (RJS)
(KNF), 2012 WL 1681438 (S.D.N.Y. Apr. 25, 2012). In this case,
which is still pending and where Petitioner is the plaintiff, the
Honorable Kevin N. Fox, U.S.M.J., issued a Report &
Recommendation where he wrote:

> Federal Rule of Civil Procedure 15, in pertinent part, provides
> that
>
>> [a] party may amend its pleadings once as a matter of
>> course within: (A) 21 days after serving it, or (B) if the
>> pleading is one to which a responsive pleading is
>> required, 21 days after service of a responsive pleading
>> or 21 days after service of a motion under rule 12(b), (e),
>> or (f), whichever is earlier.
>
> Fed. R. Civ. P. 15(a)(1).
>
> "It is well established that an amended complaint
> ordinarily supercedes the original, and renders it of no legal
> effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128
> (2d Cir. 1994) (citation omitted). "Once an amended pleading is

9

interposed, the original pleading no longer performs any function in the case." 6 C. Wright A. Miller & M. Kane, Federal Practice and Procedure § 1476, at 636-37 (2010).

On January 24, 2012, the defendants filed a motion to dismiss Azkour's second amended complaint, pursuant to Fed R. Civ. P. 12(b)(6). On February 2, 2012, seven days after the defendants' filed their motion to dismiss, Azkour filed his third amended complaint. At the time that Azkour filed his third amended complaint, the 21-day period during which Fed. R. Civ. P. 15(a)(1)(B) permits a plaintiff to amend his or her pleadings, "as a matter of course," when a Rule 12(b) motion has been made, had not elapsed. Inasmuch as an amended complaint supercedes a previously filed complaint and renders it of no legal effect, *see Shields*, 25 F.3d at 1128, when Azkour filed his third amended complaint, his second amended complaint was supplanted and divested of any legal effect. As a consequence, the defendants' motion to dismiss Azkour's second amended complaint was made moot.

*See Azkour*, 2012 WL 1681438, at *1. The Report & Recommendation was fully adopted by the Honorable Richard J. Sullivan, U.S.D.J.

Far away from the Second Circuit, in *Ramirez v. County of San*

*Bernardino,* 806 F.3d 1002 (9th Cir. 2015)[4], which presents exactly the same issue, the Ninth Circuit's decision supports Petitioner's argument that the parties' consent or the district court's leave is not required to amend his first amended complaint as per Fed. R. Civ. P. 15(a)(1)(B). In *Ramirez,* the Ninth Circuit considered "whether Federal Rule of Civil Procedure 15(a) required the Plaintiff, who filed his First Amended Complaint *with consent of the opposing party,* to seek leave of court before filing his Second Amended Complaint." *Ramirez,* 806 F.3d at 1003 (emphasis added). The Ninth Circuit held that the plaintiff was permitted to file his second amended complaint as a matter of course, without seeking leave of court. That was because the plaintiff had obtained the defendants' consent before filing the first amended complaint and, therefore, had not exhausted his one amendment as a matter of course under Rule 15(a).

Like the plaintiff in *Ramirez,* Petitioner obtained the BRC Defendants' consent and the district court's leave before filing his first amended complaint in this action on July 20, 2016. As such, Petitioner did not exhaust his one amendment as a matter of course on July 20,

---

[4] To view oral argument, please click https://youtu.be/2ykn-xXM-jY

2016, and was thus entitled to make a further amendment to his complaint without the parties' consent or leave of the district court.

Definitely, Petitioner first amended complaint was not an amendment as a matter of course. It was an amendment by the district court's order granting him leave to amend and with the explicit, written consent of the parties. Therefore, it was an amendment pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Such an amendment does not preclude Petitioner from exercising his right to amend as a matter of course, pursuant to Rule 15(a)(1)(B) of the same rules. Petitioner may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2). In *Ramirez*, the Ninth Circuit held:

> As the Supreme Court has long instructed in the context of statutory interpretation, when the wording of a rule is clear and unambiguous and is not capable of more than one meaning, "the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917); *see also Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("When the words of a statute are unambiguous, then, this first canon is also

the last: judicial inquiry is complete.") (internal quotation marks omitted). We think Rule 15 is clear and unambiguous. Indeed, a straightforward reading of Rule 15(a) provides several distinct methods by which a plaintiff may amend his complaint and the concomitant parameters for doing so.

The district court erroneously held that the First Amended Complaint was filed as a matter of course and, thus, that the Plaintiff could not file another 15(a)(1) amendment. The district court therefore ruled that the Plaintiff was required to seek leave of court under 15(a)(2). In the alternative, the district court opined that if the first amendment was filed with leave of court under 15(a)(2), then the Plaintiff had effectively waived his right to file a matter of course amendment under 15(a)(1). We disagree both with the district court's characterization of the First Amended Complaint as being the Plaintiff's one matter of course amendment, as well as its conclusion about the timing and waiver mechanism of Rule 15(a).

Here, the Plaintiff's first amendment was accomplished pursuant to a stipulation between the parties. This particular amendment complied with Rule 15(a)(2) as an "other amendment" because it was filed with "the opposing party's written consent." It is arguable that this amendment was also filed with the "court's leave," which, as the district court recognized, is an alternative method of complying with Rule

13

15(a)(2).

Thus, the second question before this court is whether the Plaintiff was allowed to file a Second Amended Complaint as a matter of course under 15(a)(1), or whether his First Amended Complaint somehow exhausted his one matter of course amendment. We hold that Rule 15 provides different ways to amend a complaint, and these ways are not mutually exclusive. Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions. That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made. 15(a)(2)'s phrase "in all other cases" does not indicate that it chronologically follows 15(a)(1). Indeed, it does not even hint that there is a timing component to the operation of this Rule. Rather, it plainly provides an alternative to the methods available under 15(a)(1). Hence, we conclude that a plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2).

For example, as in this case, a plaintiff may file his first amended complaint with consent from the opposing party, which satisfies Rule 15(a)(2). He may thereafter utilize his one matter of course amendment under 15(a)(1), so long as he files

it timely. The reverse is equally true and is more often the case: a plaintiff may file his one matter of course amendment under Rule 15(a)(1) and then seek consent from opposing counsel or leave of court to file a second amended complaint under 15(a)(2). Either order complies with the text of the Rule.

We base our decision on a straightforward reading of the text of, as well as our own past remarks about, Rule 15. That is, we previously have considered the phrase matter of course as consonant with "as of right," implying, if not expressly declaring, that Rule 15 confers a "right" to amend upon parties. *See Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir.2012) (parties have twenty-one days "to amend as of right"); *Rick-Mik Enters., Inc. v. Equilon Enters. LLC,* 532 F.3d 963, 977 (9th Cir. 2008) (explaining in pre-amendment context that until a responsive pleading is filed or a final judgment dismissing the case is entered, the plaintiff "had an absolute right to amend"); *Shaver v. Operating Eng'rs Local 428 Pension Trust Fund,* 332 F.3d 1198, 1201 (9th Cir.2003) (before a responsive pleading was filed and before the case was dismissed, the plaintiffs "had an absolute right to amend their complaint"); *Sanford v. Motts,* 258 F.3d 1117, 1120 (9th Cir.2001) ([Rule 15(a)] "gives a plaintiff one opportunity to amend as of right. The district court [erred by] not afford[ing] this opportunity."); *Worldwide Church of God, Inc. v. California,* 623 F.2d 613, 616 (9th Cir.1980) ("[A] party may, as a matter of right, amend its

complaint once before the filing of a 'responsive pleading' or the entry of final judgment. . . .").

Thus, it is clear that we routinely have viewed Rule 15(a)(1)'s ability to amend as a right, one which is exhausted or limited only by the restrictions set forth in the Rule itself. In other words, before 2009, a plaintiff had the right to amend his complaint up until the point in time when a responsive pleading was filed or within twenty days after service of the pleading if no response was permitted and the case was not on the trial calendar. Since 2009, a plaintiff has the right to amend within twenty-one days of service of the complaint (15(a)(1)(A)), or within twenty-one days of service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever comes first (15(a)(1)(B)). The Plaintiff's 15(a)(2) amendment, filed first in time, cannot be construed as a waiver or exhaustion of his automatic right to amend under 15(a)(1), so long as that amendment was timely.

Indeed, it was. The Defendants' Rule 12(b)(6) and 12(e) motion was filed on May 22, 2013. Rule 15(a)(1)(B) allowed the Plaintiff to amend once within twenty-one days after service of that motion. The Plaintiff attempted to file his Second Amended Complaint on June 12, 2013, which was the twenty-first day after the motion to dismiss was filed. Hence, the amendment was timely filed.

*See Ramirez v. County of San Bernardino,* 806 F.3d 1002, 1006-1008 (9th Cir. 2015) (citations and quotations omitted). Plaintiff attaches to this petition a copy of this opinion for the Court's consideration. *See* EXHIBIT C.

## WRITTEN INFORMED CONSENT

As this Court is aware, the Law Firm Defendants, who are named as defendants in the instant action, continue to concurrently represent themselves and the BRC Defendants and filed a Rule 12(b)(6) motion on their behalf without first securing an express and informed written consent by their clients in which they solemnly assert that they have been advised of a conflict of interest, or the lack thereof, that might result from said representation.

In the Second Circuit, it is "prima facie improper" for an attorney to represent interests adverse to another existing client's interests in the same matter. *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream,* 409 F.3d 127, 133 (2d Cir. 2005) (citing *Cinema 5, Ltd. v. Cinerama, Inc.,* 528 F.2d 1384, 1387 (2d Cir. 1976)). Such a conflict cannot be cured but with *written consent from all affected*

*parties*. *See, e.g.,* 22 N.Y.C.R.R. § 1200.0, Rule 1.7(b)(4) ("Notwithstanding the existence of a concurrent conflict of interest . . . a lawyer may represent a client if . . . *each affected client gives informed consent, confirmed in writing*")(emphasis added). Where a concurrent conflict of interest exists, the attorney should disclose the conflict to the clients and obtain *their informed written consent before the representation begins*. See *Anderson v. Nassau Cnty. Dep't of Corrections*, 376 F. Supp. 2d 294, 299 (E.D.N.Y. 2005) (collecting cases).

In a submission to the district court, *see* Docket Entry No. 105, the Law Firm Defendants claim that their clients made a written informed decision and expressly authorized them to continue their representation in the instant matter. However, *except for the copy of an irrelevant email addressed to third parties*, *see* EXHIBIT D, there is no indication that their clients have explicitly, knowingly, and solemnly expressed their informed consent as to their representation by attorneys they know or they might have known to be co-defendants in the present action.

Except for the court below, no other court in the Second

Circuit has ever allowed concurrent representation of potentially adverse interests without first requiring the submission of an informed written consent by parties concerned. All New York courts require submission of sworn affidavits and declarations to meet the definition set by Rule 1.0(e) of the New York Rules of Professional Conduct. In *Amanda Lee v. Joel W. Charles and John W. Wany*, No. 12 Civ. 7374 (JFK) (S.D.N.Y, October 16, 2013), *see* <u>EXHIBIT E</u>, the Honorable John F. Keenan, U.S.D.J., addressed the potential conflict of interest issue first raised *sua sponte* by one of his orders. After having considered the parties' submissions and the governing caselaw, Judge Keenan concluded that Christopher Miller of James G. Bilello and Associates might continue to represent the defendants upon the satisfaction of conditions he set forth in his opinion and order:

> Miller is therefore directed to provide both Defendants with copies of the attorneys' submissions on this issue and of this Order. Miller is further directed to obtain, by sworn affidavit, the written consent of both Defendants to his continued representation. The affidavit must confirm that Defendants (1) have read the submissions and this Order; (2) have discussed

with Miller the possibility that a conflict of interest may have existed in this case; and (3) consent to his continued representation of both of them, notwithstanding any conflict that may have existed. This affidavit must be filed no later than October 28, 2013 at 5:00 P.M. Such prompt resolution of this issue is necessary so that the Court can rule on the extant motions in this case before the parties' joint pre trial order is submitted.

Whether there is an actual conflict of interest, potential conflict of interest, or no conflict of interest as to their representation by the Law Firm Defendants, the BRC Defendants must provide *in writing* a waiver asserting that they have been advised by their attorneys of the existence or the inexistence of said conflict and that they intelligently made the decision to have the Law Firm Defendants retained as their counsel.

A written consent will protect both the BRC Defendants' rights and Plaintiff's interests when discovery issues arise during this litigation. Although the BRC Defendants have the absolute right to choose their attorneys, they are nevertheless under the obligation, as an entity covered by the Health Insurance Portability and

Accountability Act of 1996 ("HIPAA"), to abide by the Privacy Rule. For instance, there will be an actual conflict of interest if the attorneys representing them used Petitioner's healthcare protected information to defend. Albeit the Law Firm Defendants have been representing that the email attached to their submission at <u>Docket Entry No. 105</u> *confirms in writing* that their clients have given consent within the meaning of Rule 1.0(e)(i) and Rule 1.0(e)(iii) of the New York Rules of Professional Conduct, the latter is nevertheless unambiguous – when not truncated by the Law Firm Defendants, obviously – and provides:

> "Confirmed in writing" denotes (i) ***a writing from the person to the lawyer confirming that the person has given consent***, (ii) a writing that the lawyer promptly transmits to the person confirming the person's oral consent, or (iii) ***a statement by the person made on the record of any proceeding before a tribunal.*** If it is not feasible to obtain or transmit the writing at the time the person gives oral consent, then the lawyer must obtain or transmit it within a reasonable time thereafter (emphasis added).

In its submission to the district court, the Law Firm Defendants misleadingly support their argument by distorting Rule 1.0(e) and

deliberately omitting to quote the portions relevantly defining "confirmed in writing", i.e., Rule 1.0(e)(i) and Rule 1.0(e)(iii). Moreover, in yet another misleading argument supporting the Law Firm Defendants' representation that their clients made an informed consent, they quote Rule 1.0(j):

> "Informed consent" denotes ***the agreement*** by a person to a proposed course of conduct after the lawyer has communicated information adequate for the person to make an informed decision, and after the lawyer has adequately explained to the person the material risks of the proposed course of conduct and reasonably available alternatives (emphasis added).

Here, again, although the Law Firm Defendants claim that they have an agreement expressly giving written consent, they have not produced a single written, signed, dated, and solemn agreement by their clients, made on the record before the district court, to support the fact that their clients have indeed given written consent to their continued representation in this matter.

Petitioner definitely believes that this manipulative and deceitful conduct is an act of fraud by the Law Firm Defendants. By avoiding to voluntarily submit written consent, both the BRC

Defendants and the Law Firm Defendants refuse to waive attorney-client privilege. Thus, they may deny Petitioner access to any evidence in the future, such as their communications, which will support allegations of wrongdoing by the Law Firm Defendants. Their conduct meets the definition of Rule 1.0(i):

> "Fraud" or "fraudulent" denotes conduct that is fraudulent under the substantive or procedural law of the applicable jurisdiction or has a purpose to deceive, provided that it does not include conduct that, although characterized as fraudulent by statute or administrative rule, lacks an element of scienter, deceit, intent to mislead, or knowing failure to correct misrepresentations that can be reasonably expected to induce detrimental reliance by another.

In any event, the BRC Defendants – and not the Law Firm Defendants by dint of an irrelevant email – are the ones who should give express and informed written consent. It is an attorney-client privilege. This privilege "belongs solely to the client[s] and may only be waived by [them]. An attorney may not waive the privilege without his client's consent." *In re von Bulow,* 828 F.2d 94, 100 (2d Cir.1987).

In the absence of any informed written consent by the BRC

Defendants, the Law Firm Defendants have no standing in representing them and filing on their behalf a motion to dismiss Petitioner's first amended complaint.

## CONCLUSION

For the reasons set forth above, Petitioner respectfully requests that this Court:

1.  Prohibit the district court from further issuing any impermissible orders or decisions;

2.  Prohibit the district court from further delaying the resolution of this matter by issuing impermissible rulings;

3.  Direct the district court to afford Petitioner his absolute right to amend his first amended complaint pursuant Fed. R. Civ. P. 15(a)(1)(B) and file a third amended complaint (considering that the second amended complaint was already stricken from the docket); and

4.  Direct the district court to order the Law Firm Defendants to submit affidavits from their clients, the

BRC Defendants, stating that they were informed of any potential or actual conflict of interest and that they consent to continued representation of their interests in this litigation by the Law Firm Defendants.

Respectfully submitted on December 20, 2016

By: _____

Hicham Azkour, *pro se*

93 Pitt Street
Apt. 3B
New York, New York 10002

(917) 859-6550
hicham.azkour@icloud.com

25

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/2016

HICHAM AZKOUR

                Plaintiff,

v.

BOWERY RESIDENTS
COMMITTEE, INC., LAWRENCE
a/k/a MUZZY ROSENBLATT,
JANET FORTE, KEVIN MARTIN,
TEREEN LLEWELYN-MILLER,
ANGELA KEDZIOR, JOHN DOE 1-5,
AND JANE DOE 1-5,

                Defendants.

No. 13-cv-5878 (TPG)

**ORDER**

THOMAS P. GRIESA, United States District Judge:

On October 05, 2016 plaintiff in the above-captioned matter filed a Second Amended Complaint without the Court's leave and with no indication that he obtained the opposing parties' consent, as required. Fed. R. Civ. P. 15(a)(2). The Clerk of Court is therefore instructed to remove docket number 101 in this case.

If plaintiff wishes to file a Second Amended Complaint, he may file a motion seeking the Court's leave or obtain the opposing parties' consent.

SO ORDERED.

Dated: New York, New York
        October 5, 2016

Thomas P. Griesa
United States District Judge

1

# EXHIBIT B

MANDATE



N.Y.S.D. Case #
13-cv-5878(TPG)

15-887
Azkour v. Bowery Residents' Committee, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand sixteen.

PRESENT:

> ROBERT A. KATZMANN
> *Chief Judge*,
> JOSÉ A. CABRANES,
> *Circuit Judge*,
> LEWIS A. KAPLAN,
> *District Judge.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 09, 2016 _____

---

Hicham Azkour,

> *Plaintiff-Appellant*,

> v.                                    15-887

Bowery Residents' Committee, Inc., Lawrence Rosenblatt, aka Muzzy Rosenblatt, Janet Forte, Kevin Martin, Tereen Llewelyn-Miller, Angela Kedzior, John Does, 1-5, Jane Does, 1-5,

> *Defendants-Appellees.***

---

For Plaintiff-Appellant:                 Hicham Azkour, *pro se*, New York, NY.

---

\* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.
\*\* The Clerk of the Court is respectfully directed to amend the caption to conform to the above.

MANDATE ISSUED ON 05/09/2016

For Defendants-Appellees:                          Paul Kovner, Esq., Rubin Fiorella &
                                                   Friedman LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

Appellant Hicham Azkour, proceeding *pro se*, appeals the district court's judgment dismissing his civil rights complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(c), "employ[ing] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (internal quotation marks omitted). We thus construe the complaint liberally, accepting its factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

In this Circuit, *pro se* complaints should not be dismissed by the district court "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). However, a district court need not grant leave to amend when doing so would be "futile." *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). We review a district court's denial of leave to amend for abuse of discretion, unless "the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile," in which case we review the denial *de novo*. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) (citation omitted).

I. **Claims Under 42 U.S.C. §§ 1983, 1985, 1986, and 2000d**

Azkour has abandoned his claims under §§ 1985, 1986, and 2000d by failing to address them in his brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). And the district court properly dismissed and denied leave to amend Azkour's claims under § 1983 because Azkour failed to adequately plead state action. *See Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257–58 (2d Cir. 2008) (explaining the three tests for determining whether the actions of a private entity are attributable to the state). Azkour argues on appeal that the Bowery Residents' Committee is a state actor under the Supreme Court's test in *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995). This argument fails because, *inter alia*, New York did not "create[] [the Bowery Residents' Committee] by special law." *Id*. at 400. Nor is there "any indication" that Azkour could remedy this deficiency by repleading. *Shomo*, 579 F.3d at 183. Accordingly, we affirm the district court's judgment as to these claims.

II. **Claims Under 42 U.S. C. § 1981 and the Fair Housing Act ("FHA")**

Although the district court characterized the problems with Azkour's case as "substantive," it dismissed his § 1981 and FHA claims because of pleading failures. *Azkour v. Bowery Residents' Comm., Inc.*, No. 13 Civ. 5878 (TPG), 2015 WL 1344770, at *8 (S.D.N.Y. Mar. 23, 2015). The district court also failed to apply the appropriate pleading standard in accordance with *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny, to those claims. *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010) (applying *McDonnell Douglas* to § 1981 claims); *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008) (applying *McDonnell Douglas* to FHA claims). As we have recently held, "a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas*, at least as the test was originally formulated, to defeat a motion to dismiss." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015); *see also Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). Azkour was only

required to "give plausible support to a minimal inference of discriminatory motivation."[1]  *Vega*, 801 F.3d at 84 (internal quotation marks omitted).   Although many of the factual allegations in Azkour's complaint were conclusory and may not have even been attributable to the defendants, given the relaxed pleading requirements under *McDonnell Douglas*, it is not clear that granting leave to amend his complaint would have been futile.   Accordingly, we vacate and remand with instructions to allow Azkour to amend his complaint as to these claims.  *See Khulumani v. Barclay Nat'l Bank Ltd.*, 504 F.3d 254, 260–61 (2d Cir. 2007) (declining to address whether plaintiffs' complaint was sufficiently pleaded where district court had erroneously denied leave to amend as futile because the Court "[could not] be sure that the pleadings in the record before [it] represent[ed] the final version of the plaintiffs' allegations").

We have considered Azkour's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



---

[1] Although *Littlejohn* and *Vega* discussed pleading standards in the context of employment discrimination cases, they both relied on the Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).   We have held that "[t]he *Swierkiewicz* holding applies with equal force to any claim . . . that the *McDonnell Douglas* framework covers."   *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 72 (2d Cir. 2006).

4

# EXHIBIT C

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO CASILLAS RAMIREZ,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a<br>political subdivision; ROD HOOPS,<br>Sheriff; WILLIAM CHAMPIN,<br>Sheriff's Deputy; D. PATTON,<br>Sheriff's Deputy; and EDWARD<br>FINNERAN, Sheriff's Deputy,<br>*Defendants-Appellees*,<br><br>and<br><br>JIM ORR, Private Investigator;<br>RECORDING INDUSTRY ASSOCIATION<br>OF AMERICA,<br>*Defendants*. | No. 13-56602<br><br>D.C. No.<br>5:13-cv-00573-<br>JFW-SP<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
John Walter, District Judge, Presiding

Argued and Submitted
June 5, 2015—Pasadena, California

Filed November 23, 2015

Before: Jay S. Bybee and Carlos T. Bea, Circuit Judges, and Elizabeth E. Foote,[*] District Judge.

Opinion by Judge Foote

## SUMMARY[**]

### Civil Procedure

The panel reversed the district court's dismissal of a civil rights complaint and remanded for further proceedings.

The panel held that plaintiff was not required, pursuant to Federal Rule of Civil Procedure 15(a), to seek leave of court before filing his Second Amended Complaint. The panel held that Rule 15(a) does not impose any particular timing mechanism governing the order in which amendments must be made. Because plaintiff's First Amended Complaint, filed with consent of the opposing party, complied with Rule 15(a)(2) as an "other amendment," plaintiff was permitted to file a timely Second Amended Complaint "as a matter of course" under Rule 15(a)(1), without seeking leave of court. Accordingly, the panel reversed the district court's refusal to recognize the Second Amended Complaint. Because the timely filed Second Amended Complaint mooted the pending motion to dismiss, the panel reversed the district court's grant

---

[*] The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

of defendants' motion to dismiss the First Amended Complaint and the resulting dismissal of the plaintiff's case.

## COUNSEL

Moises A. Aviles (argued), Aviles & Associates, San Bernardino, California, for Plaintiff-Appellant.

Dawn M. Flores-Oster (argued), Lewis Brisbois Bisgaard & Smith, Los Angeles, California, for Defendants-Appellees.

## OPINION

FOOTE, District Judge:

Plaintiff-Appellant, Sergio Ramirez, appeals the district court's dismissal of his civil rights complaint and the subsequent denial of his motion to reconsider that dismissal. In this appeal, we consider whether Federal Rule of Civil Procedure 15(a) required the Plaintiff, who filed his First Amended Complaint with consent of the opposing party, to seek leave of court before filing his Second Amended Complaint. This inquiry demands that we carefully scrutinize Rule 15(a)'s text to discern whether it imposes any particular timing mechanism governing the order in which amendments must be made. Because we find that Rule 15(a) does not impose any such timing mechanism, we hold that the Plaintiff was permitted to file his Second Amended Complaint "as a matter of course," without seeking leave of court. Accordingly, we reverse the judgment of the district court below.

4        RAMIREZ V. CTY. OF SAN BERNARDINO

**I.**

This civil rights case arises from an incident in which San Bernardino Sheriff's deputies stopped the Plaintiff in his driveway whereupon they allegedly beat, tased, and detained him despite his compliance with their commands.   The Plaintiff asserts that he was detained for fifteen days without being arraigned or brought to court and that he was subsequently transferred to two different immigration detention centers, where he endured additional suffering before being released on bail.  The merits of the case and the Plaintiff's allegations against the Defendants are not at issue in this appeal, however.  Rather, we focus on an intriguing confluence of procedural mechanisms that resulted in the district court's action below.

In December 2012, the Plaintiff filed suit in California state court against the County of San Bernardino and other individuals, chiefly claiming a violation of his civil rights. On April 29, 2013, after removal of the case to federal court, the Plaintiff and the Defendants stipulated to the dismissal of certain Defendants and agreed that the Plaintiff could amend his complaint within twenty days.  The parties submitted the stipulation to the district court for its approval.  The district court shortened the Plaintiff's deadline to file an amended complaint from twenty days to ten days, but signed the order. Within ten days, as contemplated by the stipulation and order, the Plaintiff filed his First Amended Complaint, alleging civil rights violations, battery, false imprisonment, invasion of privacy, negligence, intentional infliction of emotional distress, and violations of Sections 51.7 and 52.1 of the California Unruh Civil Rights Act.

On May 22, 2013, the Defendants filed a motion to dismiss the First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), and also moved for a more definite statement, pursuant to Rule 12(e). The motion was calendared for hearing on June 24, 2013. Pursuant to Central District of California Local Rule 7-9, the Plaintiff was required to file an opposition to the Defendants' motion no later than twenty-one days before the hearing date. If the Plaintiff intended not to oppose the motion, Local Rule 7-9 mandated that he file a written statement confirming he would not oppose the motion. Although the Plaintiff's opposition or statement of non-opposition was due to the court by June 3, 2013, he failed to submit any response to the motion. Rather, on June 12, 2013, he attempted to file a Second Amended Complaint. This filing was rejected on June 14, 2013 because leave of court had neither been sought nor granted.

By June 19, the Defendants' motion to dismiss was still unopposed. Consequently, the district court granted the motion to dismiss, relying upon Local Rule 7-12, which provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." Thus, without considering the merits of the Plaintiff's First Amended Complaint, the district court deemed the Plaintiff's silence as his consent to the granting of the Defendants' motion to dismiss. The district court dismissed the First Amended Complaint, without leave to amend, as to all Defendants, including two nonmoving Defendants, and dismissed the action entirely.

Nearly one month later, the Plaintiff filed a motion for reconsideration under Rules 59(e) and 60(b).   There, he submitted that the Second Amended Complaint was

> appropriately filed as an amended complaint filed of course under Federal Rule of Civil Procedure 15(a)(1), and properly superseded the First Amended Complaint, making the Motion to Dismiss, filed May 22, 2013, moot, and that a newly decided Federal case and a newly decided State case would bar granting a Motion to Dismiss without leave to amend. In the alternative, Plaintiff attempted to file the Second Amended Complaint based on the fact that the Plaintiff previously obtained leave to file the First Amended Complaint, and still believed that he still had the right to file an amended complaint filed of course, but through carelessness, attempted to file the Second Amended Complaint anyway.

The district court denied the motion for reconsideration, explaining that the Plaintiff was not entitled to file a Second Amended Complaint without seeking leave of court, as he had already exhausted his one matter of course amendment when he filed the First Amended Complaint.   The court explained:

> Based on the stipulation of the parties, the Court entered an order on May 1, 2013 that had been lodged by the parties dismissing those defendants [in the original complaint] and setting a deadline for the filing of an amended complaint.   Although the May 1,

> 2013 Order set a deadline by which Plaintiff
> had to file a First Amended Complaint, the
> stipulation submitted by the parties did not
> seek, and the Court did not grant, Plaintiff
> leave to file his First Amended Complaint.
> Thus, Plaintiff's First Amended Complaint
> filed on May 9, 2013 constituted his one "as a
> matter of course" filing of an amended
> complaint.   In addition, even if the May 1,
> 2013 Order is construed as granting Plaintiff
> leave to amend his original Complaint,
> Plaintiff was still not entitled to file his
> Second Amended Complaint without seeking
> leave of the Court because he had waived his
> right to file an amended complaint "as a
> matter of course." . . .   Therefore, the Court
> properly rejected the Second Amended
> Complaint because Plaintiff failed to seek
> leave of the Court to file it.

The district court further reasoned that the Defendants'
motion to dismiss was properly granted under the Local Rules
because the Plaintiff failed to file an opposition, which was
deemed consent to the granting of the motion.   The court
found that vacating the dismissal of the case would prejudice
the Defendants who would be required to devote additional
time and resources to more litigation; that prejudice would be
"compounded by the fact that granting Plaintiff's Motion
would simply reward Plaintiff for his repeated violations of
the Federal Rules of Civil Procedure and the Local Rules
while the County Defendants incurred additional unnecessary
expenses in defending this action."   For those reasons, the

district court concluded that the Plaintiff was not entitled to relief under Rule 60(b) and denied the motion.[1]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court's rejection of the Second Amended Complaint, pursuant to its interpretation of Rule 15, will be reviewed *de novo*. *See Cal. Scents v. Surco Prods., Inc.*, 406 F.3d 1102, 1105 (9th Cir. 2005) ("This court reviews *de novo* a district court's interpretation of the Federal Rules of Civil Procedure.").

## III.

The Plaintiff's chief complaint on appeal is that Rule 15(a) is ambiguous and that under the Rule, it is not clear whether he was required to seek leave of court to file his Second Amended Complaint. After a thorough examination of the Rule, we hold that he was not.

Rule 15(a) provides:

> (1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or

---

[1] As we reverse this case on the basis of Rule 15, we do not reach the arguments advanced on appeal regarding the other issues raised in the Plaintiff's motion for reconsideration.

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).**²**  The Plaintiff contends the district court erred in striking his Second Amended Complaint and should have allowed it to be filed.  While we agree with the Plaintiff that the district court impermissibly rejected the Second Amended Complaint, we do not agree that Rule 15(a) is ambiguous.

As the Supreme Court has long instructed in the context of statutory interpretation, when the wording of a rule is clear and unambiguous and is not capable of more than one meaning, "the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *Caminetti v. United States*, 242 U.S. 470, 485 (1917); *see also Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)

---

**²** Rule 15 was amended in 2009.  Prior to that amendment, it provided that a party could amend once as a matter of course at any time before a responsive pleading was served, or within twenty days of service if no responsive pleading was permitted and the case was not on the court's trial calendar.  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 688–89 (9th Cir. 2005).  Otherwise, a party could amend only with leave of court or consent of the opposing party.  *Id.* at 689.

("When the words of a statute are unambiguous, then, this
first canon is also the last: judicial inquiry is complete.")
(internal quotation marks omitted).  We think Rule 15 is clear
and unambiguous.  Indeed, a straightforward reading of Rule
15(a) provides several distinct methods by which a plaintiff
may amend his complaint and the concomitant parameters for
doing so.

The district court erroneously held that the First Amended
Complaint was filed as a matter of course and, thus, that the
Plaintiff could not file another 15(a)(1) amendment.  The
district court therefore ruled that the Plaintiff was required to
seek leave of court under 15(a)(2).  In the alternative, the
district court opined that if the first amendment was filed with
leave of court under 15(a)(2), then the Plaintiff had
effectively waived his right to file a matter of course
amendment under 15(a)(1).  We disagree both with the
district court's characterization of the First Amended
Complaint as being the Plaintiff's one matter of course
amendment, as well as its conclusion about the timing and
waiver mechanism of Rule 15(a).

Here, the Plaintiff's first amendment was accomplished
pursuant to a stipulation between the parties.  This particular
amendment complied with Rule 15(a)(2) as an "other
amendment" because it was filed with "the opposing party's
written consent."  It is arguable that this amendment was also
filed with the "court's leave," which, as the district court
recognized, is an alternative method of complying with Rule
15(a)(2).[3]

---

[3] The district court opined that the Plaintiff never sought leave in filing
the First Amended Complaint, and further, that it never actually granted

Thus, the second question before this court is whether the Plaintiff was allowed to file a Second Amended Complaint as a matter of course under 15(a)(1), or whether his First Amended Complaint somehow exhausted his one matter of course amendment. We hold that Rule 15 provides different ways to amend a complaint, and these ways are not mutually exclusive. Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions. That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made. 15(a)(2)'s phrase "in all other cases" does not indicate that it chronologically follows 15(a)(1). Indeed, it does not even hint that there is a timing component to the operation of this Rule. Rather, it plainly provides an alternative to the methods available under 15(a)(1). Hence, we conclude that a plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2).

For example, as in this case, a plaintiff may file his first amended complaint with consent from the opposing party, which satisfies Rule 15(a)(2). He may thereafter utilize his one matter of course amendment under 15(a)(1), so long as he files it timely. The reverse is equally true and is more often the case: a plaintiff may file his one matter of course amendment under Rule 15(a)(1) and then seek consent from opposing counsel or leave of court to file a second amended

---

leave. However, finding that 15(a)(2) was satisfied by the stipulation, we need not reach a decision on that particular issue.

12      RAMIREZ V. CTY. OF SAN BERNARDINO

complaint under 15(a)(2).  Either order complies with the text
of the Rule.

We base our decision on a straightforward reading of the
text of, as well as our own past remarks about, Rule 15.  That
is, we previously have considered the phrase matter of course
as consonant with "as of right," implying, if not expressly
declaring, that Rule 15 confers a "right" to amend upon
parties.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th
Cir. 2012) (parties have twenty-one days "to amend as of
right"); *Rick-Mik Enters., Inc. v. Equilon Enters. LLC*,
532 F.3d 963, 977 (9th Cir. 2008) (explaining in pre-
amendment context that until a responsive pleading is filed or
a final judgment dismissing the case is entered, the plaintiff
"had an absolute right to amend"); *Shaver v. Operating
Eng'rs Local 428 Pension Trust Fund*, 332 F.3d 1198, 1201
(9th Cir. 2003) (before a responsive pleading was filed and
before the case was dismissed, the plaintiffs "had an absolute
right to amend their complaint"); *Sanford v. Motts*, 258 F.3d
1117, 1120 (9th Cir. 2001) ([Rule 15(a)] "gives a plaintiff one
opportunity to amend as of right.  The district court [erred by]
not afford[ing] this opportunity."); *Worldwide Church of
God, Inc. v. California*, 623 F.2d 613, 616 (9th Cir. 1980)
("[A] party may, as a matter of right, amend its complaint
once before the filing of a 'responsive pleading' or the entry
of final judgment . . . .").

Thus, it is clear that we routinely have viewed Rule
15(a)(1)'s ability to amend as a right, one which is exhausted
or limited only by the restrictions set forth in the Rule itself.
In other words, before 2009, a plaintiff had the right to amend
his complaint up until the point in time when a responsive
pleading was filed or within twenty days after service of the
pleading if no response was permitted and the case was not

on the trial calendar.  Since 2009, a plaintiff has the right to
amend within twenty-one days of service of the complaint
(15(a)(1)(A)), or within twenty-one days of service of a
responsive pleading or service of a motion under Rule 12(b),
(e), or (f), whichever comes first (15(a)(1)(B)).     The
Plaintiff's 15(a)(2) amendment, filed first in time, cannot be
construed as a waiver or exhaustion of his automatic right to
amend under 15(a)(1), so long as that amendment was timely.

Indeed, it was.  The Defendants' Rule 12(b)(6) and 12(e)
motion was filed on May 22, 2013. Rule 15(a)(1)(B) allowed
the Plaintiff to amend once within twenty-one days after
service of that motion.  The Plaintiff attempted to file his
Second Amended Complaint on June 12, 2013, which was the
twenty-first day after the motion to dismiss was filed.  Hence,
the amendment was timely filed.**[4]**

## IV.

What outcome, then, results when a timely filed Second
Amended Complaint coincides with an unopposed motion to
dismiss?    It is well-established in our circuit that an
"amended complaint supersedes the original, the latter being
treated thereafter as non-existent." *Forsyth v. Humana, Inc.*,
114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation
omitted), *overruled on other grounds by Lacey*, 693 F.3d at
927–28; *see also Valadez-Lopez v. Chertoff*, 656 F.3d 851,
857 (9th Cir. 2011). In other words, "the original pleading no
longer performs any function . . . ." *Ferdik v. Bonzelet*,
963 F.2d 1258, 1262 (9th Cir. 1992).    Consequently, the

---

**[4]** Because the district court rejected the Second Amended Complaint
upon filing, the issue of timeliness was never considered in the court
below, nor is it argued here.

14      RAMIREZ V. CTY. OF SAN BERNARDINO

Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist.  Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it.

We understand that discrete procedural mechanisms converged in this case— the stipulation which resulted in the First Amended Complaint, the motion to dismiss, the proffered Second Amended Complaint, and the lack of opposition to the motion to dismiss.  However, we find that the district court erred in its interpretation of the interplay between Rule 15 and Local Rule 7-12, which deems the lack of opposition as consent to the granting of the motion.  The district court erred in permitting a local rule to trump the governing federal rule.  The application of Local Rule 7-12 resulted in the dismissal of the Plaintiff's case and the concomitant denial of leave to amend, all without considering the legal import of the Second Amended Complaint.  This deprived the Plaintiff of his right to file an amended complaint under Rule 15.  If in conflict, the Local Rule must yield to the federal rule, here Rule 15.  *See Colgrove v. Battin*, 413 U.S. 149, 161 n.18 (1973).  We therefore reverse the district court's grant of the motion to dismiss.

## V.

We decline to address the Plaintiff's request to remand this action to state court.  We generally do not consider arguments raised for the first time on appeal.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).  We have found no record evidence demonstrating that the Plaintiff raised this

issue before the district court, and therefore, we decline to consider it now.

## VI.

For the foregoing reasons, we conclude that the Plaintiff was permitted to file his Second Amended Complaint as a matter of course without seeking leave to amend. Accordingly, we reverse the district court's refusal to recognize the Second Amended Complaint. Because the timely filed Second Amended Complaint mooted the motion to dismiss, we reverse the district court's grant of Defendants' motion to dismiss the superseded First Amended Complaint and the resulting dismissal of the Plaintiff's case. We remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**.

# EXHIBIT D

**Paul Kovner**

| | |
|---|---|
| **From:** | Kenneth Fiorella |
| **Sent:** | Monday, September 19, 2016 9:19 AM |
| **To:** | Paul Kovner |
| **Subject:** | FW: 4366864 - Bowery / Hicham Azkour |
| **Attachments:** | AzkourFirst Amended Complaint.pdf |

**From:** Kenneth Fiorella
**Sent:** Tuesday, September 06, 2016 2:06 PM
**To:** Michael.Adams@everestre.com
**Cc:** Auletta, Anthony (Anthony.Auletta@yorkrsg.com); dalpert@brc.org
**Subject:** 4366864 - Bowery / Hicham Azkour

Mike

As we recently advised, the pro se plaintiff in this matter has filed an amended complaint that names numerous additional parties, including our firm as defendant. The amended pleadings were served following a decision entered by the Second Circuit Court of Appeals. Attached is a copy of the amended complaint for your reference.

In connection therewith, plaintiff has also filed a motion to disqualify our firm as counsel as we are now a defendant in the action.

This will confirm that Everest has no objection to our continuing to represent Bowery Residence Committee Inc. ("BRC"), any named BRC employees and our firm. By copy to Debi Alpert of BRC, we are separately confirming her agreement to the foregoing. Please note that we are going to use this email as an Exhibit to our opposition to the motion. Please also note that we will separately be addressing the merits of the amendment.

If you have any questions, please do not hesitate to contact the undersigned.

Kenneth S. Fiorella, Esq.



Rubin, Fiorella
& Friedman LLP
COUNSELORS AT LAW

630 Third Avenue, 3rd Floor
New York, New York 10017
Phone: (212) 953-2381
Direct: (212) 447-4610
Fax: (212) 953-2462
Email: KFiorella@rubinfiorella.com

1

# EXHIBIT E

**AMANDA LEE, Plaintiff,**

**v.**

**JOEL B. CHARLES, and JOHN W. WANY, Defendants.**

No. 12 Civ. 7374 (JFK).

**United States District Court, S.D. New York.**

October 16, 2013.

# OPINION & ORDER

JOHN F. KEENAN, District Judge.

This Opinion addresses the potential conflict of interest issue first raised sua sponte by the Court in its September 30, 2013 Order. Having considered the parties' submissions and the governing caselaw, the Court concludes that Miller may continue to represent Defendants upon the satisfaction of the conditions set forth below.

## I. Background

In the instant case, Plaintiff Amanda Lee alleges that she was struck by a car owned by Defendant John W. Wany and driven by Defendant Joel B. Charles. Trial is scheduled to begin on November 13, 2013.

Defendants are represented by the same attorney, Christopher Miller of James G. Bilello and Associates. That firm is comprised of attorneys and staff who are all employees of GEICO, the insurer of the car that allegedly hit Plaintiff. On September 30, 2013, this Court issued an Order directing the parties to address the possibility that this dual representation constitutes a conflict of interest. (ECF No. 30.)

## II. Discussion

## A. Summary of Legal Principles

Although a litigant has the right to freely choose his lawyer, a court must balance that right against "the need to maintain the integrity and high standards of the legal profession." Norwind v. Rowland, 584 F.3d 420, 435 (2d Cir. 2009). For guidance on the issue of a New York attorney's potential conflict of interest, the court may look to the New York Rules of Professional Conduct. See id.; Monzon v. United States, No. 13 Civ. 1943, 2013 WL 4804095, at *2 (S.D.N.Y. Sept. 9, 2013). Rule 1.7 states:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that either:
>
> (1) the representation will involve the lawyer in representing differing interests; or
>
> (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may

represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

Comment 23 to this rule further notes, in pertinent part:

[S]imultaneous representation of parties whose interests in litigation may conflict, such as coplaintiffs or co-defendants, is governed by paragraph (a)(1). A conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question. . . . Some examples are those in which a lawyer is asked to represent codefendants in a criminal case, co-plaintiffs or co-defendants in a personal injury case, an insured and insurer, or beneficiaries of the estate of a decedent. In a criminal case, the potential for conflict of interest in representing multiple defendants is so grave that ordinarily a lawyer should decline to represent more than one co-defendant. On the other hand, multiple representation of persons having similar interests in civil litigation is proper if the requirements of paragraph (b) are met.

N.Y. Rules of Prof'l Conduct R. 1.7 cmt. 23 (emphasis added). Where a concurrent conflict of interest exists, the attorney should disclose the conflict to the clients and obtain their informed written consent before the representation begins. See Anderson v. Nassau Cnty. Dep't of Corrections, 376 F. Supp. 2d 294, 299 (E.D.N.Y. 2005) (collecting cases). But see Govias v. Tejada, No. 10 Civ. 3397, 2010 WL 3528869, at *2 (S.D.N.Y. Aug. 30, 2010) (accepting a belated waiver where, "to the extent that the concurrent representation of the defendants in this case poses a conflict, that conflict is waivable").

# B. Counsel's Submissions

Pursuant to the Court's September 30, 2013 Order, counsel for both sides filed briefs addressing the potential conflict of interest on October 8, 2013.

Defense counsel, Christopher Miller of James G. Bilello and Associates, contends that no conflict of interest exists. He argues that Defendants Charles and Wany are united in interest and that they are equally potentially liable as owner and permitted driver of the vehicle involved in the accident. See N.Y. Veh. & Tr. Law § 388. Miller admits that he has never discussed any potential conflict with Defendants, but attests that neither of them has brought it up, either.

Plaintiff's counsel, John P. Bostany, takes a somewhat different view. He raises his suspicion that Defendant Wany's deposition testimony was coached by Miller on the issue of insurance coverage. As a legal matter, he notes several cases involving the concurrent representation of a leased vehicle's driver and owner. Bostany suggests that Miller's representation is a conflict of interest, although he takes no position on whether such a conflict is waivable.

# C. Analysis

This Court raised the conflict issue sua sponte because codefendants to personal injury actions often have divergent interests. This is true even where the law apportions blame to the defendants jointly and severally, as would be the circumstance here,

because the facts of a case may complicate the law's application. As Miller acknowledges, if Defendant Wany had not admitted that he consented to Defendant Charles's use of the vehicle, that issue would have to be explored, as would any contention by Defendant Wany that Defendant Charles was independently negligent. But Miller fails to address the fact that any conflict of interest existed at the outset of this litigation — that is, before Defendants' answer to the complaint (presumably drafted by Miller) and deposition testimony (presumably prepared by Miller) eliminated any defenses that would divide their interests.

Miller urges that a party has "a valued right" to be represented by counsel of his own choosing. See also Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir. 1978) (courts must be "solicitous of a client's right freely to choose his counsel"). As a general proposition, this is true. However, Miller is an employee of GEICO, the insurer of the vehicle involved in the accident. There is nothing in the record or in Miller's letter to indicate that Defendants actually chose him. Under these circumstances, Defendants' "choice" merits relatively little deference when weighed against the Court's obligation to "preserve the integrity of the adversary process." Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979).

The Court is especially troubled by Miller's claims about his relationship with Defendants. He attests that "neither client has raised any issues or questions concerning my representation of each of them at any time or point of this litigation." (Miller Letter at 4.) However, that statement is directly contradicted by his earlier representation to Magistrate Judge Dolinger that "[o]ne of them, whenever I speak to them, feels I'm not working in his best interests." (May 31, 2013 Tr. at 4; see also id. at 12-13.) Miller's conflicting statements raise the disconcerting inference that he has been less than forthright before either this Court or Magistrate Judge Dolinger. Moreover, even if it is true that Defendants have not asked Miller about the concurrent representation, this proves nothing. The responsibility to raise the issue is not the client's but the attorney's, and Miller admits that he has not done so.

Miller has thus placed the Court in a difficult position. On one hand, there is conflicting evidence — at best — as to whether Miller has been candid with his clients and with the Court. On the other hand, the Court is inclined to agree with him that there is presently no conflict between Defendant Charles and Defendant Wany's interests. The Court has found no case where defense counsel was disqualified under similar circumstances.[1] Although Defendants arguably should have been represented by separate counsel before answering the complaint and giving deposition testimony, there is no point in disqualifying Miller at this late hour. Even if Defendants were each to retain new counsel, their prior testimony would estop them from taking contradictory positions now.

Nevertheless, due to the concerns about Miller's representation discussed above, and to ensure compliance with Rule 1.7(b) of the New York Rules of Professional Conduct, the Court concludes that it is necessary to verify independently that Defendants give their informed consent to being represented jointly by Miller. Miller is therefore directed to provide both Defendants with copies of the attorneys' submissions on this issue and of this Order. Miller is further directed to obtain, by sworn affidavit, the written consent of both Defendants to his continued representation. The affidavit must confirm that Defendants (1) have read the submissions and this *Order*; (2) have discussed with Miller the possibility that a conflict of interest may have existed in this case; and (3) consent to his continued representation of both of them, notwithstanding any conflict that may have existed. This affidavit must be filed no later than October 28, 2013 at 5:00 P.M. Such prompt resolution of this issue is necessary so that the Court can rule on the extant motions in this case before the parties' joint pre trial order is submitted.

In the event that Miller does not file the consent affidavit by the date set forth above, the Court will schedule a conference. lure by Defendants to attend the conference may result in the entry of default judgment for Plaintiff in this matter.

SO ORDERED.

[1] The case cited by Plaintiff's counsel, Govias v. Tejada, No. 10 Civ. 3397, 2010 WL 3528869 (S.D.N.Y. Aug. 30, 2010), is distinguishable. There, the alleged conflict arose out of the Graves Amendment, 49 U.S.C. § 30106, "which in certain circumstances precludes the lessor or renter of a vehicle from being held vicariously responsible for the tortious actions of the vehicle's operator." Govias, 2010 WL 3528869, at *2. Several New York courts have held that the Graves Amendment creates a conflict of interest where a lessor defendant seeks to be dismissed from the action, because such dismissal adversely affects the driver by leaving him on the hook for the entire claim. See, e.g.,

<u>Graca v. Krasnik, 872 N.Y.S.2d 690, 2008 WL 2928557, at *2-4 (Sup. Ct. July 28, 2008)</u>. But because Defendant Wany is not "engaged in the trade or business of renting or leasing motor vehicles," § 30106(a)(1), the Graves Amendment and caselaw considering it do not apply to the instant action.