The Hon. Thomas P. Griesa, U.S.D.J.    Hicham Azkour
Daniel Patrick Moynihan                 93 Pitt Street
United States Courthouse                Apt 3B
Courtroom 26B                           New York New York 10002
500 Pearl Street
New York, NY 10007

                                          (917) 859-6555
                                          hicham.azkour@gmail.com

January 4, 2017

Via ECF

Re: *Azkour v. BRC, et al.*, 13-cv-5878-TPG

Dear Judge Griesa:

On January 4, 2017, the City Defendants filed a request seeking time extension to answer or otherwise respond to Plaintiff's First Amended Complaint. *See* Docket Entry No. 136.

Plaintiff does not oppose their request. However, it is clear this request is premature because (1) this Court has not ruled on Plaintiff's motion for reconsideration[1] and (2) the Second Circuit has not resolved Plaintiff's pending petition for a writ of mandamus directing this Court to allow amendment as a matter of course. *See* Fed. R. Civ. P. 15(a)(B).

Moreover, the City Defendants do not support their position that any amendment "beyond the leave to amend afforded by the Second Circuit", *see* footnote No. 2, by any evidence that the Second Circuit prohibited Plaintiff from adding parties or adding

---

[1] It will be a biased decision if the Court promptly grants their request without first resolving Plaintiff's pending motion for reconsideration, which has been pending for months.

1

claims. Furthermore, the Second Circuit's mandate did not prohibit related back amendment as per Fed. R. Civ. P. 15(c).

The City Defendants anticipate that Plaintiff's First Amended Complaint will be dismissed either pursuant to Fed. R. Civ. P. 12(f) or Fed. R. Civ. P. 12(b)(6). Yet, they have heretofore declined to submit a memorandum stating on what legal grounds Plaintiff does not have the right to amend his First Amended Complaint into a Third Amended Complaint as a matter of course.

Their request is just wishful thinking and any motion to dismiss Plaintiff's Third Amended Complaint will be a failed attempt, as was the case with the BRC Defendants' motion to dismiss Plaintiff's Complaint, which was granted by this Court and reversed by the Second Circuit.

Although the City Defendants deny any wrongdoing, *see* attached letter dated December 1, 2016, EXHIBIT A, which is an automatic defense, the evidence, in the least, points to a serious crime of impersonation, which is prohibited and punishable by 18 U.S.C. § 912. The audio recording below proves Plaintiff's allegations of criminal misconduct:

**https://soundcloud.com/user118813203/conversation-with-kim-penater-brittany-nicholson/s-uw8BQ**

Plaintiff's allegations of criminal misconduct are substantiated. And there is more evidence, which Plaintiff will disclose at the time of his choosing, that will graphically show in which manner said misconduct occurred. This is the reason why he requests that the Court refer the City Defendants to the U.S. Attorney's Office for investigation and prosecution.

Being illegally searched by two rogue detectives, namely Defendant Torres and Defendant Posternak, without a valid warrant issued by a judge, and upon probable cause, is a constitutional violation. Plaintiff should not have been subjected

to the unequal protection of the laws just because he is a Muslim resident of New York. EXHIBIT B shows clearly that some citizens' constitutional rights are more protected and are treated differently because of their status.

Impersonating federal agents is a serious offense and this Court has the duty to report crime. As a guardian and instrument of the law, it should not stay unaffected by this reprehensible misconduct.

If the Court declines to refer the City Defendants to the U.S. Attorney's Office, Plaintiff will do as soon as the City Defendants' request for time extension is granted.

**Wherefore**, Plaintiff respectfully requests that the Court grant the City Defendants' request for time extension and refer them to the U.S. Attorney's Office for prosecution.

Respectfully submitted,

Hicham Azkour, *pro se*

