USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/22/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HICHAM AZKOUR,

                Plaintiff,

v.

BOWERY RESIDENTS' COMMITTEE INC., et al.,

                Defendant.

13-cv-5878

**OPINION & ORDER**

Plaintiff Hicham Azkour moves to certify an interlocutory appeal from this court's Memorandum & Order, which granted plaintiff's motion to add new defendants and claims in his First Amended Complaint, but denied his motions for reconsideration and his motion to file a Third Amended Complaint under Rule 15(a)(1). ECF No. 170. Plaintiff contends that this court denied him his right to amend his complaint "once as a matter of course" under Rule 15(a)(1)(B), and that his request for immediate appeal satisfies the criteria set forth in 28 U.S.C. § 1292; ECF No. 172, at 1, 2-3. For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

The court assumes familiarity with the underlying allegations in this case, which are recounted at length in *Azkour v. Bowery Residents' Comm., Inc.*, No. 13-cv-5878, 2015 WL 1344770 (S.D.N.Y. Mar. 23, 2015). To avoid

1

redundancy, the court here incorporates by reference the detailed procedural history of this case set forth in the September 18, 2017 Memorandum & Order that is the subject of plaintiff's motion. *See* ECF No. 170, at 2–5. In that Order, the court addressed (1) plaintiff's First Amended Complaint, which was filed with the court's leave but far exceeded the contemplated scope; (2) plaintiff's motions for reconsideration with respect to the striking of his Second Amended Complaint; and (3) plaintiff's Third Amended Complaint, which plaintiff contends was filed "as a matter of course" under Rule 15(a)(1).

As to the FAC, the court held that while the portions exceeding the scope of its order granting leave to amend were improper, in light of the leniency afforded *pro se* litigants such as plaintiff, the court would construe those portions "as proposals in connection with a motion for leave to amend under Rule 15(a)(2)." ECF No. 170, at 6. Considering Rule 15(a)(2)'s instruction to grant leave to amend freely, the court thus "grant[ed]—albeit retroactively—plaintiff's motion to include new defendants and new claims in his [FAC]." ECF No. 170, at 6. The court denied the motions for reconsideration, finding that plaintiff's bare assertions that he was entitled to file the Second Amended Complaint "as a matter of course" were not viable when his time to file as of right had "expired several years ago." ECF No. 170, at 7. Finally, the court struck plaintiff's Third Amended Complaint, which, in direct contravention of the court's October 5, 2016 order striking his Second Amended Complaint, also failed to comply with the consent or leave requirements of Rule 15(a)(2). ECF No. 170, at 7.

2

Plaintiff now requests that this court certify his interlocutory appeal, on the basis that he was denied the "right to amend [the] First Amended Complaint, once as a matter of course." ECF No. 172, at 1.

**LEGAL STANDARD**

As interlocutory appeals depart from "the basic policy of postponing appellate review until after the entry of final judgment," *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529-30 (S.D.N.Y. 2014), they are "presumptively disfavored." *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (quoting *Garber v. Office of the Comm'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014)). An interlocutory appeal must satisfy all three substantive criteria set forth in 28 U.S. § 1292(b)—the order must (1) "involve[] a controlling question of law," with respect to which (2) "there is a substantial ground for difference of opinion," and the immediate appeal from which (3) "may materially advance the ultimate termination of the litigation."

Section 1292(b) "create[s] a significant hurdle to certification," and the proponent of an interlocutory appeal has the burden of demonstrating that all three of the substantive prerequisites have been met. *In re Facebook*, 986 F. Supp. 2d, at 529-530 (quoting *McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993) (Sotomayor, J.)). Moreover, even when the section 1292(b) prerequisites appear to be satisfied, "district courts have 'unfettered discretion to deny certification' if other factors counsel against it." *Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 351

3

(S.D.N.Y. 2005) (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 162–63 (E.D.N.Y. 1999)). The Second Circuit has thus made clear that the circumstances must be truly exceptional to warrant certification of an interlocutory appeal. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990).

## DISCUSSION

Plaintiffs' objections to the court's September 18, 2017 Memorandum & Order do not implicate a controlling question of law as to which there is a substantial ground for difference of opinion. The law is well-settled with respect to the time a party has to file an amended pleading as of right. Under Federal Rule of Civil Procedure 15(a), "a party may amend its pleading once as a matter of course" either "21 days after serving, or . . . 21 days after a service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, plaintiff's right to amend as a matter of course ended on January 1, 2014—21 days after the Original Defendants filed their Answer.

Plaintiff claims that he was denied the right to amend his First Amended Complaint "once as a matter of course," pursuant to Rule 15(a)(1). At the outset, the court notes that the phrase plaintiff emphasizes in his motion— "once as a matter of course"—cannot be read in a vacuum; rather, it is subject to the time limits that immediately follow. *See* Fed. R. Civ. P. 15(a)(1)(A)–(B). In other words, Rule 15(a)(1) does not allow a party to retain a one-time option to

4

"amend . . . as a matter of course" in perpetuity, but limits that option to the 21-day window set forth in Rule 15(a)(1)(B). Thus, plaintiff's statement regarding "evidence that he has never amended his complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B)" does not constitute a controlling question of law. ECF No. 172, at 2. The right does not survive the applicable limitations period, even if unexercised.[1] Indeed, many plaintiffs fail to amend their complaints under this provision. Such plaintiffs, however, are far from out of luck, as Rule 15(a)(2) provides ample opportunity for amendment "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

To that end, plaintiff has had multiple opportunities to amend his pleading. First, the FAC was itself the product of the court's order granting plaintiff *leave to amend. See* ECF No. 67, at 1 ("[T]he Second Circuit instructed this court to allow plaintiff to *amend his complaint* as to his claims under 42 U.S.C. § 1981 and the Fair Housing Act.") (emphasis added). The court understands plaintiff to object to the limited scope of the court's leave to amend. That order, however, was the direct result of the Second Circuit's "instructions to allow Azkour to amend his complaint *as to these [the 42 U.S.C. § 1981 and Fair Housing Act] claims.*" ECF No. 66, at 3-4. The limits this court placed on plaintiff's ability to amend his complaint were thus in accordance with the scope of the mandate from the Second Circuit.

---

[1] Moreover, defendants' various responsive pleadings did not start new 21-day periods. *See* Fed. R. Civ. P. 15(a) advisory committee's notes on the 2009 Amendments ("The 21-day periods to amend once as a matter of course . . . are not cumulative.").

Second, and notwithstanding these limits, plaintiff was well aware of his ability to properly amend his pleading pursuant to Rule 15(a)(2), as the court stated explicitly in its October 5, 2016 order striking his Second Amended Complaint. ECF No. 102, at 1. Nevertheless, plaintiff disregarded the court's order, and filed a Third Amended Complaint having obtained neither consent nor leave to do so. ECF No. 153 (Stricken Document).

Perhaps most importantly, however, the Memorandum & Order that is the subject of this appeal, *granted* plaintiff's motion to include the new defendants and new claims that were improperly included in his FAC. ECF No. 70, at 6. Thus, the amendments that plaintiff claims he has prevented from making were granted in the very Memorandum & Opinion that he is appealing.

## CONCLUSIONS

Because this case does not present extraordinary circumstances warranting an interlocutory appeal under 28 U.S.C. § 1292(b), the court denies plaintiff's motion for certification.

SO ORDERED.

Dated: New York, New York
       September 22, 2017

_____
Thomas P. Griesa
U.S. District Judge